1   Kelly M. Dermody (SBN 171716)
    Jahan C. Sagafi (SBN 224887)
2   LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
3   275 Battery Street, 30th Floor
    San Francisco, CA 94111-3339
4   Telephone: (415) 956-1000
    Facsimile: (415) 956-1008
5   E-Mail: kdermody@lchb.com
    E-Mail: jsagafi@lchb.com
6
    James M. Finberg (SBN 114850)
7   ALTSHULER BERZON LLP
    177 Post Street, Suite 300
8   San Francisco, CA 94108                    *E-filing*
    Telephone: (415) 421-7151
9   Facsimile: (415) 362-8064
    E-Mail: jfinberg@altshulerberzon.com
10
    *Attorneys for Plaintiff and the proposed Class*
11                                                            **BZ**

12              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
13              SAN FRANCISCO / OAKLAND DIVISION

14  AHMED HIGAZI, on behalf of himself      Case No. **C 07 2813**
    and a class of those similarly situated,
15
                Plaintiff,                   **COMPLAINT FOR VIOLATIONS OF
16                                           FLSA, ERISA, AND CALIFORNIA WAGE
         v.                                  AND HOUR LAWS; CLAIMS FOR
17                                           DAMAGES, RESTITUTION AND
    CADENCE DESIGN SYSTEMS, INC.,            INJUNCTIVE RELIEF**
18
                Defendant.                   **COLLECTIVE ACTION**
19
                                             **CLASS ACTION**
20
                                             **DEMAND FOR JURY TRIAL**
21

22

23

24

25

26

27

28

616024.2                    COLLECTIVE ACTION & CLASS ACTION COMPLAINT –
                             FLSA, ERISA, & CALIFORNIA LAW

Plaintiff Ahmed Higazi ("Plaintiff") alleges, on behalf of himself and a class of those similarly situated, as follows:

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and Section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1).

2.      This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

3.      In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's California wage and hour law claims, because those claims derive from a common nucleus of operative fact.

4.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      The Northern District of California has personal jurisdiction over Cadence Design Systems, Inc. ("Defendant" or "Cadence"), because it is headquartered in San Jose, California, is doing business in California, and in this district, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial part of the events giving rise to the claims occurred in this District.

7.      Intradistrict assignment:  Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San Francisco / Oakland Division is proper.  Plaintiff performed work from his home and an office in Alameda County.  A substantial part of the events giving rise to Plaintiff's claims occurred in Alameda County.

COLLECTIVE ACTION & CLASS ACTION COMPLAINT - FLSA, ERISA, & CALIFORNIA LAW

**SUMMARY OF CLAIMS**

8.      Plaintiff was employed by Cadence as a former Systems Engineer. Systems Engineers at Cadence have the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Cadence. They were and/or are misclassified by Cadence as exempt from the overtime provisions of the FLSA and/or the applicable state wage and hour laws of California, as described below.

9.      Plaintiff brings this action on behalf of himself and all persons who were, are, or will be employed by Cadence nationwide as a Systems Engineer in various roles, including but not limited to (a) UNIX Systems Administrator, (b) Windows Systems Administrator, (c) Network Administrator, (d) Storage Administrator, (e) Help Desk Support, (f) Telecom Administrator, (g) Web Administrator, (h) Database Administrator, and (i) Systems Analyst (equipment/inventory control) (collectively, the "Class Positions"), at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by Cadence as exempt from overtime pay under federal law. This group is hereinafter referred to as the "Nationwide FLSA Collective Plaintiffs."

10.     Plaintiff also brings this action on behalf of all persons who were, are, or will be employed by Cadence in California in the Class Positions (hereinafter "the California Class"), at any time within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "California Class Period"), and who were, are, or will be improperly misclassified as exempt from overtime pay under California law.

11.     Plaintiff also brings this action on behalf of himself and all persons who were, are, or will be employed by Defendant nationwide in the Class Positions within the six years prior to this action's filing date through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be improperly classified as exempt from overtime pay under applicable state and federal laws, and who were, are, or will be covered by the Cadence Design Systems, Inc. 401(k) Plan ("the 401(k) Plan") (hereinafter "the ERISA Class").

