M. KIRBY C. WILCOX (SB# 078576)  kirbywilcox@paulhastings.com
THOMAS E. GEIDT (SB# 080955)  tomgeidt@paulhastings.com
MOLLY A. HARCOS (SB# 233556)  mollyharcos@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
CADENCE DESIGN SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AHMED HIGAZI, on behalf of himself and a class of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CADENCE DESIGN SYSTEMS, INC.,<br><br>Defendant. | CASE NO. C 07 2813<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS** |

TO PLAINTIFF AHMED HIGAZI AND TO HIS ATTORNEYS OF RECORD:

Defendant CADENCE DESIGN SYSTEMS, INC. ("Defendant") hereby answers and pleads in response to Plaintiff AHMED HIGAZI's complaint ("Complaint") as follows:

**JURISDICTION AND VENUE**

1.      Answering Paragraph 1, Defendant admits that this case arises under the federal statutes specified therein, but denies that it has violated any such statutes.

2.      Answering Paragraph 2, Defendant lacks sufficient knowledge or information to form a belief as to whether some members of the class have a different citizenship from Defendant, or whether there are 100 or more members in the proposed class, and on that

1  basis denies this allegation.  Defendant expressly denies that it bears liability to the class in excess

2  of the statutory minimum.  Except as expressly denied, Paragraph 2 of the Complaint consists of

3  legal conclusions to which no response is required.

4          3.      Answering Paragraph 3, Defendant lacks sufficient knowledge or

5  information to form a belief as to whether Plaintiff's claims derive from a common nucleus of

6  operative fact, and on that basis denies this allegation.  Except as expressly denied, Paragraph 3 of

7  the Complaint consists of legal conclusions to which no response is required.

8          4.      Paragraph 4 of the Complaint consists of legal conclusions to which no

9  response is required.

10         5.      Answering Paragraph 5, Defendant admits that it is headquartered in San

11  Jose, and that it is doing business in California and in this district.  Defendant denies each and

12  every remaining allegation set forth in Paragraph 5 of the Complaint.

13         6.      Answering Paragraph 6, Defendant lacks sufficient knowledge or

14  information to admit or deny the allegations contained therein, and on that basis denies the

15  allegations.

16         7.      Answering Paragraph 7, Defendant lacks sufficient knowledge or

17  information to admit or deny whether Plaintiff performed any sporadic work from his home

18  and/or in an office in Alameda County.  Defendant avers that it employed Plaintiff to work at its

19  facilities in San Jose, California.  Defendant expressly denies each and every remaining allegation

20  set forth in Paragraph 7 of the Complaint.

21                          **SUMMARY OF CLAIMS**

22         8.      Answering Paragraph 8, Defendant admits that it employed Plaintiff and

23  that some of the employees at Cadence perform work that includes installing, maintaining, and/or

24  supporting computer software and/or hardware for Cadence.  Defendant denies each and every

25  remaining allegation contained in this paragraph.  Except as expressly admitted or denied,

26  Paragraph 8 of the Complaint consists of legal conclusions to which no response is required.

27         9.      Answering Paragraph 9, Defendant denies that it misclassified Plaintiff or

28  any other employee.  Defendant further denies the existence of a class or that class litigation of

Plaintiff's claims is appropriate.  Defendant lacks sufficient knowledge or information to form a belief as to the persons on whose behalf Plaintiff purports to bring this action, and on that basis denies this and each and every remaining allegation contained in this paragraph.

10.     Answering Paragraph 10, Defendant denies that it misclassified Plaintiff or any other employee.  Defendant further denies the existence of a class or that class litigation of Plaintiff's claims is appropriate.  Defendant lacks sufficient knowledge or information to form a belief as to the persons on whose behalf Plaintiff brings this action, and on that basis denies this and each and every remaining allegation contained in this paragraph.

11.     Answering Paragraph 11, Defendant denies that it misclassified Plaintiff or any other employee.  Defendant further denies the existence of a class or that class litigation of Plaintiff's claims is appropriate.  Defendant lacks sufficient knowledge or information to form a belief as to the persons on whose behalf Plaintiff brings this action, and on that basis denies this and each and every remaining allegation contained in this paragraph.

