1  M. KIRBY C. WILCOX (SB# 078576) kirbywilcox@paulhastings.com
   THOMAS E. GEIDT (SB# 080955) tomgeidt@paulhastings.com
2  MOLLY A. HARCOS (SB# 233556) mollyharcos@paulhastings.com
   ANDREA M. LINDEMANN (SB# 244937) andrealindemann@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
4  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
5  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
6
   Attorneys for Defendant
7  CADENCE DESIGN SYSTEMS, INC.

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12

13  AHMED HIGAZI, on behalf of himself         CASE NO. 3:07-CV-02813 BZ
    and a class of those similarly situated,
                                               **DEFENDANT'S MEMORANDUM OF
14               Plaintiff,                    POINTS AND AUTHORITIES IN
                                               SUPPORT OF ITS MOTION FOR
15      vs.                                    INTRADISTRICT VENUE TRANSFER**

16  CADENCE DESIGN SYSTEMS, INC.,
                                               Date:     August 22, 2007
17               Defendant.                    Time:     10:00 a.m.
                                               Ct. Rm.:  G, 14th Fl.
18                                             Judge:    Hon. Bernard Zimmerman

19
                                               [LOCAL RULE 3-2]
20

21

22

23

24

25

26

27

28

CASE NO. 3:07-CV-02813 BZ                          DEFENDANT'S MPA RE MOTION FOR
LEGAL_US_W # 56495272.2                            INTRADISTRICT VENUE TRANSFER

## I. INTRODUCTION

This is an employment case in which an employee who was employed in San Jose, California sues his former employer, a San Jose company, for allegedly-unpaid overtime wages and other alleged wage-hour violations. Plaintiff Ahmed Higazi worked for Cadence Design Systems, Inc. ("Cadence") in its Information Technology ("IT") Department in San Jose. Plaintiff's employment had no particular connection to the counties that comprise the San Francisco/Oakland Divisions of the Northern District of California. He was not required or expected to perform any work for Cadence in those counties at any relevant times herein (the period from May 30, 2003 to the present). The pertinent witnesses who know about his job duties—Plaintiff's managers and co-workers—and documents and files pertinent to his claims are located in San Jose. Therefore, Cadence now asks the Court to transfer this case to the San Jose Division pursuant to Local Rule 3-2 and 28 U.S.C. section 1404(a), because the case arose in San Jose. Additionally, a transfer of this action to the San Jose Division would best serve the interests of justice and the convenience of the parties and witnesses.

## II. UNDER THE LOCAL RULES OF THIS DISTRICT, THIS ACTION BELONGS IN THE SAN JOSE DIVISION.

A civil action that arises in Santa Clara County *shall* be assigned to the San Jose Division. L.R. 3-2(e). "A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred . . . ." L.R. 3-2(c). "Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule, . . . the Judge may order such a transfer . . . ." L.R. 3-2(f).

This case arises in San Jose. For Plaintiff's entire employment, Cadence assigned him to work at its San Jose facility. Supporting Declaration of Denise Mooradian ("Mooradian Decl.") ¶ 5. Cadence never transferred or assigned him to any other location on any regular basis. *Id.* The particular Cadence departments that Plaintiff oversaw and/or interacted with on a daily basis were

located in San Jose. Supporting Declarations of Kanishka de Lanerolle ("Lanerolle Decl.") ¶ 3, and Sheryl Sweazey-Root ("Sweazey-Root Decl.") ¶ 3.

Because Plaintiff's employment was located in San Jose, the witnesses to his work schedule, meal and rest breaks, job duties, and level of responsibility were his co-workers and managers located at Cadence's San Jose facility. In addition, the personnel files for all employees are located in San Jose. Mooradian Decl. ¶ 6.

Plaintiff's Complaint alleges, among other things, that Cadence failed to maintain records as required by ERISA and breached its fiduciary duties under ERISA. Cadence's pertinent ERISA plan documents and related files all are located in San Jose. Mooradian Decl. ¶ 7.

It is difficult to imagine what information is located in the San Francisco/Oakland Divisions that is in any way relevant to the "events or omissions" giving rise to the lawsuit. Plaintiff alleges that intradistrict venue is proper in the San Francisco/Oakland Divisions because "Plaintiff performed work from his home and an office in Alameda County. A substantial part of the events giving rise to Plaintiff's claims occurred in Alameda County." Compl. ¶ 7. Not so.

