Kelly M. Dermody (SBN 171716)
Jahan C. Sagafi (SBN 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
Peter E. Leckman (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: jfinberg@altshulerberzon.com
E-Mail: ecervantez@altshulerberzon.com

*Attorneys for Plaintiff and the proposed Class*

Kirby Wilcox (SBN 78576)
Thomas E. Geidt (SBN 80955)
Molly A. Harcos (SBN 233556)
PAUL HASTINGS JANOFSKY
55 Second Street, 24th Floor
San Francisco, CA 94105-3441
Telephone: 415-856-7000
Facsimile: 415-856-7100
Email: kirbywilcox@paulhastings.com
Email: tomgeidt@paulhastings.com
Email: mollyharcos@paulhastings.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| AHMED HIGAZI, on behalf of himself and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CADENCE DESIGN SYSTEMS, INC.,<br><br>Defendant. | Case No. 07-2813 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

## 1. Jurisdiction and Service

This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. Section 1331 because the claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 216, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132(e). Plaintiffs contend that the Court also has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. Section 1332, because this is a class action in which (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate. Plaintiffs further contend that the Court has supplemental jurisdiction under 28 U.S.C. Section 1367 over Plaintiffs' state law claims, because those claims derive from a common nucleus of operative fact.

All parties have been served. No questions exist regarding personal jurisdiction. The action has been transferred to the San Jose Division of the Northern District of California, following Defendant's unopposed motion to transfer venue. Accordingly, no further issues exist regarding venue.

## 2. Facts

Plaintiffs contend that Plaintiff Ahmed Higazi was employed by Defendant Cadence Design Systems, Inc. in San Jose, California, in the company's Information Technology ("IT") Department from approximately 1999 to August 2004. Plaintiffs contend that Mr. Higazi held the title of Systems Engineer, and had the primary duty of installing, maintaining, and/or supporting computer software and/or hardware. Plaintiffs allege that Mr. Higazi worked hours in excess of forty hours per week and in excess of eight hours per day, and that Cadence improperly classified Mr. Higazi as exempt from the overtime requirements of both federal and California law, and failed to pay him the overtime compensation to which he was entitled. Plaintiffs further allege that Cadence also misclassified as exempt other Cadence IT employees similarly situated to Mr. Higazi, that is, employees with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Cadence (including Systems Engineers), and refused to pay them overtime compensation to which they are and were entitled under California

and federal law for work in excess of forty hours per week and/or eight hours per day.

Defendant Cadence denies these allegations and asserts that Mr. Higazi and the purported class members were properly classified as exempt. Defendant further denies that Mr. Higazi's claims are appropriate for class treatment.

### 3. Legal Issues

- Whether Mr. Higazi and other Cadence employees with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Cadence (including Systems Engineers) are exempt from the FLSA's overtime requirements;

- Whether Mr. Higazi and other California Cadence employees with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Cadence (including Systems Engineers) are exempt from the overtime requirements of California state law;

- Whether Mr. Higazi and other former California Cadence employees with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Cadence (including Systems Engineers) are entitled to waiting time penalties under California state law;

- Whether Mr. Higazi and other California Cadence employees with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Cadence (including Systems Engineers) are entitled to injunctive relief and penalties for Cadence's failure to comply with California state law record keeping requirements;

- Whether Cadence violated California law by failing to provide meal and rest breaks to Mr. Higazi and other California Cadence employees with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Cadence (including Systems Engineers);

- Whether Cadence's refusal to pay overtime compensation to Mr. Higazi and other Cadence employees with the primary duties of installing, maintaining,

and/or supporting computer software and/or hardware for Cadence (including Systems Engineers) constitutes an unfair business practice;

- Whether Cadence has breached its duties under ERISA with respect to record-keeping and fiduciary duty by failing to record and credit overtime hours worked to the Cadence 401(k) Plan:
- Whether other Systems Engineers and/or employees with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Cadence are similarly situated to Mr. Higazi, such that this Court should conditionally certify a collective action and permit the sending of notice to potential collective action members pursuant to the Supreme Court's decision in *Hoffmann LaRoche v. Sperling*;
- Whether a class action should be certified pursuant to Federal Rule of Civil Procedure 23.

