1  M. KIRBY C. WILCOX (Cal. State Bar No. 078576)
   JEFFREY D. WOHL (Cal. State Bar No. 96838)
2  MOLLY A. HARCOS (Cal. State Bar No. 233556)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
3  55 Second Street, 24th Floor
   San Francisco, California 94105-3441
4  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
5  kirbywilcox@paulhastings.com
   tomgeidt@paulhastings.com
6  mollyharcos@paulhastings.com

7

8  Attorneys for Defendant
   CADENCE DESIGN SYSTEMS, INC.

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12

13  AHMED HIGAZI, on behalf of himself        No. C-07-2813-JW
    and a class of those similarly situated,
14                                            STIPULATION AND [PROPOSED]
              Plaintiff,                       ORDER GRANTING DEFENDANT
15                                            LEAVE TO FILE FIRST AMENDED
         vs.                                  ANSWER TO COMPLAINT
16
    CADENCE DESIGN SYSTEMS, INC.,
17
              Defendant.
18

19                              **STIPULATION**

20          Plaintiff Ahmed Higazi and defendant Cadence Systems, Inc. ("Cadence"), acting through their

21  respective attorneys of record, hereby stipulate that the Court may grant leave for allow Cadence to file a

22  First Amended Answer in the form attached as Exhibit A to this stipulation.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

LEGAL_US_W # 57785182.3 38562.00003

1    Dated: December 17, 2007.    JAMES M. FINBERG
2                                 EVE H. CERVANTEZ
                                  ALTSHULER BERZON LLP
3
                                  KELLY M. DERMODY
4                                 JAHAN C. SAGAFI
                                  LEIFF CABRASER HEIMANN & BERNSTEIN LLP
5
6                                 By: _____
                                          Jahan C. Sagafi
7                                     Attorneys for Plaintiff Ahmed Higazi

8    Dated: December 17 2007.     M. KIRBY C. WILCOX
9                                 JEFFREY D. WOHL
                                  MOLLY A HARCOS
10                                PAUL, HASTINGS, JANOFSKY & WALKER LLP
11
                                  By: _____
12                                        Jeffrey D. Wohl
                                      Attorneys for Defendant
13                                    Cadence Design Systems, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROPOSED ORDER TO FILE
FIRST AMENDED ANSWER TO COMPLAINT
No. C-07-2813-JW

LEGAL_US_W # 57785182.3 38562.00003

1

## ORDER

2   PURSUANT TO STIPULATION, IT IS SO ORDERED:

3   Dated: December 19, 2007.    _____

4                                Honorable James Ware
                                 United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROPOSED ORDER TO FILE
FIRST AMENDED ANSWER TO COMPLAINT
No. C-07-2813-JW

LEGAL_US_W # 57785182.3 38562.00003

# EXHIBIT A

1   M. KIRBY C. WILCOX (Cal. State Bar No. 078576)
    JEFFREY D. WOHL (Cal. State Bar No. 96838)
2   MOLLY A. HARCOS (Cal. State Bar No. 233556)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
3   55 Second Street, 24th Floor
    San Francisco, California  94105-3441
4   Telephone:  (415) 856-7000
    Facsimile:  (415) 856-7100
5   kirbywilcox@paulhastings.com
    tomgeidt@paulhastings.com
6   mollyharcos@paulhastings.com

7   Attorneys for Defendant
    CADENCE DESIGN SYSTEMS, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13  AHMED HIGAZI, on behalf of himself        No. C-07-2813-JW
    and a class of those similarly situated,
14                                            **DEFENDANT'S AMENDED ANSWER TO
                      Plaintiff,              PLAINTIFF'S COMPLAINT**
15
          vs.
16
    CADENCE DESIGN SYSTEMS, INC.,
17
                      Defendant.
18

19

20        TO PLAINTIFF AHMED HIGAZI AND TO HIS ATTORNEYS OF RECORD:

21        Defendant CADENCE DESIGN SYSTEMS, INC. ("Defendant") hereby amends its

22  answers and pleads in response to Plaintiff AHMED HIGAZI's complaint ("Complaint") as

23  follows:

24                       **JURISDICTION AND VENUE**

25        1.    Answering Paragraph 1, Defendant admits that this case arises under the federal

26  statutes specified therein, but denies that it has violated any such statutes.