616024.2

COLLECTIVE ACTION & CLASS ACTION COMPLAINT –
FLSA, ERISA, & CALIFORNIA LAW

12.    At all relevant times, Defendant has been the plan sponsor of the 401(k) Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). On information and belief, Defendant has exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under the 401(k) Plan, thereby making it a fiduciary of that plans within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

13.    On information and belief, Defendant, at all relevant times, has been and continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the administrator of the 401(k) Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

14.    At all relevant times, Plaintiff was an employee of Defendant, within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and a participant in the 401(k) Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

15.    Cadence unlawfully classifies Plaintiff, the Nationwide FLSA Collective Plaintiffs, and the California Class members as exempt from overtime payments under federal and California Laws, despite the fact that they are not exempt. Plaintiff, the Nationwide FLSA Collective Plaintiffs, and the California Class members worked overtime hours, as defined by the applicable federal and California laws, and are and have been entitled to premium compensation at one and one-half times the regular hourly rate ("overtime compensation") for those hours, and at twice the regular hourly rate for some overtime hours.

16.    Cadence has willfully refused to pay Plaintiff, Nationwide FLSA Collective Plaintiffs, and the California Class members the required overtime compensation for overtime hours worked, and has failed to keep time records as required by law.

17.    Defendant has failed to keep records of Plaintiff's and the ERISA Class's overtime work. In doing so, Defendant has failed to comply with ERISA's requirement that they maintain records sufficient to determine benefits due or which may become due under the 401(k) Plan, as required under ERISA § 209, 29 U.S.C. § 1059.

- 3 -            COLLECTIVE ACTION & CLASS ACTION COMPLAINT –
                                                            FLSA, ERISA, & CALIFORNIA LAW

18.     Defendant has failed to credit Plaintiff and the ERISA Class for overtime work as Compensation under the 401(k) Plan. In doing so, Defendant has violated ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

19.     Defendant's practices violate the FLSA, ERISA, and the California laws pled herein. Plaintiff seeks injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Cadence, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

**THE PARTIES**

20.     Plaintiff Ahmed Higazi was employed by Cadence in San Jose, California from approximately 1999 to September 2004 as a Systems Engineer. Mr. Higazi worked as a UNIX Engineer, and had the primary duties of installing, maintaining, and supporting computer software and/or hardware. During that time he resided in Pleasanton, California. He worked for Cadence in a Class Position during the FLSA Class Period, the ERISA Class Period, and the California Class Period. Mr. Higazi worked hours in excess of forty hours per week and in excess of eight hours per day, without receiving overtime compensation as required by both California and federal law.

21.     Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b) and 256.

22.     Defendant Cadence is a computer hardware and software company that provides computer services throughout the United States and the world. Its corporate headquarters are located in San Jose, California, and it is incorporated in Delaware. The practices described herein were performed in Cadence's offices in this district and throughout the United States.

**COLLECTIVE ACTION ALLEGATIONS**

23.     Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Nationwide FLSA Collective Plaintiffs.

1    24.    Plaintiff and Nationwide FLSA Collective Plaintiffs are similarly situated

2    in that they have substantially similar job requirements and pay provisions, and are subject to

3    Defendant Cadence's common practice, policy, or plan of unlawfully characterizing Nationwide

4    FLSA Collective Plaintiffs as exempt employees and refusing to pay them overtime in violation

5    of the FLSA.

6    25.    The First Claim for Relief for violations of the FLSA may be brought and

7    maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b),

8    since the claims of the Plaintiff are similar to the claims of the members of the Nationwide FLSA

9    Collective Plaintiffs.

10    26.    The names and addresses of the Nationwide FLSA Collective Plaintiffs are

11    available from Cadence's records. Notice should be provided to the Nationwide FLSA Collective

12    Plaintiffs via both first class mail and posting in the offices where they have worked as soon as

13    possible.