12.     Answering Paragraph 12, Defendant admits that it maintains a 401(k) Plan for certain eligible employees.  Except as so admitted, Paragraph 12 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies each and every remaining allegation contained in this paragraph.

13.     Answering Paragraph 13, Defendant admits that it is an employer and that it maintains a 401(k) Plan for certain eligible employees.  Except as so admitted, Paragraph 13 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies each and every remaining allegation contained in this paragraph.

14.     Answering Paragraph 14, Defendant admits that Plaintiff was an employee of Cadence for a small portion of the purported class period and participated in Cadence's 401(k) Plan.  Except as so admitted, Paragraph 14 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies each and every remaining allegation contained in this paragraph.

15.    Defendant admits that Plaintiff and some other employees of Defendant occasionally worked more than 8 hours in a day and/or 40 hours in a week.  Except as so admitted, Defendant denies each and every remaining allegation contained in this paragraph.

16.    Defendant denies each and every allegation contained in paragraph 16.

17.    Defendant denies each and every allegation contained in paragraph 17.

18.    Answering Paragraph 18, Defendant admits that it does not credit non-exempt employees for overtime credit under the 401(k) Plan.  Defendant denies that Plaintiff and/or the alleged putative class members are eligible for overtime credit under the 401(k) Plan, and Defendant denies each and every remaining allegation contained in this paragraph.

19.    Answering Paragraph 19, Defendant admits that Plaintiff seeks the relief specified therein, but denies that Plaintiff is entitled to any such relief and otherwise denies each and every remaining allegation contained in this paragraph.

## THE PARTIES

20.    Answering Paragraph 20, Defendant admits it employed Plaintiff in San Jose, California from approximately 1999 to August 2004, that his duties at certain times included installing, maintaining, and supporting computer software and/or hardware, among other duties, that there may have been instances in which Plaintiff worked more than 40 hours in a week or more than 8 hours in a day, and that Plaintiff did not receive overtime compensation because he was ineligible for such compensation.  Defendant lacks sufficient knowledge of information to admit or deny whether Plaintiff resided in Pleasanton, California, throughout the time period alleged, and on that basis denies this allegation.  Except as so admitted and denied, Defendant denies each and every remaining allegation contained in this paragraph.

21.    Answering Paragraph 21, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies the allegations, except that Defendant expressly denies that it has committed any violations of the FLSA.

22.    Answering Paragraph 22, Defendant admits that it is engaged in the business of providing hardware and software methodologies and services throughout the United

1  States and the world, that its corporate headquarters are located in San Jose, California, and that it

2  is incorporated in Delaware.  Except as so admitted, Defendant denies each and every remaining

3  allegation contained in this paragraph.

4  **COLLECTIVE ACTION ALLEGATIONS**

5         23.  Answering Paragraph 23, Defendant admits that Plaintiff purports to bring

6  his claims under the statute cited therein, but denies that Plaintiff or any of the putative class

7  members are entitled to relief under that statute.

8         24.  Defendant denies each and every allegation contained in paragraph 24.

9         25.  Defendant denies each and every allegation contained in paragraph 25.

10         26.  Answering Paragraph 26, Defendant admits that it maintains records of the

11  names and last known addresses of its employees.  Except as so admitted, Defendant denies each

12  and every remaining allegation contained in this paragraph.

13  **CALIFORNIA CLASS ACTION ALLEGATIONS**

14         27.  Answering Paragraph 27, Defendant admits that Plaintiff purports to bring

15  the claims for relief specified therein, but denies that Plaintiff is entitled to any such relief.

16         28.  Answering Paragraph 28, Defendant lacks sufficient knowledge or

17  information to admit or deny the allegations contained therein, and on that basis denies each and

18  every allegation contained in this paragraph.

19         29.  Answering Paragraph 29, Defendant denies each and every allegation

20  contained in this paragraph.

21         30.  Answering Paragraph 30, Defendant denies each and every allegation

22  contained in this paragraph.