First, no substantial part of the events giving rise to Plaintiff's claims occurred in Alameda County. Lanerolle Decl. ¶ 4, Sweazey-Root Decl. ¶ 3. If Plaintiff performed any work outside of San Jose, it was sporadic and did not occur at management's direction. *Id.* Moreover, even if Plaintiff occasionally performed some work tasks from home or from another location in Alameda County, this in no way establishes that his claims "arose" in Alameda County. *See Dudash v. Varnell Struck & Assocs.*, No. C-04-2478-MHP, 2004 U.S. Dist. LEXIS 24872, at *13 (N.D. Cal. Nov. 16, 2004) ("[Plaintiff]'s description of one or more brief episodes of employment in this district over a two year period, as well as conference calls with [defendant's] employees located in Northern California, does not suggest a critical mass of witnesses or parties to this dispute that will be more conveniently accessed locally."). The *Dudash* court stated, "[i]n

1  fact, this court is at a loss to identify parties, witnesses, or items of evidence that are pertinent to
2  [plaintiff's] claims which would be more conveniently accessed in this district." *Id.* at *13.

4  The same is true here.  Consequently, the Court should exercise its authority under L.R. 3-
5  2(f) to transfer this action to the San Jose Division, where the events and omissions giving rise to
6  the lawsuit actually occurred.  L.R. 3-2.  *See also Zachary v. Custom Pad & Partition*, No. C01-
7  2060 BZ, 2001 U.S. Dist. LEXIS 17441, at *1 (N.D. Cal. Oct. 12, 2001) (granting defendant's
8  motion for intradistrict transfer of venue under L.R. 3-2 to the San Jose Division where both the
9  plaintiff and defendant resided); *Collins v. Home Depot*, No. C 97-1593 FMS, 1997 U.S. Dist.
10 LEXIS 6964, at *1 (N.D. Cal. May 14, 1997) (granting defendant's motion to transfer action to
11 the San Jose Division because plaintiff's place of employment and his residence were located in
12 Santa Cruz County; thus, "a substantial portion of the events giving rise to plaintiff's claim
13 occurred in the jurisdiction of the San Jose Division")

### III. A TRANSFER WOULD SERVE THE CONVENIENCE OF THE PARTIES AND WITNESSES AND THE INTERESTS OF JUSTICE.

Additionally, the Court should transfer the action because it serves the convenience of the parties and the interests of justice to hear the action in the San Jose Division, where the vast majority of the witnesses, files and evidence are located.  L.R. 3-2(f).

Moreover, the federal venue statute, 28 U.S.C. section 1404, provides additional authority for transferring this case to the San Jose Division.  Section 1404 provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or *division* where it might have been brought."  28 U.S.C. section 1404(a) (emphasis added).  As the considerations for a transfer based on convenience are the same under Local Rule 3-2 as under 28 U.S.C. section 1404(a), it is appropriate to analyze these factors simultaneously under both authorities.[1]  *See United States v. All Funds etc.,* 319 F.

---

[1] A threshold requirement for transferring venue under 28 U.S.C. § 1404(a) is that the plaintiff must have been capable of bringing the action in the transferee court.  28 U.S.C. § 1404(a).  The

Supp. 2d 290, 292-93 (E.D.N.Y. 2004) (analyzing an intradistrict transfer under both the applicable local rule and 28 U.S.C. section 1404).

The decision to change venue is committed to the sound discretion of the trial court. *E.g., Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (affirming trial court's discretionary transfer of action to New York; citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). In exercising its discretion, the court considers the relative public and private interests in transfer. *See Jones*, 211 F.3d at 498. Thus, a court may consider a plaintiff's choice of forum; the parties' contact with the forum; the relationship between the plaintiff's cause of action and the chosen forum; the relative inconvenience of litigation in the two fora; the availability of witnesses, including unwilling non-party witnesses; and the ease of access to sources of proof. *Id.*

The statutory basis for transfer under Section 1404 and the basis for transfer under Local Rule 3-2 articulate three determinative factors: the convenience the parties, the convenience of witnesses, and the interests of justice. 28 U.S.C. section 1404(a); L.R. 3-2(f). Here, all three factors favor transfer of this litigation to the San Jose Division.

**A.     Transfer to the San Jose Division Will Serve the Convenience of the Parties.**

Cadence has a substantial interest in litigating in the San Jose Division. Among the factors courts should consider in weighing the relative convenience of the transferee and transferor fora are the relative ease of access to sources of proof, the cost of securing willing and unwilling witnesses, the convenience to those witnesses, and the practical problems that make a case easier or more difficult to try in a given forum. *See Decker Coal Co. v. Commonwealth*

---

Supreme Court has interpreted this provision to require that the transferee court have jurisdiction over the parties and the dispute, and to require proof that venue would have been proper there at the time suit was filed. *See Hoffman v. Blaski*, 363 U.S. 335 (1960). In this case, there is no question that the San Jose Division of the Northern District has personal jurisdiction over Plaintiff and Cadence, that it has subject matter jurisdiction over Plaintiff's claims, and that venue there is proper.

1  *Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (reasoning that venue was proper where the claim
2  arose).