### 4. Motions

Defendant filed a Motion To Transfer Venue, Plaintiffs filed a statement of non-opposition to that motion, and the motion was granted.

Plaintiffs are likely to file, at some point in the future, any or all of the following motions: Motion for Conditional Collective Action Certification and Issuance of Collective Action Notice, Motion for Leave To File Amended Complaint, and Motion for Class Certification. Plaintiffs might file a Motion for Summary Judgment. Proposed deadlines for filing some of these motions are discussed below in Section 17, Scheduling.

Defendant is likely to file, at some point in the future, any or all of the following motions: Motion for Summary Judgment.

### 5. Amendment of Pleadings

Plaintiffs expect that other Plaintiffs will be joining the FLSA collective action by filing Consents To Sue. To date, two additional Plaintiffs have joined the action. Additionally, Plaintiffs anticipate that they may seek leave to amend the complaint. The proposed deadline for filing a motion to amend the complaint is discussed below in Section 17, Scheduling.

**6.   Evidence Preservation**

Plaintiffs understand their duty to preserve records, including paper and electronic copies, and have taken steps to preserve all documents relevant to this action in their possession.

Defendant Cadence certifies that it has put a "litigation hold" on potentially relevant information. This has included taking steps to interdict existing document-destruction programs and prevent ongoing erasures of emails, voicemails, and other electronically recorded material pertinent to the claims in this matter.

**7.   Disclosures**

The parties have agreed to extend the deadline for initial disclosures to September 21, 2007.

**8.   Discovery**

No discovery has been taken to date. As discussed below, the parties contemplate engaging in informal discovery for several months, followed by mediation before a private mediator. Accordingly, Plaintiffs have sent Defendant a draft copy of document production requests and a deposition notice that they intend to serve if mediation is unsuccessful. Plaintiffs have also provided Defendants with a list of core subjects on which they require informal discovery—documents and either informational interviews or depositions—in order to make the mediation session productive.

Because the parties have agreed to undertake an informal exchange of information in preparation for early mediation, it is unnecessary and premature for the parties to discuss any limitations or modifications of the discovery rules at this time.

The parties anticipate that the scope of discovery generally will include information about Class Members' job duties and responsibilities, hours worked, rates paid, and the decision to classify Class Members as exempt from overtime requirements.

**9.   Class Actions**

Plaintiffs allege a nationwide collective action ("opt-in") under FLSA, and a California state law class ("opt out") under Federal Rule Civil Procedure 23. As discussed below, the parties have agreed to an early mediation date for this case. Accordingly, it is premature at

this time to set a date for the filing of Plaintiffs' Motion for Class Certification. The parties' suggestion for the deadline by which Plaintiffs must file a class certification motion if the mediation is unsuccessful is discussed in Section 17, Scheduling, below.

**10.    Related Cases**

The parties are unaware of any related cases.

**11.    Relief**

Plaintiffs seek, on behalf of Mr. Higazi and all collective and potential class action members, the overtime compensation to which they are entitled; liquidated damages for FLSA opt-in plaintiffs; waiting time and record-keeping penalties and compensation for missed rest and lunch breaks for California Class Members, prejudgment interest; and attorneys' fees and costs. Plaintiffs also seek injunctive relief with respect to their California state law claims.

Plaintiffs cannot currently calculate damages because Defendant has not yet produced payroll information from which to determine Class Members' regular rates, time period worked, and hours worked.

**12.    Settlement and ADR**

The parties have agreed to an early mediation of the case before Mediator David Rotman, and are attempting to schedule that mediation for sometime in January. As described above, the parties are meeting and conferring in an effort to agree upon early key discovery that Defendant must produce to Plaintiffs so that the mediation effort can be productive.