27        2.    Answering Paragraph 2, Defendant lacks sufficient knowledge or information to

28  form a belief as to whether some members of the class have a different citizenship from

1  Defendant, or whether there are 100 or more members in the proposed class, and on that basis

2  denies this allegation.  Defendant expressly denies that it bears liability to the class in excess of

3  the statutory minimum.  Except as expressly denied, Paragraph 2 of the Complaint consists of

4  legal conclusions to which no response is required.

5      3.    Answering Paragraph 3, Defendant lacks sufficient knowledge or information to

6  form a belief as to whether Plaintiff's claims derive from a common nucleus of operative fact, and

7  on that basis denies this allegation.  Except as expressly denied, Paragraph 3 of the Complaint

8  consists of legal conclusions to which no response is required.

9      4.    Paragraph 4 of the Complaint consists of legal conclusions to which no response is

10  required.

11      5.    Answering Paragraph 5, Defendant admits that it is headquartered in San Jose, and

12  that it is doing business in California and in this district.  Defendant denies each and every

13  remaining allegation set forth in Paragraph 5 of the Complaint.

14      6.    Answering Paragraph 6, Defendant lacks sufficient knowledge or information to

15  admit or deny the allegations contained therein, and on that basis denies the allegations.

16      7.    Answering Paragraph 7, Defendant lacks sufficient knowledge or information to

17  admit or deny whether Plaintiff performed any sporadic work from his home and/or in an office

18  in Alameda County.  Defendant avers that it employed Plaintiff to work at its facilities in San

19  Jose, California.  Defendant expressly denies each and every remaining allegation set forth in

20  Paragraph 7 of the Complaint.

21      **SUMMARY OF CLAIMS**

22      8.    Answering Paragraph 8, Defendant admits that it employed Plaintiff and that some

23  of the employees at Cadence perform work that includes installing, maintaining, and/or

24  supporting computer software and/or hardware for Cadence.  Defendant denies each and every

25  remaining allegation contained in this paragraph.  Except as expressly admitted or denied,

26  Paragraph 8 of the Complaint consists of legal conclusions to which no response is required.

27      9.    Answering Paragraph 9, Defendant denies that it misclassified Plaintiff or any

28  other employee.  Defendant further denies the existence of a class or that class litigation of

1    Plaintiff's claims is appropriate.  Defendant lacks sufficient knowledge or information to form a

2    belief as to the persons on whose behalf Plaintiff purports to bring this action, and on that basis

3    denies this and each and every remaining allegation contained in this paragraph.

4        10.    Answering Paragraph 10, Defendant denies that it misclassified Plaintiff or any

5    other employee.  Defendant further denies the existence of a class or that class litigation of

6    Plaintiff's claims is appropriate.  Defendant lacks sufficient knowledge or information to form a

7    belief as to the persons on whose behalf Plaintiff brings this action, and on that basis denies this

8    and each and every remaining allegation contained in this paragraph.

9        11.    Answering Paragraph 11, Defendant denies that it misclassified Plaintiff or any

10   other employee.  Defendant further denies the existence of a class or that class litigation of

11   Plaintiff's claims is appropriate.  Defendant lacks sufficient knowledge or information to form a

12   belief as to the persons on whose behalf Plaintiff brings this action, and on that basis denies this

13   and each and every remaining allegation contained in this paragraph.

14       12.    Answering Paragraph 12, Defendant admits that it maintains a 401(k) Plan for

15   certain eligible employees.  Except as so admitted, Paragraph 12 of the Complaint consists of

16   legal conclusions to which no response is required.  To the extent a response may be required,

17   Defendant denies each and every remaining allegation contained in this paragraph.

18       13.    Answering Paragraph 13, Defendant admits that it is an employer and that it

19   maintains a 401(k) Plan for certain eligible employees.  Except as so admitted, Paragraph 13 of

20   the Complaint consists of legal conclusions to which no response is required.  To the extent a

21   response may be required, Defendant denies each and every remaining allegation contained in

22   this paragraph.