14    **CALIFORNIA CLASS ACTION ALLEGATIONS**

15    27.    Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Claims for

16    Relief for violation of California's wage and hour and unfair competition laws as a class action,

17    pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members,

18    defined in paragraph 10.

19    28.    The California Class is so numerous that joinder of all members is

20    impracticable. Plaintiff is informed and believe, and on that basis alleges, that during the

21    California Class Period Defendant Cadence has employed at least one hundred persons who

22    satisfy the definition of the California Class.

23    29.    Common questions of law and fact exist as to members of the California

24    Class, including, but not limited to, the following:

25        a.    Whether Defendant unlawfully failed to pay overtime compensation

26    in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*,

27    and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226,

28    510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4-2001.

1             b.    Whether Plaintiff and the California Class members are non-exempt

2    employees entitled to overtime compensation for overtime hours worked under the overtime pay

3    requirements of California law;

4             c.    Whether Cadence's policy and practice of classifying the California

5    Class members as exempt from overtime entitlement under California law and Cadence's policy

6    and practice of failing to pay overtime to the California Class members violate applicable

7    provisions of California law, including applicable statutory and regulatory authority;

8             d.    Whether Cadence unlawfully failed to keep and furnish California

9    Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

10             e.    Whether Cadence's policy and practice of failing to pay its

11    employees all wages due within the time required by law after their employment ended violates

12    California law; and

13             f.    The proper measure of damages sustained and the proper measure

14    of restitution recoverable by members of the California Class.

15        30.    Plaintiff's claims are typical of the California Class members' claims.

16    Plaintiff, like other California Class members, was subjected to Cadence's policy and practice of

17    refusing to pay overtime in violation of California law. Plaintiff's job duties were typical of those

18    of other California Class members.

19        31.    Plaintiff will fairly and adequately represent and protect the interests of the

20    California Class. Plaintiff has retained counsel competent and experienced in complex class

21    actions, the FLSA and state labor and employment litigation.

22        32.    Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for

23    Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Cadence has acted or refused to

24    act on grounds generally applicable to the California Class, making appropriate declaratory and

25    injunctive relief with respect to Plaintiff and the California Class members as a whole. Plaintiff

26    and the California Class members are entitled to injunctive relief to end Cadence's common and

27    uniform practice of failing to properly compensate its employees for all overtime work performed

28    for the benefit of Cadence.

33.     Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Cadence's common and uniform policies and practices unlawfully treat members of the California Class as exempt from overtime pay requirements.  The damages suffered by individual California Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Cadence's practices.

34.     Plaintiff intends to send notice to all members of the California Class as required by Fed. R. Civ. P. 23.

**ERISA CLASS ACTION ALLEGATIONS**

35.     Plaintiff brings the Seventh and Eighth Claims for Relief for violation of ERISA as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(1), and/or (b)(2), on behalf of all ERISA Class members, defined in paragraph 11.

36.     The ERISA Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, that during the ERISA Class Period, Defendant employed over 100 persons who satisfy the definition of the ERISA Class.

37.     Questions of law and fact common to the ERISA Class as a whole include, but are not limited to, the following:

a.     Whether Defendant failed and continues to fail to maintain accurate records of actual time worked and wages earned by Plaintiff and the ERISA Class;

b.     Whether Defendant failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiff and the ERISA Class;

c.     Whether Defendant has violated and continues to violate ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

d.     Whether Defendant credited Plaintiff and the ERISA Class with all Compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as required by ERISA;

e.     Whether Defendant violated ERISA's fiduciary standards by its failure to credit Plaintiff and the ERISA Class with all Compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as required by ERISA; and

38.     Plaintiff's claims are typical of those of the ERISA Class. Plaintiff, like all other ERISA Class members, was subject to Defendant's policies and practices of failing to record overtime worked, and Defendant's policy and practice of failing to credit all overtime compensation earned or owning as Compensation under the 401(k) Plan.

39.     Plaintiff will fairly and adequately represent and protect the interests of the ERISA Class. Plaintiff has retained counsel competent and experienced in complex class actions and ERISA.

40.     Class certification of the Seventh and Eighth Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the ERISA Class as a whole.