23         31.  Answering Paragraph 31, Defendant admits that Plaintiff's counsel are

24  competent and experienced in complex class actions, the FLSA and state labor and employment

25  litigation.  Except as so admitted, Defendant denies the existence of a class, denies that class

26  litigation of Plaintiff's claims is appropriate, and otherwise denies each and every allegation

27  contained in this paragraph.

28

1    32.    Answering Paragraph 32, Defendant denies each and every allegation

2    contained in this paragraph.

3    33.    Answering Paragraph 33, Defendant denies each and every allegation

4    contained in this paragraph.

5    34.    Answering Paragraph 34, Defendant admits that Plaintiff intends to send

6    notice to putative class members, but denies that the sending of such notice is appropriate.

7    **ERISA CLASS ACTION ALLEGATIONS**

8    35.    Answering Paragraph 35, Defendant admits that Plaintiff purports to bring

9    the claims specified therein, but denies that Plaintiff is entitled to any such relief.

10    36.    Answering Paragraph 36, Defendant lacks sufficient knowledge or

11    information to admit or deny the allegations contained therein, and on that basis denies each and

12    every allegation contained in this paragraph.

13    37.    Answering Paragraph 37, Defendant denies each and every allegation

14    contained in this paragraph.

15    38.    Answering Paragraph 38, Defendant denies each and every allegation

16    contained in this paragraph.

17    39.    Answering Paragraph 39, Defendant admits that Plaintiff's counsel are

18    competent and experienced in complex class actions and ERISA.  Except as so admitted,

19    Defendant denies the existence of a class, denies that class litigation of Plaintiff's claims is

20    appropriate, and otherwise denies each and every allegation contained in this paragraph.

21    40.    Answering Paragraph 40, Defendant denies each and every allegation

22    contained in this paragraph.

23    41.    Answering Paragraph 41, Defendant admits that Plaintiff intends to send

24    notice to putative class members, but denies that the sending of such notice is appropriate.

25

26

27

28

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"),**
**Brought by Plaintiff on Behalf of**
**Himself and the Nationwide FLSA Collective Plaintiffs)**

42.     Answering Paragraph 42, Defendant incorporates by reference its responses to paragraphs 1 through 41 as though fully set forth herein.

43.     Answering Paragraph 43, Defendant admits that it is an employer, that it produces goods, that it has had annual gross operating revenues in excess of $500,000 at all times relevant to the Complaint, and that it has employed Plaintiff and other employees at times relevant to the Complaint.  Defendant denies the existence of a collective Nationwide FLSA collective class or that a collective action for Plaintiff's claims is appropriate.  Except as expressly admitted or denied, Paragraph 43 of the Complaint consists of legal conclusions to which no response is required.

44.     Answering Paragraph 44, Defendant denies that a Consent to Sue form signed by the Plaintiff in this action was attached to the copy of the Complaint that was served on Defendant.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 44, and on that basis denies those allegations.

45.     Paragraph 45 of the Complaint consists of legal conclusions to which no response is required.

46.     Answering Paragraph 46, Defendant denies each and every allegation contained in this paragraph.

47.     Answering Paragraph 47, Defendant denies each and every allegation contained in this paragraph.

48.     Answering Paragraph 48, Defendant denies each and every allegation contained in this paragraph.

49.     Answering Paragraph 49, Defendant denies each and every allegation contained in this paragraph.

50.     Answering Paragraph 50, Defendant denies each and every allegation contained in this paragraph.

1        51.    Answering Paragraph 51, Defendant admits that Plaintiff seeks recovery of

2    attorneys' fees and costs, but denies that Plaintiff is entitled to such relief.

3        52.    Answering Paragraph 52, Defendant admits that Plaintiff seeks the relief

4    specified therein but denies that Plaintiff is entitled to such relief.

5    **SECOND CLAIM FOR RELIEF**

6    **(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194,**
**Brought by Plaintiff**
**on Behalf of Himself and the California Class)**

7

8        53.    Answering Paragraph 53, Defendant incorporates by reference its

9    responses to paragraphs 1 through 52 as though fully set forth herein.