4  While San Francisco, Oakland, and San Jose may be relatively close in proximity,
5  transporting witnesses and files to San Francisco will needlessly disrupt Cadence's operations.
6  *See English v. United Brands Co.*, No. C-74-1614-CBR, 1974 U.S. Dist. LEXIS 11702, at *4
7  (N.D. Cal. Dec. 6, 1974) (ordering transfer of case to from Northern to Central District based on
8  finding that "maintenance of the pending action in this Court will be substantially disruptive of
9  defendants' business operations and will make discovery extremely burdensome").  As the court
10 held in *Fabus Corp. v. Asiana Express Corp.,* No C-00-3172 PHJ, 2001 U.S. Dist. LEXIS 2568
11 (N.D. Cal. Mar. 5, 2001), when it transferred a case from the Northern District to the Central
12 District, "a trial venue located in the Central District would certainly be more convenient for
13 witnesses than a trial in San Francisco," and "a trial in the Central District would take less time
14 away from work for said parties' employees, some of whom will likely be significant to this
15 litigation." *Id.* at *6.

17 The same is true here.  It will be seriously inconvenient for Cadence to defend a putative
18 class action in San Francisco, given that Plaintiff's claims have no nexus to this forum.

20 As for the convenience of Plaintiff, he has already demonstrated the relative convenience
21 of traveling to San Jose by working there on a daily basis for over eight years.  Moordian Decl. ¶
22 5;  Lanerolle Decl. ¶ 3.

24            1.    **Plaintiff's Choice of Forum Is Entitled to Little Deference.**

25 Defendant recognizes that section 1404 will not be used to shift the inconvenience of
26 litigation from one party to another.  *See, e.g., Decker Cole Co.*, 805 F.2d at 843; *Crosfield*
27 *Hastech, Inc. v. Harris Corp.*, 672 F. Supp. 580, 589 (D.N.H. 1987) ("Transfer is inappropriate if
28 the effect is merely to shift inconvenience from the defendant to the plaintiff.").  The plaintiff's

choice of forum is generally given substantial weight in deciding the balance of convenience and the propriety of transfer. *See Decker Coal Co.*, 805 F.2d at 843. The weight of plaintiff's selection is not boundless, however, and its weight corresponds directly to the plaintiff's legitimate interest in the chosen forum.

          a.    **The Majority of the Putative Class Works in San Jose.**

Here, Plaintiff sues not only on his own behalf, but on behalf of other putative class members. As Plaintiff recognizes, "[i]t is likely that other similarly situated individuals will sign consent forms and join as plaintiffs on this [FLSA overtime] claim in the future." Compl. ¶ 44. As here, when the plaintiff sues on behalf of a putative class, the plaintiff's choice of forum receives little deference at all. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (district court did not abuse discretion in granting transfer; "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, Lou's choice is entitled to only minimal consideration."). *See also Williams v. Sears Roebuck & Co.*, No. C 97-3794 FMS, 1998 U.S. Dist. LEXIS 1859, at *3 (N.D. Cal. Jan. 29, 1998) ("There is little deference given to choice of forums by plaintiff representing a nationwide class.").

Out of Cadence's entire IT population in the United States, only *one* person works in the San Francisco/Oakland Divisions. Mooradian Decl. ¶ 13. In stark contrast, the number of U.S. IT employees within the area encompassed by the San Jose Division equals 63.93% of Cadence's total IT population nationwide. Mooradian Decl. ¶ 13. As in *Dudash*, any interest the San Francisco/Oakland Divisions have "pales in comparison" to that of the San Jose Division, "where the class representative and the majority of the other class members allege labor violations." *Dudash*, 2004 U.S. Dist. LEXIS 24872, at *13.

          b.    **There Is No Connection Between Plaintiff's Claims and the San Francisco/Oakland Divisions.**

Courts afford little deference where there is an attenuated or non-existent connection

1  between the plaintiff's claims and his chosen forum.  Thus, any deference this Court should

2  afford to Plaintiff's choice of the San Francisco Division is diminished given that the actions and

3  conduct giving rise to his claims occurred in the San Jose Division.  *See Pac. Car & Foundry Co.*

4  *v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the

5  forum of original selection and that forum has no particular interest in the parties or the subject

6  matter, the plaintiff's choice is entitled only to minimal consideration."); *Stuart v. Mobile ESPN*,

7  No. C 06-02094 SI, 2006 U.S. Dist. LEXIS 63120, at *8 (N.D. Cal. August 18, 2006) (finding

8  that the district where the plaintiffs brought their complaint had little interest in the subject matter

9  of the complaint and therefore affording minimal weight to plaintiffs' choice of forum).