**13.    Consent To Magistrate Judge For All Purposes**

Plaintiffs previously refused to consent to have a magistrate judge conduct all further proceedings.

**14.    Other References**

The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties are currently unaware of any issues that can be narrowed by agreement or by motion, and do not currently have any suggestions to expedite the presentations of evidence

at trial.

The parties agree that if the mediation is unsuccessful, discovery and trial should be bifurcated into a liability phase and a damages phase.

**16.   Expedited Schedule**

As explained above, the parties have agreed to participate in an early mediation, and are attempting to agree on procedures to streamline and simplify some informal discovery prior to that mediation. If the mediation is not successful, the parties do not believe that the case can be handled on an expedited basis with streamlined procedures.

**17.   Scheduling**

As explained above, the parties have agreed to participate in an early mediation with streamlined, informal discovery preceding the mediation. Accordingly, it is premature at this time to suggest proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial. Moreover, the full scope of needed discovery and time for trial may not be determined until after the Court has ruled on Plaintiffs' anticipated motions for Conditional Collective Action Certification and Rule 23 Class Certification. However, the parties suggest the following preliminary tentative schedule, should the mediation prove to be unsuccessful:

- 30 days after mediator declares an impasse: Plaintiffs file their Motion for Conditional Certification of Collective Action and Issuance of Notice;
- 60 days after Court-set deadline for additional collective action members to opt-in (if Plaintiffs' Motion for Conditional Certification of Collective Action and Issuance of Notice is granted) or 60 days after Court denies that motion: Plaintiffs file Motion For Leave To Amend Complaint;
- 120 days after the deadline for Plaintiffs to file Motion for Leave to Amend Complaint: Plaintiffs file Motion for Class Certification.

**18.   Trial**

Plaintiffs have demanded a jury trial. Until the Court rules on Plaintiffs' anticipated motions for Conditional Certification of Collective Action and Class Certification, the

scope of the trial cannot be determined. Accordingly, it is premature to discuss the expected length of the trial at present.

### 19. Disclosure of Non-Party Interested Entities or Persons

Defendant filed a Certificate of Interested Entities or Persons with its Answer, disclosing that Franklin Resources, Inc., a publicly-traded corporation, owns more than 10% of Defendant's stock. The parties know of no other interested entities or persons.

Plaintiffs filed a Certificate of Interested Entities or Persons on August 31, 2007, which stated that as of that date, other than the named parties, Plaintiffs knew of no other interested entities or persons.

### 20. Other Matters

The parties have no other matters to bring before the Court at this time.

Dated: September 21, 2007                Respectfully submitted,

By: ____/s/____
     James M. Finberg

Kelly M. Dermody (SBN 171716)
Jahan C. Sagafi (SBN 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 218029)
Peter E. Leckman (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: jfinberg@altshulerberzon.com

*Attorneys for Plaintiff and the proposed Class*

| | |
|---|---|
| Dated: September 21, 2007 | By: _____/s/_____<br>Thomas E. Geidt |

Kirby Wilcox (SBN 78576)
Thomas E. Geidt (SBN 80955)
Molly A. Harcos (SBN 233556)
PAUL HASTINGS JANOFSKY
55 Second Street, 24th Floor
San Francisco, CA 94105-3441
Telephone: 415-856-7074
Facsimile: 415-856-7100
Email: kirbywilcox@paulhastings.com
Email: tomgeidt@paulhastings.com
Email: mollyharcos@paulhastings.com

*Attorneys for the Defendant*

## SIGNATURE ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

| | |
|---|---|
| Dated: September 21, 2007 | By: _____/s/_____<br>James M. Finberg |

Kelly M. Dermody (SBN 171716)
Jahan C. Sagafi (SBN 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 218029)
Peter E. Leckman (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: jfinberg@altshulerberzon.com

*Attorneys for Plaintiff and the proposed Class*