23       14.    Answering Paragraph 14, Defendant admits that Plaintiff was an employee of

24   Cadence for a small portion of the purported class period and participated in Cadence's 401(k)

25   Plan.  Except as so admitted, Paragraph 14 of the Complaint consists of legal conclusions to

26   which no response is required.  To the extent a response may be required, Defendant denies each

27   and every remaining allegation contained in this paragraph.

28

-3-

AMENDED ANSWER TO COMPLAINT
U.S.D.C., N.D. Cal., No. C-07-2813-JW

15.    Defendant admits that Plaintiff and some other employees of Defendant occasionally worked more than 8 hours in a day and/or 40 hours in a week.  Except as so admitted, Defendant denies each and every remaining allegation contained in this paragraph.

16.    Defendant denies each and every allegation contained in paragraph 16.

17.    Defendant denies each and every allegation contained in paragraph 17.

18.    Answering Paragraph 18, Defendant admits that it does not credit non-exempt employees for overtime credit under the 401(k) Plan.  Defendant denies that Plaintiff and/or the alleged putative class members are eligible for overtime credit under the 401(k) Plan, and Defendant denies each and every remaining allegation contained in this paragraph.

19.    Answering Paragraph 19, Defendant admits that Plaintiff seeks the relief specified therein, but denies that Plaintiff is entitled to any such relief and otherwise denies each and every remaining allegation contained in this paragraph.

**THE PARTIES**

20.    Answering Paragraph 20, Defendant admits it employed Plaintiff in San Jose, California from approximately 1999 to August 2004, that his duties at certain times included installing, maintaining, and supporting computer software and/or hardware, among other duties, that there may have been instances in which Plaintiff worked more than 40 hours in a week or more than 8 hours in a day, and that Plaintiff did not receive overtime compensation because he was ineligible for such compensation.  Defendant lacks sufficient knowledge of information to admit or deny whether Plaintiff resided in Pleasanton, California, throughout the time period alleged, and on that basis denies this allegation.  Except as so admitted and denied, Defendant denies each and every remaining allegation contained in this paragraph.

21.    Answering Paragraph 21, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies the allegations, except that Defendant expressly denies that it has committed any violations of the FLSA.

22.    Answering Paragraph 22, Defendant admits that it is engaged in the business of providing hardware and software methodologies and services throughout the United States and the world, that its corporate headquarters are located in San Jose, California, and that it is

1    incorporated in Delaware.  Except as so admitted, Defendant denies each and every remaining

2    allegation contained in this paragraph.

3                    **COLLECTIVE ACTION ALLEGATIONS**

4        23.    Answering Paragraph 23, Defendant admits that Plaintiff purports to bring his

5    claims under the statute cited therein, but denies that Plaintiff or any of the putative class

6    members are entitled to relief under that statute.

7        24.    Defendant denies each and every allegation contained in paragraph 24.

8        25.    Defendant denies each and every allegation contained in paragraph 25.

9        26.    Answering Paragraph 26, Defendant admits that it maintains records of the names

10    and last known addresses of its employees.  Except as so admitted, Defendant denies each and

11    every remaining allegation contained in this paragraph.

12                  **CALIFORNIA CLASS ACTION ALLEGATIONS**

13        27.    Answering Paragraph 27, Defendant admits that Plaintiff purports to bring the

14    claims for relief specified therein, but denies that Plaintiff is entitled to any such relief.

15        28.    Answering Paragraph 28, Defendant lacks sufficient knowledge or information to

16    admit or deny the allegations contained therein, and on that basis denies each and every allegation

17    contained in this paragraph.

18        29.    Answering Paragraph 29, Defendant denies each and every allegation contained in

19    this paragraph.

20        30.    Answering Paragraph 30, Defendant denies each and every allegation contained in

21    this paragraph.

22        31.    Answering Paragraph 31, Defendant admits that Plaintiff's counsel are competent

23    and experienced in complex class actions, the FLSA and state labor and employment litigation.