41.     Plaintiff intends to send notice to all members of the ERISA Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*,**
**Brought by Plaintiff on Behalf of**
**Himself and the Nationwide FLSA Collective Plaintiffs)**

42.     Plaintiff, on behalf of himself and all Nationwide FLSA Collective Plaintiffs, realleges and incorporates by reference paragraphs 1 through 41 as if they were set forth again herein.

43.     At all relevant times, Cadence has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Cadence has employed, and continues to employ, "employee[s]," including Plaintiff, and each of the collective Nationwide FLSA Collective Plaintiffs. At all relevant times, Cadence has had gross operating revenues in excess of $500,000.

44.     Attached hereto is the Consent to Sue form signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as plaintiffs on this claim in the future.

45.     The FLSA requires each covered employer, including Defendant Cadence, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

46.     The Nationwide FLSA Collective Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

47.     At all relevant times, Cadence, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Collective Plaintiffs for their hours worked in excess of forty hours per week.

48.     By failing to compensate Plaintiff and the Nationwide FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Cadence has violated, and continues to violate, the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

49.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Nationwide FLSA Collective Plaintiffs, Cadence has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

1    50.    The foregoing conduct, as alleged, constitutes a willful violation of the

2    FLSA within the meaning of 29 U.S.C. § 255(a).

3    51.    Plaintiff, on behalf of himself and the Nationwide FLSA Collective

4    Plaintiffs, seeks recovery of attorneys' fees and costs of action to be paid by Cadence, as provided

5    by the FLSA, 29 U.S.C. § 216(b).

6    52.    Plaintiff, on behalf of himself and Nationwide FLSA Collective Plaintiffs,

7    seeks damages in the amount of their respective unpaid overtime compensation, liquidated

8    damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and

9    equitable relief as the Court deems just and proper.

10    **SECOND CLAIM FOR RELIEF**
    **(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194,**
11    **Brought by Plaintiff**
    **on Behalf of Himself and the California Class)**
12

13    53.    Plaintiff, on behalf of himself and all members of the California Class,

14    realleges and incorporates by reference paragraphs 1 through 52 as if they were set forth again

15    herein.

16    54.    California law requires an employer, such as Defendant, to pay overtime

17    compensation to all non-exempt employees for all hours worked over forty per week, or over

18    eight per day.

19    55.    Plaintiff and the California Class members are non-exempt employees

20    entitled to be paid overtime compensation for all overtime hours worked.

21    56.    Throughout the California Class Period, and continuing through the

22    present, Plaintiff and the California Class members worked in excess of eight hours in a workday

23    and/or forty hours in a workweek. Plaintiff and certain California Class members also worked in

24    excess of twelve hours in a workday.

25    57.    During the California Class Period, Defendant misclassified Plaintiff and

26    the California Class members as exempt from overtime pay entitlement and failed and refused to

27    pay them overtime premium pay for their overtime hours worked.

28

58.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CLAIM FOR RELIEF**
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
**Brought by Plaintiff**
**on Behalf of Himself and the California Class)**

59.    Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 58 as if they were set forth again herein.

60.    California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

61.    Plaintiff and all California Class members who ceased employment with Cadence are entitled to unpaid compensation, but to date have not received such compensation.

62.    More than thirty days have passed since Plaintiff and certain California Class members left Defendant's employ.

63.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and California Class members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
(California Record-Keeping Provisions,
Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,
Brought by Plaintiff
on Behalf of Himself and the California Class)

64.     Plaintiff, on behalf of himself and all members of the California Class,
realleges and incorporates by reference paragraphs 1 through 63 as if they were set forth again
herein.

65.     Defendant knowingly and intentionally failed to provide timely, accurate,
itemized wage statements including, inter alia, hours worked, to Plaintiff and California Class
members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure
caused injury to Plaintiff and California Class members, by, among other things, impeding them
from knowing the amount of wages to which they are and were entitled.  At all times relevant
herein, Defendant has failed to maintain records of hours worked by Plaintiff and California Class
members as required under Labor Code § 1174(d).