10       54.    Paragraph 54 of the Complaint consists of legal conclusions to which no

11   response is required.

12       55.    Answering Paragraph 55, Defendant denies each and every allegation

13   contained in this paragraph.

14       56.    Answering Paragraph 56, Defendant admits that there may have been some

15   instances in which Plaintiff and other employees have worked more than 40 hours in a week,

16   more than 8 hours in a day, and/or more than 12 hours in a day.  Except as so admitted, Defendant

17   denies each and every remaining allegation contained in this paragraph.

18       57.    Answering Paragraph 57, Defendant denies each and every allegation

19   contained in this paragraph.

20       58.    Answering Paragraph 58, Defendant denies each and every allegation

21   contained in this paragraph.

22   **THIRD CLAIM FOR RELIEF**

23   **(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
**Brought by Plaintiff**
**on Behalf of Himself and the California Class)**

24

25       59.    Answering Paragraph 59, Defendant incorporates by reference its

26   responses to paragraphs 1 through 58 as though fully set forth herein.

27       60.    Paragraph 60 of the Complaint consists of legal conclusions to which no

28   response is required.

1    61.    Answering Paragraph 61, Defendant denies each and every allegation

2    contained in this paragraph.

3    62.    Answering Paragraph 62, Defendant admits that more than 30 days have

4    passed since Plaintiff and certain other employees left their employment with Defendant.  Except

5    as so admitted, Defendant denies each and every remaining allegation contained in this paragraph.

6    63.    Answering Paragraph 63, Defendant denies each and every allegation

7    contained in this paragraph.

8    **FOURTH CLAIM FOR RELIEF**
     **(California Record-Keeping Provisions,**

9    **Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,**
     **Brought by Plaintiff**

10   **on Behalf of Himself and the California Class)**

11   64.    Answering Paragraph 64, Defendant incorporates by reference its

12   responses to paragraphs 1 through 63, as though full set forth herein.

13   65.    Answering Paragraph 65, Defendant denies each and every allegation

14   contained in this paragraph.

15   66.    Answering Paragraph 66, Defendant admits that Plaintiff seeks the relief

16   specified therein, but denies that Plaintiff is entitled to such relief.

17   **FIFTH CLAIM FOR RELIEF**
     **(California Meal And Rest Period Provisions,**

18   **Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,**
     **Brought by Plaintiff**

19   **on Behalf of Himself and the California Class)**

20   67.    Answering Paragraph 67, Defendant incorporates by reference its

21   responses to paragraphs 1 through 66 as though fully set forth herein.

22   68.    Answering Paragraph 68, Defendant denies each and every allegation

23   contained in this paragraph.

24   69.    Answering Paragraph 69, Defendant denies each and every allegation

25   contained in this paragraph.

26   70.    Answering Paragraph 70, Defendant denies each and every allegation

27   contained in this paragraph.

28

1    71.    Answering Paragraph 71, Defendant denies each and every allegation

2    contained in this paragraph.

3                            **SIXTH CLAIM FOR RELIEF**
     **(California Unfair Competition Law, Cal. Bux. & Prof. Code § 17200 *et seq.*,**
4                             **Brought by Plaintiff**
                   **on Behalf of Himself and the California Class)**
5

6    72.    Answering Paragraph 72, Defendant incorporates by reference its

7    responses to paragraphs 1 through 71 as though fully set forth herein.

8    73.    Answering Paragraph 73, Defendant denies each and every allegation

9    contained in this paragraph.  The second sentence of Paragraph 73 consists of legal conclusions to

10   which no response is required.

11   74.    Answering Paragraph 74, Defendant denies each and every allegation

12   contained in this paragraph.

13   75.    Answering Paragraph 75, Defendant denies each and every allegation

14   contained in this paragraph.

15   76.    Answering Paragraph 76, Defendant denies each and every allegation

16   contained in this paragraph.

17   77.    Answering Paragraph 77, Defendant denies each and every allegation

18   contained in this paragraph.