10

11  While Plaintiff resides in Alameda County, this fact cannot outweigh the significance that

12  the claims arise in San Jose and the witnesses are located in San Jose.  In *Hitch v. Simplex*

13  *Grinnell,* No. C 05-03235 MHP, 2005 U.S. Dist. LEXIS 25216, at *2-3 (N.D. Cal. Oct. 26,

14  2005), the Northern District *sua sponte* transferred a class action to the Southern District using

15  the authority of Local Rule 3-2.  Despite the fact that the plaintiff resided in the Northern District,

16  the court nonetheless transferred the action to the Southern District because there were minimal

17  contacts of the parties with the Northern District: "all of the individual plaintiffs, with the

18  exception of Timothy Hitch, are the same as those in the related action and . . . are employed in

19  and are residents of the Southern District."  *Id.* at *3.

20
21      **B.**    <u>**Transfer Will Serve the Convenience of Witnesses.**</u>

22  "One of the most important factors in determining whether to grant a motion to transfer is

23  the convenience of the witnesses."  *Jarvis v. Marietta Corp.*, No. C-98-4951 MJJ, 1999 U.S. Dist.

24  LEXIS 12659, at *11 (N.D. Cal. Aug. 12, 1999).  Here, far more witnesses are located in the San

25  Jose Division than in the San Francisco/Oakland Divisions.

26

27  A majority of Plaintiffs' former and current supervisors and co-workers, who likely will

28  serve as key witnesses, are located in the San Jose Division.  His managers during the times

CASE NO. 3:07-CV-02813 BZ  -7-  DEFENDANT'S MPA RE MOTION FOR
LEGAL_US_W # 56495272.2         INTRADISTRICT VENUE TRANSFER

relevant to the Complaint still work and reside in San Jose. Lanerolle Decl. ¶ 1; Sweazy-Root Decl. ¶ 1. Many of Plaintiff's co-workers also work and reside in San Jose. Lanerolle Decl. ¶ 4. Their testimony is critical to substantiate or contradict Plaintiffs' claims alleging unpaid overtime, failure to provide meal and rest periods, and related claims. To resolve the key factual issue of whether Cadence properly classified Plaintiff's job as exempt, these witnesses must testify as to plaintiff's job duties and level of responsibility. *Dudash*, 2004 U.S. Dist. LEXIS 24872, at *13. These witnesses also must testify as to the Plaintiff's work schedule and meal and rest period practices to determine the number of alleged overtime hours Plaintiff worked and his potential damages. *Id.*

### C. Transfer Will Serve the Interests of Justice.

In deciding whether to exercise its discretion to transfer a matter under section 1404, the interests of justice are an important factor. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986) ("The 'interest of justice' is a separate component of a § 1404(a) transfer analysis and may be determinative in a particular case . . . .") (citations omitted). The interests of justice here militate toward a transfer of this matter to the San Jose Division, for all the reasons discussed above.

Where an alternative district has a significant connection to litigation, and proceeding there will prevent unnecessary expense, the interest of justice favors transfer:

> This court has an interest in preventing the creation of unnecessary litigation expenses; the litigation of this case in the Northern District would nearly certainly be more expensive for defendant, and likely those plaintiffs, located in the Los Angeles area. Further, because this case has a significant connection to the Los Angeles area . . . , the Central District has a much more substantial interest in seeing a resolution of this litigation.

*Asiana Express*, 2001 U.S. Dist. LEXIS 2568, at *7. Here, the San Jose Division has an interest in litigating a case that will largely affect many employees of Cadence who work and reside in San Jose. *See* Mooradian Decl. ¶ 12 (establishing that 63.93% of Cadence's total U.S. IT

population is located in San Jose). In addition, because many of the relevant records are located in San Jose, transferring the action there will cut down on unnecessary litigation costs.[2]

## IV. CONCLUSION

This action arises in the San Jose Division. Consequently, the Court should transfer it to San Jose. Additionally, a transfer will serve the convenience of the parties and witnesses and the interests of justice. Accordingly, Cadence respectfully requests that the Court grant Cadence's Motion for Intradistrict Venue Transfer.

DATED: June 28, 2007

M. KIRBY C. WILCOX
THOMAS E. GEIDT
MOLLY A. HARCOS
ANDREA M. LINDEMANN
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:  /s/
      THOMAS E. GEIDT

Attorneys for Defendant
CADENCE DESIGN SYSTEMS, INC.

---

[2] In addition, plaintiff will not sustain any prejudice because of transfer to the San Jose Division. This action was filed May 30, 2007, less than one month ago, and the parties are not required to meet and confer regarding the matters stated in Rule 26 or exchange initial disclosures until after the hearing on this motion. As such, there has not been an investment of time and resources here—either by the Court in this litigation or by the litigants in this forum—that would be wasted by transfer.

CASE NO. 3:07-CV-02813 BZ
LEGAL_US_W # 56495272.2

-9-

DEFENDANT'S MPA RE MOTION FOR
INTRADISTRICT VENUE TRANSFER