24    Except as so admitted, Defendant denies the existence of a class, denies that class litigation of

25    Plaintiff's claims is appropriate, and otherwise denies each and every allegation contained in this

26    paragraph.

27        32.    Answering Paragraph 32, Defendant denies each and every allegation contained in

28    this paragraph.

AMENDED ANSWER TO COMPLAINT
U.S.D.C., N.D. Cal., No. C-07-2813-JW

1    33.    Answering Paragraph 33, Defendant denies each and every allegation contained in

2  this paragraph.

3    34.    Answering Paragraph 34, Defendant admits that Plaintiff intends to send notice to

4  putative class members, but denies that the sending of such notice is appropriate.

5  <center>**ERISA CLASS ACTION ALLEGATIONS**</center>

6    35.    Answering Paragraph 35, Defendant admits that Plaintiff purports to bring the

7  claims specified therein, but denies that Plaintiff is entitled to any such relief.

8    36.    Answering Paragraph 36, Defendant lacks sufficient knowledge or information to

9  admit or deny the allegations contained therein, and on that basis denies each and every allegation

10  contained in this paragraph.

11    37.    Answering Paragraph 37, Defendant denies each and every allegation contained in

12  this paragraph.

13    38.    Answering Paragraph 38, Defendant denies each and every allegation contained in

14  this paragraph.

15    39.    Answering Paragraph 39, Defendant admits that Plaintiff's counsel are competent

16  and experienced in complex class actions and ERISA.  Except as so admitted, Defendant denies

17  the existence of a class, denies that class litigation of Plaintiff's claims is appropriate, and

18  otherwise denies each and every allegation contained in this paragraph.

19    40.    Answering Paragraph 40, Defendant denies each and every allegation contained in

20  this paragraph.

21    41.    Answering Paragraph 41, Defendant admits that Plaintiff intends to send notice to

22  putative class members, but denies that the sending of such notice is appropriate.

23  <center>**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"),**
**Brought by Plaintiff on Behalf of**
**Himself and the Nationwide FLSA Collective Plaintiffs)**</center>

24

25

26    42.    Answering Paragraph 42, Defendant incorporates by reference its responses to

27  paragraphs 1 through 41 as though fully set forth herein.

28

-6-

AMENDED ANSWER TO COMPLAINT
U.S.D.C., N.D. Cal., No. C-07-2813-JW

1    43.    Answering Paragraph 43, Defendant admits that it is an employer, that it produces

2  goods, that it has had annual gross operating revenues in excess of $500,000 at all times relevant

3  to the Complaint, and that it has employed Plaintiff and other employees at times relevant to the

4  Complaint.  Defendant denies the existence of a collective Nationwide FLSA collective class or

5  that a collective action for Plaintiff's claims is appropriate.  Except as expressly admitted or

6  denied, Paragraph 43 of the Complaint consists of legal conclusions to which no response is

7  required.

8    44.    Answering Paragraph 44, Defendant denies that a Consent to Sue form signed by

9  the Plaintiff in this action was attached to the copy of the Complaint that was served on

10  Defendant.  Defendant lacks sufficient knowledge or information to admit or deny the remaining

11  allegations in Paragraph 44, and on that basis denies those allegations.

12    45.    Paragraph 45 of the Complaint consists of legal conclusions to which no response

13  is required.

14    46.    Answering Paragraph 46, Defendant denies each and every allegation contained in

15  this paragraph.

16    47.    Answering Paragraph 47, Defendant denies each and every allegation contained in

17  this paragraph.

18    48.    Answering Paragraph 48, Defendant denies each and every allegation contained in

19  this paragraph.

20    49.    Answering Paragraph 49, Defendant denies each and every allegation contained in

21  this paragraph.

22    50.    Answering Paragraph 50, Defendant denies each and every allegation contained in

23  this paragraph.

24    51.    Answering Paragraph 51, Defendant admits that Plaintiff seeks recovery of

25  attorneys' fees and costs, but denies that Plaintiff is entitled to such relief.

26    52.    Answering Paragraph 52, Defendant admits that Plaintiff seeks the relief specified

27  therein but denies that Plaintiff is entitled to such relief.