66.     Plaintiff and California Class members are entitled to and seek injunctive
relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek
the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual
damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one
hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FIFTH CLAIM FOR RELIEF**
(California Meal And Rest Period Provisions,
Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,
Brought by Plaintiff
on Behalf of Himself and the California Class)

67.     Plaintiff, on behalf of himself and all members of the California Class,
realleges and incorporates by reference paragraphs 1 through 66 as if they were set forth again
herein.

68.     Plaintiff and California Class members regularly work and have worked in
excess of five-hour shifts without being afforded at least a half-hour meal break in which they
were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-
2001, § 11(a).

1    69.    In addition, Plaintiff and California Class members regularly work and

2    have worked without being afforded at least one ten-minute rest break, in which they were

3    relieved of all duty, per four hours of work performed or major fraction thereof, as required by

4    Labor Code §§ 226.7 and Wage Order No. 4-2001, § 12.

5    70.    As a result of Defendant's failure to afford proper meal periods, it is liable

6    to Plaintiff and the California Class members for one hour of additional pay at the regular rate of

7    compensation for each workday that the proper meal periods were not provided, pursuant to

8    Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

9    71.    As a result of Defendant's failure to afford proper rest periods, it is liable to

10   Plaintiff and the California Class members for one hour of additional pay at the regular rate of

11   compensation for each workday that the proper rest periods were not provided, pursuant to Labor

12   Code § 226.7 and Wage Order No. 4-2001, § 12(b).

13                                   **SIXTH CLAIM FOR RELIEF**
         **(California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*,**
14                                    **Brought by Plaintiff**
                           **on Behalf of Himself and the California Class)**
15

16   72.    Plaintiff, on behalf of himself and all members of the California Class,

17   realleges and incorporates by reference paragraphs 1 through 71 as if they were set forth again

18   herein.

19   73.    The foregoing conduct, as alleged, violates the California Unfair

20   Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  Section 17200 of the Cal.

21   Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair

22   business acts or practices.

23   74.    Beginning at a date unknown to Plaintiff, but at least as long ago as four

24   years before the filing of this action, Defendant committed, and continues to commit, acts of

25   unfair competition, as defined by the UCL, by, among other things, engaging in the acts and

26   practices described herein.  Defendant's conduct as herein alleged has injured Plaintiff and the

27   California Class by wrongfully denying them earned wages, and therefore was substantially

28   injurious to Plaintiff and to the California Class.

616024.2                              - 13 -        COLLECTIVE ACTION & CLASS ACTION COMPLAINT -
                                                    FLSA, ERISA, & CALIFORNIA LAW

75.     Defendant engaged in unfair competition in violation of the UCL by

violating, *inter alia*, each of the following laws. Each of these violations constitutes an

independent and separate violation of the UCL:

> a.     The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

> b.     California Labor Code § 1194;

> c.     California Labor Code §§ 201, 202, 203, 204, and 226;

> d.     California Labor Code § 1174; and

> e.     California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any
> work in excess of 40 hours in any one workweek and the
> first eight hours worked on the seventh day of work in any
> one workweek shall be compensated at the rate of no less
> than one and one-half times the regular rate of pay for an
> employee. Any work in excess of 12 hours in one day shall
> be compensated at the rate of no less than twice the regular
> rate of pay for an employee. In addition, any work in
> excess of eight hours on any seventh day of a workweek
> shall be compensated at the rate of no less than twice the
> regular rate of pay of an employee.

76.     Defendant's course of conduct, acts, and practices in violation of the

California laws mentioned in the above paragraph constitute a separate and independent violation

of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or

otherwise significantly threatens or harms competition.

77.     The unlawful and unfair business practices and acts of Defendant,

described above, have injured the California Class members in that they were wrongfully denied

the payment of earned overtime wages.

78.     Plaintiff, on behalf himself and the California Class members, seeks

recovery of attorneys' fees and costs of this action to be paid by Cadence, as provided by the

UCL and California Labor Code §§ 218, 218.5, and 1194.