19   78.    Answering Paragraph 78, Defendant admits that Plaintiff seeks recovery of

20   attorneys' fees and costs, but denies that Plaintiff is entitled to such relief.

21   79.    Answering Paragraph 79, Defendant admits that Plaintiff seeks the relief

22   specified therein, but denies that Plaintiff is entitled to such relief.

23                           **SEVENTH CLAIM FOR RELIEF**
              **(ERISA § 502(a)(3) Based on Failure to Maintain Records**
24                            **Brought by Plaintiff**
                   **on Behalf of Himself and the ERISA Class)**
25

26   80.    Answering Paragraph 80, Defendant incorporates by reference its

27   responses to paragraphs 1 through 79 as though fully set forth herein.

28

1    81.    Paragraph 81 of the Complaint consists of legal conclusions to which no

2    response is required.

3    82.    Paragraph 82 of the Complaint consists of legal conclusions to which no

4    response is required.

5    83.    Answering Paragraph 83, Defendant admits that its 401(k) Plan defines

6    Compensation, in the case of certain eligible non-exempt employees, to include overtime wages,

7    among other things.  Except as so admitted, Defendant denies each and every remaining

8    allegation contained in this paragraph.

9    84.    Answering Paragraph 84, Defendant denies each and every allegation

10    contained in this paragraph.

11    85.    Answering Paragraph 85, Defendant admits that Plaintiff seeks the relief

12    specified therein, but denies that Plaintiff is entitled to such relief.

13    86.    Answering Paragraph 86, Defendant admits that Plaintiff seeks attorneys'

14    fees and costs, but denies that Plaintiff is entitled to such relief.

15    **EIGHTH CLAIM FOR RELIEF**
**(ERISA § 101 *et seq.*,**
16    **Brought by Plaintiff**
**on Behalf of Himself and the ERISA Class)**
17

18    87.    Answering Paragraph 87, Defendant incorporates by reference its

19    responses to paragraphs 1 through 86 as though fully set forth herein.

20    88.    Paragraph 88 of the Complaint consists of legal conclusions to which no

21    response is required.

22    89.    Answering Paragraph 89, Defendant admits that Articles 5 and 6 of the

23    401(k) Plan confer certain authority and responsibility on Defendant with respect to the

24    administration of the Plan.  Except as so admitted, Paragraph 89 of the Complaint consists of

25    legal conclusions to which no response is required.

26    90.    Answering Paragraph 90, Defendant admits that it has exercised certain

27    authority and responsibility with respect to the administration of its 401(k) Plan.  Except as so

28

1   admitted, Paragraph 90 of the Complaint consists of legal conclusions to which no response is

2   required.

3         91.    Answering Paragraph 91, Defendant denies each and every allegation

4   contained in this paragraph.

5         92.    Answering Paragraph 92, Defendant admits that Plaintiff seeks the relief

6   specified therein, but denies that Plaintiff is entitled to such relief.

7         93.    Answering Paragraph 93, Defendant admits that Plaintiff seeks attorneys'

8   fees and costs, but denies that Plaintiff is entitled to such relief.

9         94.    Responding to the Prayer for Relief in the Complaint, Defendant denies

10   that Plaintiff, or the class of persons he purports to represent, have been or will be damaged in the

11   sums alleged, in any other sum, or at all, by reason of any act or omission of Defendant, or any

12   officer, agent or employee of Defendant, or that they are entitled to any of the relief sought in

13   their Prayer for Relief.

14   **AFFIRMATIVE DEFENSES**

15   **FIRST AFFIRMATIVE DEFENSE**

16         95.    The Complaint, and each purported claim alleged therein, fails to state a

17   claim upon which relief can be granted.

18   **SECOND AFFIRMATIVE DEFENSE**

19         96.    Plaintiff is not similarly situated to other members of the classes of persons

20   he purports to represent, the existence of which is expressly denied, and Plaintiff is therefore an

21   inadequate representative for the classes of persons he purports to represent.