28

AMENDED ANSWER TO COMPLAINT
U.S.D.C., N.D. Cal., No. C-07-2813-JW

## SECOND CLAIM FOR RELIEF
### (Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194,
**Brought by Plaintiff
on Behalf of Himself and the California Class)**

53.     Answering Paragraph 53, Defendant incorporates by reference its responses to paragraphs 1 through 52 as though fully set forth herein.

54.     Paragraph 54 of the Complaint consists of legal conclusions to which no response is required.

55.     Answering Paragraph 55, Defendant denies each and every allegation contained in this paragraph.

56.     Answering Paragraph 56, Defendant admits that there may have been some instances in which Plaintiff and other employees have worked more than 40 hours in a week, more than 8 hours in a day, and/or more than 12 hours in a day.  Except as so admitted, Defendant denies each and every remaining allegation contained in this paragraph.

57.     Answering Paragraph 57, Defendant denies each and every allegation contained in this paragraph.

58.     Answering Paragraph 58, Defendant denies each and every allegation contained in this paragraph.

## THIRD CLAIM FOR RELIEF
### (California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,
**Brought by Plaintiff
on Behalf of Himself and the California Class)**

59.     Answering Paragraph 59, Defendant incorporates by reference its responses to paragraphs 1 through 58 as though fully set forth herein.

60.     Paragraph 60 of the Complaint consists of legal conclusions to which no response is required.

61.     Answering Paragraph 61, Defendant denies each and every allegation contained in this paragraph.

1    62.    Answering Paragraph 62, Defendant admits that more than 30 days have passed

2    since Plaintiff and certain other employees left their employment with Defendant.  Except as so

3    admitted, Defendant denies each and every remaining allegation contained in this paragraph.

4    63.    Answering Paragraph 63, Defendant denies each and every allegation contained in

5    this paragraph.

6                              **FOURTH CLAIM FOR RELIEF**
                              **(California Record-Keeping Provisions,**
7         **Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,**
                                   **Brought by Plaintiff**
8                   **on Behalf of Himself and the California Class)**

9    64.    Answering Paragraph 64, Defendant incorporates by reference its responses to

10   paragraphs 1 through 63, as though full set forth herein.

11   65.    Answering Paragraph 65, Defendant denies each and every allegation contained in

12   this paragraph.

13   66.    Answering Paragraph 66, Defendant admits that Plaintiff seeks the relief specified

14   therein, but denies that Plaintiff is entitled to such relief.

15                               **FIFTH CLAIM FOR RELIEF**
                               **(California Meal And Rest Period Provisions,**
16        **Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,**
                                   **Brought by Plaintiff**
17                  **on Behalf of Himself and the California Class)**

18   67.    Answering Paragraph 67, Defendant incorporates by reference its responses to

19   paragraphs 1 through 66 as though fully set forth herein.

20   68.    Answering Paragraph 68, Defendant denies each and every allegation contained in

21   this paragraph.

22   69.    Answering Paragraph 69, Defendant denies each and every allegation contained in

23   this paragraph.

24   70.    Answering Paragraph 70, Defendant denies each and every allegation contained in

25   this paragraph.

26   71.    Answering Paragraph 71, Defendant denies each and every allegation contained in

27   this paragraph.

28

LEGAL_US_W # 57733740.1

## SIXTH CLAIM FOR RELIEF
**(California Unfair Competition Law, Cal. Bux. & Prof. Code § 17200 *et seq.*,
Brought by Plaintiff
on Behalf of Himself and the California Class)**

72.     Answering Paragraph 72, Defendant incorporates by reference its responses to paragraphs 1 through 71 as though fully set forth herein.

73.     Answering Paragraph 73, Defendant denies each and every allegation contained in this paragraph.   The second sentence of Paragraph 73 consists of legal conclusions to which no response is required.

74.     Answering Paragraph 74, Defendant denies each and every allegation contained in this paragraph.

75.     Answering Paragraph 75, Defendant denies each and every allegation contained in this paragraph.

76.     Answering Paragraph 76, Defendant denies each and every allegation contained in this paragraph.

77.     Answering Paragraph 77, Defendant denies each and every allegation contained in this paragraph.

78.     Answering Paragraph 78, Defendant admits that Plaintiff seeks recovery of attorneys' fees and costs, but denies that Plaintiff is entitled to such relief.