79.     Plaintiff, on behalf of himself and the California Class, seeks restitution in

the amount of the respective unpaid wages earned and due at a rate not less than one and one-half

times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight

1  hours in a day, and double the regular rate of pay for work performed in excess of twelve hours

2  per day.

### SEVENTH CLAIM FOR RELIEF
#### (ERISA § 502(a)(3) Based on Failure to Maintain Records
#### Brought by Plaintiff
#### on Behalf of Himself and the ERISA Class)

6        80.    Plaintiff, on behalf of himself and the ERISA Class, realleges and

7  incorporates by reference paragraphs 1 through 79 as if they were set forth again herein.

8        81.    ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer

9  which sponsors an employee benefit plan maintain records with respect to each of its employees

10  sufficient to determine the benefits due or which may become due to such employees.

11        82.    On information and belief, the 401(k) Plan is an employee pension benefit

12  plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan

13  within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

14        83.    Pursuant to the terms of the 401(k) Plan, employees' rights to share in the

15  contributions to the Plan are dependent, in part, on their Compensation, which is defined by

16  Section 1.1(j) of the Plan's governing instrument to include, among other things, employees'

17  overtime wages.

18        84.    By its failure to record and/or report all of the hours worked by Plaintiff

19  and members of the prospective ERISA Class, Defendant has failed to maintain records with

20  respect to each of its employees sufficient to determine the benefit accrual rights of 401(k) Plan

21  participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

22        85.    In order to remedy this violation of ERISA by Defendant, Plaintiff on

23  behalf of himself and members of the ERISA Class seeks injunctive relief, and such other

24  equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA,

25  29 U.S.C. § 1132(a)(3).

26        86.    Plaintiff on behalf of himself and members of the ERISA Class seeks

27  recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by

28  Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

### EIGHTH CLAIM FOR RELIEF
#### (ERISA § 1001 *et seq.*,
#### Brought by Plaintiff
#### on Behalf of Himself and the ERISA Class)

87.    Plaintiff, on behalf of himself and the ERISA Class, realleges and incorporates by reference paragraphs 1 through 86 as if they were set forth again herein.

88.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

89.    On information and belief, Article 5 and Article 6 of the governing instrument of the 401(k) Plan confers on Defendant discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in that regard.

90.    On further information and belief, Defendant has exercised actual discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited under the 401(k) Plan.  By reason of the exercise of such discretion, Defendant has been a fiduciary of that plan with respect to the crediting of compensation.

91.    Defendant has breached its fiduciary duties by failing to credit compensation due for overtime performed by the Plaintiff and the members of the ERISA Class as Compensation under the 401(k) Plan.

92.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Plaintiff on behalf of himself and all members of the ERISA Class seeks an injunction requiring Defendant to credit all members of the ERISA Class with Compensation under the 401(k) Plan for all of the

1  past and future overtime work performed by those Class members and any such other equitable

2  relief as this Court deems appropriate.

3          93.      Plaintiff on behalf of himself and members of the ERISA Class, seek

4  recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by

5  Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

6                              **PRAYER FOR RELIEF**

7          WHEREFORE, Plaintiff on behalf of himself and all members of the Nationwide

8  FLSA Class, prays for relief as follows:

9          A.      Designation of this action as a collective action on behalf of the

10  Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice

11  pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class,

12  apprising them of the pendency of this action, and permitting them to assert timely FLSA claims

13  in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

14          B.      Designation of Plaintiff as Representative of the Nationwide FLSA

15  Collective Plaintiffs;

16          C.      A declaratory judgment that the practices complained of herein are

17  unlawful under the FLSA;

18          D.      An award of damages, according to proof, including liquidated damages, to

19  be paid by Defendant;

20          E.      Costs of action incurred herein, including expert fees;

21          F.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

22          G.      Post-Judgment interest, as provided by law; and

23          H.      Such other legal equitable relief as this Court deems necessary, just, and

24  proper.