22   **THIRD AFFIRMATIVE DEFENSE**

23         97.    The Complaint, and each purported claim contained therein, is barred, at

24   least in part, by applicable statutes of limitation, including but not limited to 29 U.S.C. § 255, Cal.

25   Civ. Proc. Code §§ 337(1), 338 (a), 339, 340; Cal. Bus. & Prof. Code § 17208, and other

26   applicable laws.

27

28

1

**FOURTH AFFIRMATIVE DEFENSE**

2          98.    The Complaint, and each purported claim for relief alleged therein, is

3   barred because any recovery from Defendant would result in the unjust enrichment of Plaintiff

4   and the classes of persons he purports to represent.

5

**FIFTH AFFIRMATIVE DEFENSE**

6          99.    Plaintiff's claims alleging equitable relief are barred because Plaintiff and

7   the classes of persons he purports to represent have an adequate and complete remedy at law.

8

**SIXTH AFFIRMATIVE DEFENSE**

9          100.    Plaintiff fails to satisfy the prerequisites for class certification and,

10  therefore, cannot represent the interests of others.

11

**SEVENTH AFFIRMATIVE DEFENSE**

12         101.    Plaintiff lacks standing to assert the legal rights or interests of others.

13

**EIGHTH AFFIRMATIVE DEFENSE**

14         102.    Plaintiff's claims alleged on behalf of himself and the classes of persons he

15  purports to represent are matters as to which individual questions predominate and, accordingly,

16  are not appropriate for class treatment.

17

**NINTH AFFIRMATIVE DEFENSE**

18         103.    The claims alleged by Plaintiff are neither common to nor typical of those,

19  if any, of the classes of persons he purports to represent.

20

**TENTH AFFIRMATIVE DEFENSE**

21         104.    Certain of the interests of the classes of persons Plaintiff purports to

22  represent are in conflict with the interests of all or certain sub-groups of the alleged classes of

23  persons he purports to represent.

24

**ELEVENTH AFFIRMATIVE DEFENSE**

25         105.    The classes of persons Plaintiff purports to represent are not so numerous

26  that joinder is impracticable.

27

28

**TWELFTH AFFIRMATIVE DEFENSE**

106.    Plaintiff has not shown and cannot show that class treatment of the claims alleged herein is superior to other methods of adjudicating this controversy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

107.    Because liability or damages, if any, to each member of the classes of persons Plaintiff purports to represent may not be determined by a single jury or on a class-wide basis, allowing this action to proceed as a class action would violate Defendant's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

108.    Plaintiff's purported claim for relief under California Business & Professions Code section 17200 *et seq.*, is barred because the remedy for such actions is limited to restitution and injunctive relief, and the relief sought by Plaintiff constitutes damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

109.    Plaintiff's claims for damages, including those on behalf of himself and the classes of persons he purports to represent, are barred to the extent that they are speculative in nature and/or not allowed under California Business & Professions Code section 17200 *et seq.*

**SIXTEENTH AFFIRMATIVE DEFENSE**

110.    The Complaint is barred because Plaintiff and the classes of persons he purports to represent were properly classified as exempt from the overtime provisions of the FLSA, California Industrial Welfare Commission Wage Orders, and California law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

111.    The Complaint, and each claim for relief contained therein, is barred by the doctrine of *res judicata* to the extent any member of the purported classes pursued and resolved to final judgment any claim alleged in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

112.    There may be individuals in the classes of persons Plaintiff purports to represent, including Plaintiff, whose claims are barred because of prior settlement agreements and/or releases covering all or some of the purported causes of action alleged in the Complaint.

1

### NINETEENTH AFFIRMATIVE DEFENSE

2          113.    Some or all of the disputed time for which Plaintiff and the classes of

3   persons he purports to represent seek recovery of wages purportedly owed is not compensable

4   pursuant to the *de minimis* doctrine.

5

### TWENTIETH AFFIRMATIVE DEFENSE

6          114.    With respect to some or all of the claims brought by Plaintiff and the

7   classes of persons he purports to represent, any of Defendant's act(s) and/or omission(s) which

8   may be found to be in violation of the rights afforded by the California Labor Code and/or the

9   FLSA were not willful but rather Defendant's acts and/or omissions occurred in good faith and

10  were based upon reasonable belief that it was in compliance with such laws.