79.     Answering Paragraph 79, Defendant admits that Plaintiff seeks the relief specified therein, but denies that Plaintiff is entitled to such relief.

## SEVENTH CLAIM FOR RELIEF
**(ERISA § 502(a)(3) Based on Failure to Maintain Records
Brought by Plaintiff
on Behalf of Himself and the ERISA Class)**

80.     Answering Paragraph 80, Defendant incorporates by reference its responses to paragraphs 1 through 79 as though fully set forth herein.

81.     Paragraph 81 of the Complaint consists of legal conclusions to which no response is required.

LEGAL_US_W # 57733740.1

AMENDED ANSWER TO COMPLAINT
U.S.D.C., N.D. Cal., No. C-07-2813-JW

1      82.      Paragraph 82 of the Complaint consists of legal conclusions to which no response

2  is required.

3      83.      Answering Paragraph 83, Defendant admits that its 401(k) Plan defines

4  Compensation, in the case of certain eligible non-exempt employees, to include overtime wages,

5  among other things.    Except as so admitted, Defendant denies each and every remaining

6  allegation contained in this paragraph.

7      84.      Answering Paragraph 84, Defendant denies each and every allegation contained in

8  this paragraph.

9      85.      Answering Paragraph 85, Defendant admits that Plaintiff seeks the relief specified

10  therein, but denies that Plaintiff is entitled to such relief.

11      86.      Answering Paragraph 86, Defendant admits that Plaintiff seeks attorneys' fees and

12  costs, but denies that Plaintiff is entitled to such relief.

**EIGHTH CLAIM FOR RELIEF**
**(ERISA § 101 *et seq.*,**
**Brought by Plaintiff**
**on Behalf of Himself and the ERISA Class)**

16      87.      Answering Paragraph 87, Defendant incorporates by reference its responses to

17  paragraphs 1 through 86 as though fully set forth herein.

18      88.      Paragraph 88 of the Complaint consists of legal conclusions to which no response

19  is required.

20      89.      Answering Paragraph 89, Defendant admits that Articles 5 and 6 of the 401(k)

21  Plan confer certain authority and responsibility on Defendant with respect to the administration of

22  the Plan.  Except as so admitted, Paragraph 89 of the Complaint consists of legal conclusions to

23  which no response is required.

24      90.      Answering Paragraph 90, Defendant admits that it has exercised certain authority

25  and responsibility with respect to the administration of its 401(k) Plan.  Except as so admitted,

26  Paragraph 90 of the Complaint consists of legal conclusions to which no response is required.

27      91.      Answering Paragraph 91, Defendant denies each and every allegation contained in

28  this paragraph.

AMENDED ANSWER TO COMPLAINT
U.S.D.C., N.D. Cal., No. C-07-2813-JW

1  92.    Answering Paragraph 92, Defendant admits that Plaintiff seeks the relief specified

2  therein, but denies that Plaintiff is entitled to such relief.

3  93.    Answering Paragraph 93, Defendant admits that Plaintiff seeks attorneys' fees and

4  costs, but denies that Plaintiff is entitled to such relief.

5  94.    Responding to the Prayer for Relief in the Complaint, Defendant denies that

6  Plaintiff, or the class of persons he purports to represent, have been or will be damaged in the

7  sums alleged, in any other sum, or at all, by reason of any act or omission of Defendant, or any

8  officer, agent or employee of Defendant, or that they are entitled to any of the relief sought in

9  their Prayer for Relief.

10  **ADDITIONAL DEFENSES**

11  **FIRST DEFENSE**

12  95.    The Complaint, and each purported claim alleged therein, fails to state a claim

13  upon which relief can be granted.

14  **SECOND DEFENSE**

15  96.    Plaintiff is not similarly situated to other members of the classes of persons he

16  purports to represent, the existence of which is expressly denied, and Plaintiff is therefore an

17  inadequate representative for the classes of persons he purports to represent.