25          WHEREFORE, Plaintiff on behalf of himself and all members of the California

26  Class, prays for relief as follows:

27          I.      Certification of this action as a class action on behalf of the California

28  Class;

1      J. Designation of Plaintiff as the California Class Representative;

2      K. A declaratory judgment that the practices complained of herein are

3   unlawful under California law;

4      L. Appropriate equitable and injunctive relief to remedy Defendant's

5   violations of California law, including but not necessarily limited to an order enjoining Defendant

6   from continuing its unlawful practices;

7      M. Appropriate statutory penalties;

8      N. Damages and restitution, including waiting time penalties, meal and rest

9   break violation payments, record-keeping penalties, and overtime wages to be paid by Defendant

10   according to proof;

11      O. Pre-Judgment and Post-Judgment interest, as provided by law;

12      P. Such other injunctive and equitable relief as the Court may deem just and

13   proper; and

14      Q. Attorneys' fees and costs of suit, including expert fees and fees.

15      WHEREFORE, Plaintiff on behalf of himself and all members of the ERISA

16   Class, pray for relief as follows:

17      R. Certification of this action as a class action on behalf of the proposed

18   ERISA Class;

19      S. Designation of Plaintiff as Representative of the ERISA Class;

20      T. A declaration that the practices complained of herein violate ERISA

21   § 209(a), 29 U.S.C. § 1129(a);

22      U. Appropriate equitable and injunctive relief to remedy Defendant's

23   violations of ERISA § 209(a);

24      V. A declaration that Defendant has breached its fiduciary duties by failing to

25   credit the Plaintiff and the ERISA Class with Compensation for all work performed, as required

26   by ERISA and the terms of the 401(k) Plan;

27

28

616024.2     - 18 -   COLLECTIVE ACTION & CLASS ACTION COMPLAINT –
                        FLSA, ERISA, & CALIFORNIA LAW

1              W.    An order requiring that Defendant remedy its breaches of fiduciary duty by

2    crediting Plaintiff and the ERISA Class with Compensation for all of their past, present, and

3    future uncompensated work;

4              X.    Attorneys' fees and costs of suit; and

5              Y.    Such other injunctive and equitable relief as the Court may deem

6    necessary, just, and proper.

7                                Respectfully submitted,

8

9    Dated: May 30, 2007    By: _____
                                            Kelly M. Dermody

10

11                           Kelly M. Dermody (SBN 171716)
                        Jahan C. Sagafi (SBN 224887)

12                           LIEFF, CABRASER, HEIMANN &
                          BERNSTEIN, LLP

13                           275 Battery Street, 30th Floor
                        San Francisco, CA 94111-3339

14                           Telephone: (415) 956-1000
                        Facsimile: (415) 956-1008
                        E-Mail: kdermody@lchb.com

15                           E-Mail: jsagafi@lchb.com

16                           James M. Finberg (SBN 114850)
                        ALTSHULER BERZON LLP

17                           177 Post Street, Suite 300
                        San Francisco, CA 94108

18                           Telephone: (415) 421-7151
                        Facsimile: (415) 362-8064

19                           E-Mail: jfinberg@altshulerberzon.com

20                           *Attorneys for Plaintiff and the proposed Class*

21

22

23

24

25

26

27

28

616024.2

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial on all causes of action and claims with respect

3

to which he has a right to jury trial.

4

Respectfully submitted,

5

6   Dated: May 30, 2007                    By: _____

Kelly M. Dermody

7

8   Kelly M. Dermody (SBN 171716)
Jahan C. Sagafi (SBN 224887)

9   LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

10   275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

11   Telephone: (415) 956-1000
Facsimile: (415) 956-1008

12   E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

13   James M. Finberg (SBN 114850)
ALTSHULER BERZON LLP

14   177 Post Street, Suite 300
San Francisco, CA 94108

15   Telephone: (415) 421-7151
Facsimile: (415) 362-8064

16   E-Mail: jfinberg@altshulerberzon.com

17   *Attorneys for Plaintiff and the proposed Class*

18

19

20

21

22

23

24

25

26

27

28

616024.2

- 20 -

COLLECTIVE ACTION & CLASS ACTION COMPLAINT –
FLSA, ERISA, & CALIFORNIA LAW