11

### TWENTY-FIRST AFFIRMATIVE DEFENSE

12         115.    The Complaint, and each purported claim for relief contained therein, is

13  barred in whole or in part because Plaintiff and the classes of persons he purports to represent

14  misperformed their respective duties and failed to perform those duties which Defendant

15  realistically expected each to perform.

16

### TWENTY-SECOND AFFIRMATIVE DEFENSE

17         116.    The Complaint, and each purported claim for relief contained therein, is

18  barred in whole or in part because, to the extent Plaintiff and the classes of persons he purports to

19  represent worked any hours for which they were not paid, such time was worked without the

20  knowledge or approval of Defendant's managers.

21

### TWENTY-THIRD AFFIRMATIVE DEFENSE

22         117.    Plaintiff's claim under Labor Code section 226 is barred on the grounds

23  that there was no "knowing and intentional failure" on Defendant's part to provide proper

24  itemized earnings statements, nor did Plaintiff or the classes of person he purports to represent

25  suffer injury as a result of any alleged violation of Labor Code section 226.

26

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

27         118.    Plaintiff's claim for waiting time penalties, and that of the classes of

28  persons he purports to represent, are barred because any failure to pay wages was not willful

1   within the meaning of California Labor Code section 203, and at all relevant times there has

2   existed a good faith factual and/or legal dispute as to the matters which are the subject of

3   Plaintiff's Complaint.

4                    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

5          119.    Plaintiff and the classes of persons he purports to represent are barred from,

6   and have waived, any recovery for penalties under the Private Attorney General ("PAG") Act,

7   including but not limited to penalties available under California Labor Code sections 203, 204,

8   226, 226.7, 510, 512, and 1174(d), because Plaintiff has failed to pursue and exhaust his

9   administrative remedies under the PAG Act.  Cal. Lab. Code § 2699 *et seq.*

10                   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

11         120.    Neither Plaintiff nor the classes of persons Plaintiff purports to represent,

12  the existence of which are expressly denied, may recover liquidated damages, to the extent such

13  are sought in Plaintiff's Complaint, because (1) Defendant and its officers, directors, managers or

14  agents acted in good faith and did not commit any willful violation of any of the provisions of the

15  FLSA and/or the California Labor Code; (2) Defendant (including its officers, directors,

16  managers and agents) did not authorize or ratify any willful violation with respect to Plaintiff, or

17  any alleged group member; and (3) Plaintiff has failed to plead facts sufficient to support

18  recovery of such damages.

19         WHEREFORE, Defendant prays for judgment as follows:

20         1.    That class certification be denied;

21         2.    That Plaintiff and the classes of persons he purports to represent take

22  nothing by reason of the Complaint, that the Complaint be dismissed in its entirety with prejudice,

23  and that judgment be entered for Defendant;

24         3.    That Defendant be awarded its reasonable costs and attorneys' fees; and

25         4.    That Defendant be awarded such other and further relief as the Court

26  deems just and proper.

27  ///

28

Case No. C 07 2813                          -16-              DEFENDANT'S ANSWER TO PLAINTIFF'S
LEGAL_US_W # 56456523.5                                                              COMPLAINT

1

## **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2

3
            Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-16,

4
Defendant Cadence Design Systems, Inc. certifies that the following listed persons, associations

5
of person, firms, partnerships, corporations (including parent corporations) or other entities (i)

6
have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii)

7
have a non-financial interest in that subject matter or in a party that could be substantially

8
affected by the outcome of this proceeding:  Franklin Resources, Inc., a publicly-traded

9
corporation, owns more than 10% of Defendant's stock.

10    DATED:  June 20, 2007              PAUL, HASTINGS, JANOFSKY & WALKER LLP

11

12                                       By:_____/s/_____
13                                                MOLLY A. HARCOS

14                                       Attorneys for Defendant
                                         CADENCE DESIGN SYSTEMS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28