18  **THIRD DEFENSE**

19  97.    The Complaint, and each purported claim contained therein, is barred, at least in

20  part, by applicable statutes of limitation, including but not limited to 29 U.S.C. § 255, Cal. Civ.

21  Proc. Code §§ 337(1), 338 (a), 339, 340; Cal. Bus. & Prof. Code § 17208, and other applicable

22  laws.

23  **FOURTH DEFENSE**

24  98.    The Complaint, and each purported claim for relief alleged therein, is barred

25  because any recovery from Defendant would result in the unjust enrichment of Plaintiff and the

26  classes of persons he purports to represent.

27

28

1

### FIFTH DEFENSE

2    99.    Plaintiff's claims alleging equitable relief are barred because Plaintiff and the

3    classes of persons he purports to represent have an adequate and complete remedy at law.

4

### SIXTH DEFENSE

5    100.    Plaintiff fails to satisfy the prerequisites for class certification and, therefore,

6    cannot represent the interests of others.

7

### SEVENTH DEFENSE

8    101.    Plaintiff lacks standing to assert the legal rights or interests of others.

9

### EIGHTH DEFENSE

10    102.    Plaintiff's claims alleged on behalf of himself and the classes of persons he

11    purports to represent are matters as to which individual questions predominate and, accordingly,

12    are not appropriate for class treatment.

13

### NINTH DEFENSE

14    103.    The claims alleged by Plaintiff are neither common to nor typical of those, if any,

15    of the classes of persons he purports to represent.

16

### TENTH DEFENSE

17    104.    Certain of the interests of the classes of persons Plaintiff purports to represent are

18    in conflict with the interests of all or certain sub-groups of the alleged classes of persons he

19    purports to represent.

20

### ELEVENTH DEFENSE

21    105.    The classes of persons Plaintiff purports to represent are not so numerous that

22    joinder is impracticable.

23

### TWELFTH DEFENSE

24    106.    Plaintiff has not shown and cannot show that class treatment of the claims alleged

25    herein is superior to other methods of adjudicating this controversy.

26

### THIRTEENTH DEFENSE

27    107.    Because liability or damages, if any, to each member of the classes of persons

28    Plaintiff purports to represent may not be determined by a single jury or on a class-wide basis,

1    allowing this action to proceed as a class action would violate Defendant's rights under the

2    Seventh and Fourteenth Amendments to the United States Constitution.

### FOURTEENTH DEFENSE

4    108.    Plaintiff's purported claim for relief under California Business & Professions Code

5    section 17200 *et seq.*, is barred because the remedy for such actions is limited to restitution and

6    injunctive relief, and the relief sought by Plaintiff constitutes damages.

### FIFTEENTH DEFENSE

8    109.    Plaintiff's claims for damages, including those on behalf of himself and the classes

9    of persons he purports to represent, are barred to the extent that they are speculative in nature

10   and/or not allowed under California Business & Professions Code section 17200 *et seq.*

### SIXTEENTH DEFENSE

12   110.    The Complaint is barred because Plaintiff and the classes of persons he purports to

13   represent were properly classified as exempt from the overtime provisions of the FLSA,

14   California Industrial Welfare Commission Wage Orders, and California law.

### SEVENTEENTH DEFENSE

16   111.    The Complaint, and each claim for relief contained therein, is barred by the

17   doctrine of *res judicata* to the extent any member of the purported classes pursued and resolved to

18   final judgment any claim alleged in the Complaint.

### EIGHTEENTH DEFENSE

20   112.    There may be individuals in the classes of persons Plaintiff purports to represent,

21   including Plaintiff, whose claims are barred because of prior settlement agreements and/or

22   releases covering all or some of the purported causes of action alleged in the Complaint.

### NINETEENTH DEFENSE

24   113.    Some or all of the disputed time for which Plaintiff and the classes of persons he

25   purports to represent seek recovery of wages purportedly owed is not compensable pursuant to

26   the *de minimis* doctrine.

27

28

AMENDED ANSWER TO COMPLAINT
U.S.D.C., N.D. Cal., No. C-07-2813-JW

1

**TWENTIETH DEFENSE**

2    114.    With respect to some or all of the claims brought by Plaintiff and the classes of

3    persons he purports to represent, any of Defendant's act(s) and/or omission(s) which may be

4    found to be in violation of the rights afforded by the California Labor Code and/or the FLSA were

5    not willful but rather Defendant's acts and/or omissions occurred in good faith and were based

6    upon reasonable belief that it was in compliance with such laws.

7

**TWENTY-FIRST DEFENSE**

8    115.    The Complaint, and each purported claim for relief contained therein, is barred in

9    whole or in part because Plaintiff and the classes of persons he purports to represent

10    misperformed their respective duties and failed to perform those duties which Defendant

11    realistically expected each to perform.

12

**TWENTY-SECOND DEFENSE**

13    116.    The Complaint, and each purported claim for relief contained therein, is barred in

14    whole or in part because, to the extent Plaintiff and the classes of persons he purports to represent

15    worked any hours for which they were not paid, such time was worked without the knowledge or

16    approval of Defendant's managers.

17

**TWENTY-THIRD DEFENSE**

18    117.    Plaintiff's claim under Labor Code section 226 is barred on the grounds that there

19    was no "knowing and intentional failure" on Defendant's part to provide proper itemized earnings

20    statements, nor did Plaintiff or the classes of person he purports to represent suffer injury as a

21    result of any alleged violation of Labor Code section 226.

22

**TWENTY-FOURTH DEFENSE**

23    118.    Plaintiff's claim for waiting time penalties, and that of the classes of persons he

24    purports to represent, are barred because any failure to pay wages was not willful within the

25    meaning of California Labor Code section 203, and at all relevant times there has existed a good

26    faith factual and/or legal dispute as to the matters which are the subject of Plaintiff's Complaint.

27

28

LEGAL_US_W # 57733740.1

AMENDED ANSWER TO COMPLAINT
U.S.D.C., N.D. Cal., No. C-07-2813-JW

**TWENTY-FIFTH DEFENSE**

119.   Plaintiff and the classes of persons he purports to represent are barred from, and have waived, any recovery for penalties under the Private Attorney General ("PAG") Act, including but not limited to penalties available under California Labor Code sections 203, 204, 226, 226.7, 510, 512, and 1174(d), because Plaintiff has failed to pursue and exhaust his administrative remedies under the PAG Act. Cal. Lab. Code § 2699 *et seq.*

**TWENTY-SIXTH DEFENSE**

120.   Neither Plaintiff nor the classes of persons Plaintiff purports to represent, the existence of which are expressly denied, may recover liquidated damages, to the extent such are sought in Plaintiff's Complaint, because (1) Defendant and its officers, directors, managers or agents acted in good faith and did not commit any willful violation of any of the provisions of the FLSA and/or the California Labor Code; (2) Defendant (including its officers, directors, managers and agents) did not authorize or ratify any willful violation with respect to Plaintiff, or any alleged group member; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

**TWENTY-SEVENTH DEFENSE**

121.   Plaintiff and the ERISA Class that Plaintiff purports to represent have failed to exhaust their administrative and/or plan remedies under the plan with respect to which Plaintiff claims they are owed relief.

WHEREFORE, Defendant prays for judgment as follows:

1.     That class certification be denied;

2.     That Plaintiff and the classes of persons he purports to represent take nothing by reason of the Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

3.     That Defendant be awarded its reasonable costs and attorneys' fees; and

4.     That Defendant be awarded such other and further relief as the Court deems just and proper.

-16-

1

Dated:  December __, 2007.    M. KIRBY C. WILCOX
                             JEFFREY D. WOHL
2                            MOLLY A. HARCOS
                             PAUL, HASTINGS, JANOFSKY & WALKER LLP
3

4                            By:  _____
                                        Jeffrey D. Wohl
5                                     Attorneys for Defendant
                                CADENCE DESIGN SYSTEMS, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED ANSWER TO COMPLAINT
                                          U.S.D.C., N.D. Cal., No. C-07-2813-JW
LEGAL_US_W # 57733740.1