1   JAMES M. FINBERG (SBN 114850)
    PETER E. LECKMAN (SBN 235721)
2   ALTSHULER BERZON LLP
    177 Post Street, Suite 300
3   San Francisco, California  94108
    Telephone: (415) 421-7151
4   Facsimile: (415) 362-8064
    E-mails: jfinberg@altshulerberzon.com
5            pleckman@altshulerberzon.com

6   KELLY M. DERMODY (SBN 171716)          M. KIRBY C. WILCOX (SBN 78576)
    JAHAN C. SAGAFI (SBN 224887)           JEFFREY D. WOHL (SBN 96838)
7   LIEFF, CABRASER, HEIMANN               MOLLY A. HARCOS (SBN 233556)
    & BERNSTEIN, LLP                       PAUL, HASTINGS, JANOFSKY & WALKER LLP
8   275 Battery Street, 30th Floor         55 Second Street, 24th Floor
    San Francisco, California  94111-3339  San Francisco, California  94105
9   Telephone:  (415) 956-1000            Telephone: (415) 856-7000
    Facsimile:  (415) 956-1008            Facsimile: (415) 856-7100
10  E-mails: kdermody@lchb.com            E-mails: kirbywilcox@paulhastings.com
             jsagafi@lchb.com                      jeffwohl@paulhastings.com
11                                                 mollyharcos@paulhastings.com

12  Attorneys for                         Attorneys for
    Plaintiff Ahmed Higazi                Defendant Cadence Design Systems, Inc.

13

14

15                      UNITED STATES DISTRICT COURT

16                     NORTHERN DISTRICT OF CALIFORNIA

17                          SAN JOSE DIVISION

18

19  AHMED HIGAZI, on behalf of himself    No. C-07-2813-JW
    and a class of those similarly situated,
20                                         **NOTICE OF MOTION AND MOTION FOR**
              Plaintiff,                   **ORDER (1) CONDITIONALLY CERTIFYING**
21                                         **SETTLEMENT CLASS AND COLLECTIVE**
        v.                                 **ACTION, (2) GRANTING PRELIMINARY**
22                                         **APPROVAL TO PROPOSED CLASS ACTION**
    CADENCE DESIGN SYSTEMS, INC.,          **SETTLEMENT AND PLAN OF ALLOCATION,**
23                                         **(3) DIRECTING DISSEMINATION OF CLASS**
              Defendant.                   **NOTICE AND SETTLEMENT FORMS TO**
24                                         **CLASS; AND (4) SETTING FINAL APPROVAL**
                                           **HEARING DATE AND RELATED DATES;**
25                                         **MEMORANDUM IN SUPPORT OF MOTION**

26
                                           Date:        March 10, 2008
27                                         Time:        10:00 a.m.
                                           Courtroom:   8
28                                         Judge:       Hon. James Ware

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 10, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of this Court, located at 280 South 1st Street, San Jose, California, plaintiff Ahmed Higazi and defendant Cadence Design Systems, Inc. ("Cadence"), will, and hereby do, move this Court for the following relief with respect to their Joint Stipulation of Class Settlement; Settlement Agreement and Release (the "Settlement"):

1.    that the Court certify for settlement purposes only the following nationwide settlement class (the "Class") pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons who work or worked for Cadence in a Covered Position during a Covered Period.[1]   The class is made up of plaintiff; Raquel Candelaria, Steven Michels, and Orlando Wynn (who previously have filed consents to join this action); and the other current and former Cadence employees who are listed by their Cadence employee identification numbers in Exhibit A to the Settlement.

2.    that the Court designate for settlement purposes only this action a collective action pursuant to 29 U.S.C. section 216(b);

3.    that the Court appoint plaintiff as class representative of the Class and the representative plaintiff for the collective action;

4.    that the Court appoint plaintiff's attorneys as Class Counsel for the Class;

---

[1]    The term "Covered Position" means one or more of the following titles in the pay grade level of "T4" or lower held by an individual working for Cadence in the United States while performing the duties of installing maintaining, and/or supporting computer hardware and/or software for Cadence's Information Technology infrastructure: Associate Desktop Systems Specialist, Associate Systems Administrator, Associate Systems Engineer, Customer Support Manager, IT Remote Support Specialist, Senior AM Systems Engineer, Senior Business Systems Analyst, Senior Desktop Systems Specialist, Senior IT Remote Support Specialist, Senior Network Engineer, Senior Program Analyst, Senior Staff Program Analyst, Senior Systems Administrator, Senior Systems Engineer, Senior Web Administrator, Senior Web Technologist, Staff Business Systems Analyst, Staff Database Administrator, Staff Desktop Systems Specialist, Staff Information Security Analyst, Staff IT Remote Support Specialist, Staff Network Engineer, Staff Program Analyst, Staff Systems Administrator, Staff Systems Analyst, Staff Systems Engineer, Staff Telecomm Engineer, Systems Administrator, Systems Analyst, Systems Engineer, and Web Technologist.  (Settlement, § I.M.)

The term "Covered Position" means the period (1) from May 30, 2003, to the date the Court's order granting preliminary approval of the Settlement is entered, for individuals who worked in a Covered Position in the State of California; or (2) from May 30, 2004, to the date the Court's order granting preliminary approval of the Settlement is entered,, for individuals who worked in a Covered Position anywhere in the United States other than the State of California.  (Settlement, § I.L.)

1    5.    that the Court grant preliminary approval of the Settlement;

2    6.    that the Court approve mailing to the Class Members the proposed Notice of (1) Proposed

3         Class Action Settlement and (2) Final Settlement Approval Hearing (Settlement, Exh. B),

4         the proposed Claim Form (*id.*, Exh. C), and the proposed Election Not to Participate in

5         Settlement (*id.*, Exh. D);

6    7.    that the Court approve the notice of the Settlement sent to the Attorney General of the

7         United States and the responsible state officials;

8    8.    that the Court appoint Settlement Services, Inc., as the Settlement Administrator;

9    9.    that the Court approve the parties' stipulation for a shortened 28-day notice period for the

10         hearing on their motion for final approval of the Settlement; and

11   10.    that the Court schedule a hearing for final approval of the Settlement on or after July 21,

12         2008.

13   This joint motion is made on the grounds that the Settlement is the product of arms-length, good-

14   faith negotiations; is fair and reasonable to the Class; and should be preliminarily approved, as more

15   fully discussed in the following memorandum in support of the motion.

16   The motion is based on this notice, the following memorandum in support of the motion; and the

17   accompanying Joint Stipulation of Class Settlement and Settlement Agreement and Release, Declaration

18   of James M. Finberg in Support of Joint Motion for Preliminary Approval of Class Settlement,

19   Declaration of Jahan C. Sagafi in Support of Joint Motion for Preliminary Approval of Class Settlement,

20   and proposed Order (1) Conditionally Certifying Settlement Class and Collective Action, (2) Granting

21   Preliminary Approval to Proposed Class Action Settlement and Plan of Allocation, (3) Directing

22   Dissemination of Notice and Settlement Forms to Class; and (4) Setting Final Approval Hearing Date

23   and Related Dates; the Court's record of this action; all matters of which the Court may take notice; and

24   oral and documentary evidence presented at the hearing on the motion.

25   ///

26   ///

27   ///

28   ///

1  Dated:  February 27, 2008.

JAMES M. FINBERG
2  PETER E. LECKMAN
ALTSHULER BERZON LLP

3  KELLY M. DERMODY
JAHAN C. SAGAFI
4  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

5

By: _____
6  James M. Finberg
Attorneys for Plaintiff
7  Ahmed Higazi

8  Dated:  February 27, 2008.

M. KIRBY C. WILCOX
9  JEFFREY D. WOHL
MOLLY A. HARCOS
PAUL, HASTINGS, JANOFSKY & WALKER LLP

10

11

By: _____
Jeffrey D. Wohl
12  Attorneys for Defendant
Cadence Design Systems, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Dated:   February 27, 2008.    JAMES M. FINBERG
2                                PETER E. LECKMAN
                                 ALTSHULER BERZON LLP
3
                                 KELLY M. DERMODY
4                                JAHAN C. SAGAFI
                                 LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
5

6                                By: _____
                                           James M. Finberg
7                                         Attorneys for Plaintiff
                                           Ahmed Higazi

8   Dated:  February 27, 2008.    M. KIRBY C. WILCOX
                                 JEFFREY D. WOHL
9                                MOLLY A. HARCOS
                                 PAUL, HASTINGS, JANOFSKY & WALKER LLP
10

11                               By: _____
                                          Jeffrey D. Wohl
12                                       Attorneys for Defendant
                                 Cadence Design Systems, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

*Page*

Table of Authorities ......................................................................................................... iii

I. INTRODUCTION/SUMMARY OF ARGUMENT ......................................... 1

II. FACTS ...................................................................................................... 1

    A. The Parties' Claims and Defenses ........................................... 1

    B. The Settlement Class ............................................................. 3

    C. Class Counsel ....................................................................... 4

    D. Status of the Litigation Prior to Settlement ............................ 4

    E. Settlement Negotiations ........................................................ 5

    F. Terms of the Settlement ........................................................ 6

        1. Monetary Relief to Class Members ............................. 6

        2. Plan of Allocation ..................................................... 6

        3. Additional Payments ................................................. 7

            a. Class Representative Payment ......................... 7

            b. Class Counsel Attorneys' Fees and Costs Payment ................. 7

III. ARGUMENT ............................................................................................. 8

    A. Class Certification Is Appropriate ........................................... 8

        1. The Prerequisites of Rule 23(a) Are Satisfied. ............ 8

            a. Rule 23(a)(1): The Numerosity Requirement Is Satisfied ........ 8

            b. Rule 23(a)(2): The Commonality Requirement Is Satisfied .................... 9

            c. Rule 23(a)(3): The Typicality Requirement Is Satisfied .......................... 9

            d. Rule 23(a)(4): The Adequacy of Representation Requirement Is Satisfied .............. 10

        2. The Prerequisites of Rule 23(b) Are Also Satisfied ...................... 10

            a. Common Questions Predominate Over Any Individual Issues ............... 11

-i-

# TABLE OF CONTENTS
### (*cont'd*)

*Page*

b.    A Class Action Is the Superior Mechanism to Efficiently Resolve this Controversy. ................................................................................... 11

B.    The Nationwide Class Satisfies 29 U.S.C. § 216(b) ...................................................... 12

C.    The Settlement Is Non-Collusive and Falls Well Within the Range of Possible Judicial Approval. ................................................................................... 12

IV.    THE PROPOSED NOTICE AND CLAIM FORM SATISFY DUE PROCESS ........................ 14

V.    PROPOSED SCHEDULING ORDER ...................................................................... 15

VI.    CONCLUSION ...................................................................................... 16

# TABLE OF AUTHORITIES

*Page*

**Cases**

*Amchem Products, Inc. v. Windsor,*
    521 U.S. 591 (1997) .................................................................................................. 10, 11

*Ansoumana v. Gristede's Operating Corp.,*
    201 F.R.D. 81 (S.D.N.Y. 2001) ................................................................................. 11

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975) ..................................................................................... 9

*Churchill Village, L.L.C. v. General Electric,*
    361 F.3d 566 (9th Cir. 2004) ..................................................................................... 14

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974) ................................................................................................... 14

*Gautreaux v. Pierce,*
    690 F.2d 616 (7th Cir. 1982) ..................................................................................... 13

*Gerlach v. Wells Fargo & Co.,*
    No. 05-0585, 2006 WL 824652 (N.D. Cal. March 28, 2006) ...................................... 12

*Hanlon v. Chrylser Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ........................................................................ 8, 9, 10, 11

*Harris v. Palm Springs Alpine Estates, Inc.,*
    329 F.2d 909 (9th Cir. 1964) ..................................................................................... 8

*Lightbourn v. County of El Paso,*
    118 F.3d 421 (5th Cir. 1998) ..................................................................................... 9

*McNamara v. Bre-X Minerals Ltd.,*
    214 F.R.D. 424 (E.D. Tex. 2002) ............................................................................... 13

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.,*
    221 F.R.D. 523 (C.D. Cal. 2004) ............................................................................... 13

*Paul, Johnson, Alston & Hunt v. Graulty,*
    886 F.2d 268 (9th Cir. 1989) ..................................................................................... 8

*In re Prudential Securities Inc. Ltd. Partnerships,*
    163 F.R.D. 200 (S.D.N.Y. 1995) ............................................................................... 13

*Scholtisek v. Eldre Corp.,*
    229 F.R.D. 381 (W.D.N.Y. 2005) ............................................................................... 12

*Six Mexican Workers v. Arizona Citrus Growers,*
    904 F.2d 1301 (9th Cir. 1990) ................................................................................... 8

# TABLE OF AUTHORITIES
### (*cont'd*)

*Page*

*In re Tableware Antitrust Litigation*,
484 F.Supp.2d 1078 (N.D. Cal. 2007)......................................................................... 13

*Tierno v. Rite Aid Corp*,
No. 05-02520, 2006 WL 2535056 (N.D. Cal. Aug. 31, 2006)................................. 11, 12

*In re Vitamins Antitrust Litigation*,
No. 99-197, 2001 WL 856292 (D.D.C. July 25, 2001)...................................................... 13

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002)....................................................................................... 8

*Whiteway v. FedEx Kinko's Office & Print Services, Inc.*,
No. 05-2320, 2006 WL 2642528 (N.D. Cal. Sept. 14, 2006) ........................... 8, 9, 11, 12

**Statutes and Rules**

28 U.S.C.
§ 1715 ....................................................................................................................... 14

29 U.S.C.
§ 216 ..................................................................................................................... 1, 12
§ 1001 *et seq* ............................................................................................................. 2

Fed. R. Civ. P.
R. 23 ................................................................................................................. *passim*
R. 30(b) ...................................................................................................................... 5

N.D. Local Rule
6-2............................................................................................................................ 16

**Secondary Authorities**

Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions*, § 11.41 ........................... 13

Manual for Complex Litigation, Third (Federal Judicial Center 1995) ................................. 13

## MEMORANDUM IN SUPPORT OF MOTION

### I.   INTRODUCTION/SUMMARY OF ARGUMENT

After significant discovery, and notwithstanding their adversarial positions in this matter, plaintiff Ahmed Higazi and defendant Cadence Design Systems, Inc. ("Cadence") (collectively, the "Parties"), negotiated a $7.5 million settlement of this litigation on behalf of approximately 207 Cadence employees.  (Declaration of James M. Finberg in Support of Joint Motion for Preliminary Approval of Class Settlement ["Finberg Decl."], ¶¶ 19-20.)  The anticipated recovery per class member is more than $25,000.  (*Id.*, ¶ 20.)  The terms of the proposed settlement are set forth in the proposed Joint Stipulation of Class Settlement; Settlement Agreement and Release ("Settlement") filed with this motion.

The proposed settlement class meets the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), which are applicable to class settlements, and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which authorizes collective actions.  Accordingly, this Court should certify a nationwide class under Rule 23, and also designate the action as a collective action under 29 U.S.C. section 216(b).

The Settlement is the product of arms-length negotiations between the Parties and falls within the range of reasonableness such that notice to the class is appropriate.  (Finberg Decl., ¶ 20.)  The notice to be sent to the class members provides them with the best notice practicable under the circumstances and will allow each class member a full and fair opportunity to evaluate the Settlement and decide whether to participate.

Accordingly, this Court should grant preliminarily approval to the Settlement, approve the form and proposed manner of distribution of the class notice and related materials, and schedule a hearing for final approval of the Settlement consistent with the time frame set forth in this motion.

### II.   FACTS

#### A.   The Parties' Claims and Defenses.

Cadence designs and creates electronic design automation software and hardware that its customers (such as Dell and Intel) use to design integrated circuits (microchips).  Plaintiff, a former Cadence Staff Systems Engineer, and the settlement class that he seeks to represent (the "Class" or "Class Members") are 207 current and former Cadence employees who have worked in the pay grade

level of "T4" or lower in one of the following positions while performing the duties of installing maintaining, and/or supporting computer hardware and/or software for Cadence's Information Technology infrastructure: Associate Desktop Systems Specialist, Associate Systems Administrator, Associate Systems Engineer, Customer Support Manager, IT Remote Support Specialist, Senior AM Systems Engineer, Senior Business Systems Analyst, Senior Desktop Systems Specialist, Senior IT Remote Support Specialist, Senior Network Engineer, Senior Program Analyst, Senior Staff Program Analyst, Senior Systems Administrator, Senior Systems Engineer, Senior Web Administrator, Senior Web Technologist, Staff Business Systems Analyst, Staff Database Administrator, Staff Desktop Systems Specialist, Staff Information Security Analyst, Staff IT Remote Support Specialist, Staff Network Engineer, Staff Program Analyst, Staff Systems Administrator, Staff Systems Analyst, Staff Systems Engineer, Staff Telecomm Engineer, Systems Administrator, Systems Analyst, Systems Engineer, and Web Technologist (collectively the "Covered Positions"). The complete Class list is set forth in Exhibit A to the Settlement.

Plaintiff contends that Cadence misclassified the Class as exempt from the overtime requirements of the FLSA and the wage-and-hour laws of the State of California. (Complaint, ¶ 15, Docket No. 1.) Plaintiff further asserts that, due to this alleged misclassification, Cadence violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (*Id.*, ¶¶ 16-18.) Specifically, plaintiff contends that certain ERISA-covered benefit plans in which he participated required Cadence to provide employees with benefit credits based upon their compensation earned. (*Id.*, ¶¶ 18, 35-41.)

At all points during this litigation, Cadence disputed, and it continues to dispute, plaintiff's allegations, expressly denying any liability for any of the claims that plaintiff or the Class has raised or could have raised. (*See generally* Amended Answer to Complaint, Docket No. 41.) Furthermore, were the litigation to continue, Cadence would aggressively pursue a number of defenses, both as to the propriety of class certification and on the merits of plaintiff's claims. Such defenses notwithstanding, Cadence has concluded that it is in the company's best interest to resolve and settle this litigation pursuant to the Settlement. (Settlement, § II.E., F.) Cadence has agreed to the Settlement to avoid the burden, expense, and uncertainty of continued litigation; it does not admit or concede that any

1  employees were misclassified or that it would be found liable if this matter were to proceed to trial.  (*Id.*)

2  For their part, plaintiff's counsel have analyzed and evaluated the merits of plaintiff's claims

3  against Cadence in the litigation and the impact of the Settlement on plaintiff and the Class.  (Finberg

4  Decl., ¶¶ 13-17)  Specifically, while plaintiff's counsel believe that plaintiff's claims are meritorious,

5  that plaintiff would eventually prevail in certifying this case as a collective action and a class action, and

6  that plaintiff would prevail on the merits of his claims, plaintiff's counsel have also considered factors

7  such as the substantial risks of continued litigation and the possibility that the case, if not settled now,

8  might not result in any recovery or might result in a recovery several years from now that is less

9  favorable to Class than that offered by the Settlement.  (*Id.*, ¶ 21.)  In light of such considerations,

10  plaintiff's counsel are satisfied that the terms and conditions of the Settlement are fair, reasonable and

11  adequate and that the Settlement is in the best interests of the Class.  (*Id.*)

12  **B.    The Settlement Class.**

13  As part of the Settlement Agreement, Cadence agreed to certification of the following settlement

14  class:

> All persons who work or worked for Cadence in a Covered
> Period.  The class is made up of plaintiff; Raquel Candelaria, Steven Michels, and
> Orlando Wynn (who previously have filed consents to join this action); and the other
> current and former Cadence employees who are listed by their Cadence employee
> identification numbers in Exhibit A to the Settlement.

18  (Settlement, § I.E.)

19  The term "Covered Position" means one or more of the following titles in the pay grade level of

20  "T4" or lower held by an individual working for Cadence in the United States while performing the

21  duties of installing maintaining, and/or supporting computer hardware and/or software for Cadence's

22  Information Technology infrastructure: Associate Desktop Systems Specialist, Associate Systems

23  Administrator, Associate Systems Engineer, Customer Support Manager, IT Remote Support Specialist,

24  Senior AM Systems Engineer, Senior Business Systems Analyst, Senior Desktop Systems Specialist,

25  Senior IT Remote Support Specialist, Senior Network Engineer, Senior Program Analyst, Senior Staff

26  Program Analyst, Senior Systems Administrator, Senior Systems Engineer, Senior Web Administrator,

27  Senior Web Technologist, Staff Business Systems Analyst, Staff Database Administrator, Staff Desktop

28  Systems Specialist, Staff Information Security Analyst, Staff IT Remote Support Specialist, Staff

1  Network Engineer, Staff Program Analyst, Staff Systems Administrator, Staff Systems Analyst, Staff

2  Systems Engineer, Staff Telecomm Engineer, Systems Administrator, Systems Analyst, Systems

3  Engineer, and Web Technologist. (Settlement, § I.M.)  There are 207 Class Members. (*Id.*, Exh. A.)

4          To account for the different recovery periods under the FLSA and California law, the Settlement

5  defines the term "Covered Period" as follows: the period (1) from May 30, 2003, to the date the Court's

6  order granting preliminary approval of the Settlement is entered, for individuals who worked in a

7  Covered Position in the State of California; or (2) from May 30, 2004, to the date the Court's order

8  granting preliminary approval of the Settlement is entered,, for individuals who worked in a Covered

9  Position anywhere in the United States other than the State of California. (Settlement, § I.L.)

10         The Class is readily and individually identifiable from Cadence's payroll records, and the Parties

11  have determined that a significant percentage of the Class Members remain employed by the company.

12  (Finberg Decl., ¶ 22.)

13         **C.    Class Counsel.**

14         Plaintiff in this matter is represented by James M. Finberg and Peter E. Leckman of Altshuler

15  Berzon LLP and Kelly M. Dermody and Jahan C. Sagafi of Lieff, Cabraser, Heimann & Bernstein, LLP

16  (collectively "Class Counsel").

17         Class Counsel have extensive experience in prosecuting and litigating wage and hour actions

18  such as this.  (Finberg Decl., ¶ 12; Declaration of Jahan C. Sagafi in Support of Joint Motion for

19  Preliminary Approval of Class Settlement ["Sagafi Decl."], ¶¶7-18.)  Class Counsel have the resources

20  to prosecute effectively large-scale wage-and-hour class actions. (Finberg Decl., ¶ 18.)  Class Counsel

21  have conducted extensive investigation of this case, reviewing thousands of documents produced by

22  Cadence, deposing three Cadence corporate representatives, reviewing data on potential class members,

23  and interviewing dozens of putative class members regarding their job duties and overtime hours.

24  (Finberg Decl., ¶ 16.)

25         **D.    Status of the Litigation Prior to Settlement.**

26         The Parties have engaged in extensive discovery.   They commenced discovery promptly

27  following their August 24, 2007, Rule 26(f) Conference. (Finberg Decl., ¶¶ 13-16.)  In the course of this

28  discovery, plaintiff obtained written and testimonial evidence regarding: (1) Class Members'

1  employment with Cadence; (2) Cadence's compliance with the FLSA, California wage-and-hour laws,

2  and ERISA; (3) Cadence policies and procedures regarding the company's classification of Class

3  Members; (4) company policies and practices regarding recording of hours worked by potential Class

4  Members; (5) the job tasks, assignments, duties, and functions of potential Class Members; (6) formal

5  and informal training received by potential Class Members regarding how to perform their job tasks,

6  assignments, duties, and functions; and (7) hours worked and compensation paid to potential Class

7  Members.  (*Id.*, ¶ 16.)  In total, Cadence produced thousands of pages of documents, including data from

8  Cadence's payroll and human resources databases, job descriptions and other documents related to job

9  duties and responsibilities, job posting data, orientation materials, pension plan documents, human

10  resource policies and procedures, compensation policies and procedures, and documents related to

11  company classification decisions.  (*Id.*, ¶ 16.)  Plaintiff's counsel also deposed three Cadence executives

12  pursuant to Federal Rule of Civil Procedure 30(b)(6), exploring topics such as Cadence's policies and

13  procedures for classifying positions, the company's organizational structure, and the job duties and

14  responsibilities of Class Members.  (*Id.*, ¶ 16.)

15      For its part, Cadence conducted written and testimonial discovery regarding, among other things,

16  plaintiff's individual and class liability and damages claims and plaintiff's contentions regarding class

17  and collective action certification.  (Finberg Decl., ¶ 17.)  Plaintiff provided written responses to

18  numerous requests for production of documents, and produced hundreds of pages of documents.  (*Id.*)

19  Cadence also thoroughly deposed plaintiff.  (*Id.*, ¶ 16.)

20      **E.    Settlement Negotiations.**

21      After conducting extensive discovery, the Parties participated in a private mediation with

22  experienced mediator David A. Rotman of the San Francisco firm of Gregorio, Haldeman, Piazza,

23  Rotman, Frank & Feder LLP.  (Finberg Decl., ¶¶ 19-20.)  Prior to this mediation, both Parties exchanged

24  detailed mediation briefs that included their respective assessments of the case and appendices

25  containing several hundred pages of supporting documentation and evidentiary materials.  (*Id.*, ¶ 19.)

26  The Parties' mediation took place on January 9, 2008.  (*Id.*, ¶ 19.)  At the conclusion of this session, the

27  Parties reached a settlement in principle.  (*Id.*, ¶ 20.)  Thereafter, the Parties continued their arms-length

28  negotiations to finalize the Settlement.  (*Id.*, ¶ 20.)

1

**F.      Terms of the Settlement.**

2

**1.      Monetary Relief to Class Members.**

3

Each Class Member who submits a timely and valid claim form is eligible to receive a specified

4

share of the $7.5 million settlement fund based upon a formula described below.   (Settlement,

5

§ XIII.A.2.)  Assuming every Class Member submits a valid claim, the net average amount per class

6

member—after deductions for the Class Representative Payment, the Class Counsel Attorneys' Fees and

7

Costs Payment, the $20,000 payment to the California Labor Workforce Development Agency,

8

employer taxes on settlement shares, and the costs of claim administration—will be more than $25,000.

9

(Finberg Decl., ¶ 20.)  The entire settlement fund will be paid out; none will revert to Cadence.

10

**2.      Plan of Allocation.**

11

The Settlement includes a proposed plan of allocation, based on a formula carefully designed to

12

fairly compensate Class Members.  (Finberg Decl., ¶ 21.)  Each Class Member who does not opt out and

13

who timely and properly completes a claim form (a "Claimant") will receive a share of the settlement

14

fund. (Settlement, § XIII.A.2.)  The calculation of each Claimant's settlement share will be based on the

15

Claimant's number of compensable workweeks, except that to account for the more favorable remedies

16

and legal standards for California employees challenging exempt classifications, workweeks worked in

17

California will be increased by 2.7 compared to workweeks worked outside of California.   (*Id.*,

18

§ XIII.A.2.b.)  Because plaintiff's class claims seek the recovery of both wages and penalties, one-half

19

of the settlement shares will be deemed payment in settlement of wage claims (from which payroll

20

withholding and deductions will be taken) and one-half of the settlement shares will be deemed payment

21

in settlement of claims for interest on wages and penalties (from which no withholding or deductions

22

will be taken).  (*Id.*, § XIII.A.3.)  The employer's share of taxes on the wage payments also will be paid

23

from the settlement fund.  (*Id.*, § XII.A.)

24

The  Settlement  also  provides  for  $20,000  to  be  paid  to  the  California  Labor  Workforce

25

Development Agency ("LWDA") as the LWDA's share of the settlement of the Class's claims for

26

statutory penalties under the California Labor Code pursuant to the Labor Code Private Attorneys

27

General Act of 2004 ("PAGA").  (Settlement, § XIII.A.1.d.)

28

If the settlement fund is not fully distributed following the distribution of the Class Members'

settlement shares (because not all claimants cash their checks), any remaining funds (the "Remainder") above $10,000 will be redistributed *pro rata* to the remaining Claimants.  If the Remainder does not exceed $10,000, it will be donated in the name of the *Higazi v. Cadence Design Systems, Inc.* Settlement Fund, 25 percent (25%) to the Legal Aid Society of San Francisco/Employment Law Center, 25 percent (25%) to the Bar Association of San Francisco Volunteer Legal Services Project, and fifty percent (50%) to The Leukemia & Lymphoma Society.  (Settlement, § XIII.B.)

### 3.    Additional Payments.[2]

#### a.    Class Representative Payment.

Prior to the final approval hearing, plaintiff will apply to the Court to receive $15,000 as the Class Representative Payment for services he has rendered to the Class.  (Settlement, § IX.B.)  This amount is separate and apart from any other recovery to which plaintiff will be entitled under the Settlement as a Class Member.  (*Id.*)  This payment is intended to recognize the time and effort that plaintiff has expended on behalf of the Class, which included numerous, regular, detailed discussions with Class Counsel, having his deposition taken, and attending the full 12-hour-plus mediation, as well as the risks he incurred during the course of this litigation.

#### b.    Class Counsel Attorneys' Fees and Costs Payment.

Prior to the final approval hearing, plaintiff's counsel will petition the Court for the Class Counsel Attorneys' Fees and Costs Payment in an amount equaling not more than 25% of the settlement fund for attorneys' fees plus not more than $50,000 for costs and expenses.  (Settlement, § IX.B.)  In litigating this matter, plaintiff's counsel interviewed more than 20 Class Members and witnesses, reviewed thousands of pages of documents produced by witnesses and Cadence, including documents regarding Class Member job duties, the classification decision, and Cadence's organization, procedures, and policies; assisted 10 Class Members in preparing sworn declarations; deposed three Cadence corporate representatives; defended plaintiff's deposition; drafted and responded to written requests for

---

[2]    The following, pertaining to requests to be made by plaintiff and his counsel for the Class Representative Payment and the Class Counsel Attorneys' Fees and Costs Payment, is submitted by plaintiff only.  Cadence does not join in the following, but pursuant to the Settlement will not oppose these requests.

1    production of documents; and otherwise aggressively pursued the case. (Finberg Decl., ¶ 16.)

2        The compensation sought for Class Counsel is not excessive, as their request for 25% of the

3    settlement fund is consistent with the Ninth Circuit's standard "benchmark" of 25% as fair and

4    reasonable for a common fund attorneys' fee award. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047

5    (9th Cir. 2002); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990);

6    *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989).

7    **III.    ARGUMENT**

8        **A.    Class Certification Is Appropriate.**

9        When confronted with a request for certification of a settlement class, the court's "threshold task

10   is to ascertain whether the proposed settlement class satisfies the requirements of Rule 23(a) of the

11   Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity,

12   (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon*, 150 F.3d at 1019. "In

13   addition...the parties seeking class certification must also show that the action is maintainable under Fed.

14   R. Civ. P. 23(b)(1), (2), or (3)." *Id.* at 1022.

15           **1.    The Prerequisites of Rule 23(a) Are Satisfied.**[3]

16           **a.    Rule 23(a)(1):  The Numerosity Requirement Is Satisfied.**

17       The first requirement of Rule 23(a) is that the class be so numerous that joinder of all members

18   would be "impracticable."  Fed. R. Civ. P. 23(a)(1).  Here, "'[i]mpractical' does not mean 'impossible,'

19   and a plaintiff only need establish the difficulty or inconvenience of joining all members of the class to

20   meet the numerosity requirement."  *Whiteway v. FedEx Kinko's Office & Print Servs., Inc.*, No. 05-

21   2320, 2006 WL 2642528, at *4 (N.D. Cal. Sept. 14, 2006) (citing *Harris v. Palm Springs Alpine Estates,*

22   *Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)).  Although there is no "magic number" necessary to satisfy

23   numerosity, and "courts must examine the specific facts of each case to determine that numerosity has

24   been satisfied," it is generally held that "numerosity may be presumed at a level of forty members." *Id.*

25   at *4 & n.3.

26

27   [3]     Cadence joins in section III.A. and B. of this memorandum for purposes of the Settlement only
     and reserves all rights to assert contrary positions and defenses should the Settlement not be approved

28   and the litigation resume.

In this case, the Class includes 207 employees, all of whom are readily identifiable from Cadence's payroll records. (Finberg Decl., ¶ 20.) Therefore, numerosity as required by Rule 23(a)(1) is satisfied.

### b.    Rule 23(a)(2): The Commonality Requirement Is Satisfied.

Rule 23(a) also requires that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In the Ninth Circuit, this requirement "has been construed permissively." *Hanlon v. Chrylser Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Specifically, "[a]ll questions of fact and law need not be common to satisfy the rule." *Id.* Rather, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* "Factual variations or individual differences concerning damages, for example, will generally not defeat commonality." *Whiteway*, 2006 WL 2642582, at *4 (citing *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975)).

Plaintiff contends that several common questions of fact and law exist, including:

1.    whether Cadence required Class Members to perform their duties in a similar manner;

2.    whether Cadence had a policy of improperly classifying Class Members as exempt employees for purposes of federal and state wage-and-hour laws; and

3.    if Cadence improperly classified Class Members as exempt, whether this was done knowingly.

Plaintiff submits that these issues satisfy commonality for purposes of Fed. R. Civ. P. 23(a)(2).

### c.    Rule 23(a)(3): The Typicality Requirement Is Satisfied.

Rule 23 also requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). As a general matter, the typicality analysis "tends to merge" with the commonality analysis, *Whiteway*, 2006 WL 2642528 at *6, and, like Rule 23(a)(2), Rule 23(a)(3) establishes a "permissive" standard, *Hanlon,* 150 F.3d at 1020. Typicality, however, "focuses on the similarity between the lead plaintiff's legal theories and those of the people he or she purports to represent." *Whiteway*, 2006 WL 2642528, at *6 (citing *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1998)). Typicality is established if "representative claims are...reasonably co-extensive with those of absent class members; they need not be substantially

1    identical." *Hanlon*, 150 F.3d at 1020.

2        Here, plaintiff contends, that plaintiff's claims arise out of the same type of factual and legal

3    circumstances surrounding the claims of each Class Member.  Plaintiff contends that he performed the

4    same duties for Cadence as Class Members, and he alleges the same injury—*i.e.*, that he was

5    misclassified as exempt and that Cadence improperly withheld benefit credits from him under certain

6    ERISA-governed plans.  As such, the typicality requirement of Rule 23(a)(3) is satisfied.

7            **d.    Rule 23(a)(4):  The Adequacy of Representation Requirement Is Satisfied.**

8

9        Rule 23 also requires that the class representative fairly and adequately protects the interests of

10   the class.  Fed. R. Civ. P. 23(a)(4).  This requirement is grounded in "due process concerns," as class

11   members are constitutionally entitled to "adequate representation before an entry of a judgment which

12   binds them."  *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940)).  The

13   adequacy requirement is met where the class representative: (1) has common, and not antagonistic,

14   interests with unnamed class members, and (2) will vigorously prosecute the interests of the class

15   through qualified counsel.  *See Amchem Products, Inc. v. Windsor,*, 521 U.S. 591, 625 (1997); *Hanlon*,

16   150 F.3d 1020.

17       Here, as detailed above, plaintiff possesses the same type of interests and suffered the same type

18   of injury as the other Class Members.  In addition, plaintiff has prosecuted this matter diligently through

19   his counsel.   Indeed, plaintiff's counsel have extensive experience in class action wage-and-hour

20   litigation, including federal and state overtime and ERISA class actions.  They are well-qualified to be

21   appointed as Class Counsel.  (Finberg Decl., ¶ 12; Sagafi Decl. ¶¶ 7-18.)

22       Further, plaintiff's counsel have the ability and resources to vigorously pursue these claims.

23   (Finberg Decl., ¶ 18.)  Therefore, because the adequacy requirement of Rule 23(a)(4) is satisfied for

24   purposes of certification of the settlement class, plaintiff should be appointed as Class Representative,

25   and plaintiff's counsel should be appointed as Class Counsel.

26           **2.    The Prerequisites of Rule 23(b) Are Also Satisfied.**

27       As the Ninth Circuit holds:

28       To qualify for certification under [Rule 23(b)(3)], a class must satisfy two conditions in

1    addition to the Rule 23(a) prerequisites:  common questions must "predominate over any
2    questions affecting only individual members," and class resolution must be "superior to
     other available methods for the fair and efficient resolution of the controversy."

3    *Hanlon*, 150 F.3d at 1022 (quoting Fed. R. Civ. P. 23(b)(3)).  Here, the requirements of Rule 23(b)(8)

4    are satisfied.[4]

5                    **a.        Common Questions Predominate Over Any Individual Issues.**

6          "The Rule 23(a)(3) predominance inquiry tests whether proposed classes are sufficiently

7    cohesive to warrant adjudication by representation."  *Hanlon*, 150 F.3d at 1022.  It focuses on the

8    "relationship between the common and individual issues."  *Id.*  "When common questions present a

9    significant aspect of the case and they can be resolved for all members of the class in a single

10   adjudication, there is clear justification for handling the dispute on a representative rather than on an

11   individual basis."  *Id.* (quoting 7A Wright, Miller & Kane, *Fed. Prac. & Proc.* § 1778 (2d ed. 1986)).

12         In this case, Cadence's liability centers on the company's alleged misclassification of the Class

13   Members.  As detailed above, plaintiff contends that the resolution of his class claims involves several

14   common issues.  Moreover, plaintiff contends that the common issues will predominate because plaintiff

15   and the other Class Members hold or held the same positions and Cadence has a common practice of

16   misclassifying Class Members as exempt from overtime pay requirements and allegedly refusing to

17   provide compensation and benefit credits for overtime hours.   As a result, plaintiff contends that the

18   common factual and legal issues raised by the central allegations of misclassification will predominate.

19   *See Whiteway*, 2006 WL 2642528, at *10; *Tierno v. Rite Aid Corp,* No. 05-02520 TEH, 2006 WL

20   2535056, at *10 (N.D. Cal. Aug. 31, 2006); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81,

21   89 (S.D.N.Y. 2001).

22                    **b.        A Class Action Is the Superior Mechanism to Efficiently Resolve this
23                            Controversy.**

24         Rule 23(a)(3)'s final requirement is that "resolution of the issues on a class wide basis [be]

25   superior to other methods available for the fair and efficient adjudication of the controversy."  *Tierno*,

26   _____

27   [4]    Since this motion is made in connection with a proposed class settlement, it is unnecessary to
      address or decide the fourth consideration contained in Rule 23(b)(3)—"manageability" of a trial—since
28   there will be no trial if this settlement is approved.  *Amchem*, 521 U.S. at 620.

2006 WL 2535056, at *11. Plaintiff contends that this requirement is satisfied because "there is no indication that class members seek to individually control their cases, that individual litigation is already pending in other forums, or that this particular forum is undesirable for any reason." *Id.* at *11. Furthermore, Class Members may lack the resources to secure experienced, qualified counsel or to see litigation through to completion. In addition, individual lawsuits from hundreds of individuals would be wasteful and inefficient. *See, e.g., Whiteway*, 2006 WL 2642528, at *11. Accordingly, certification of this settlement class is superior to any other method of resolving this matter, as it will promote economy, expediency, and efficiency.

### B. The Nationwide Class Satisfies 29 U.S.C. § 216(b).

This case is also appropriate for certification under section 16(b) of the FLSA, 29 U.S.C. § 216(b). Under the FLSA, an action may be maintained by an employee or employees on behalf of others who are "similarly situated." 29 U.S.C. § 216(b). Courts follow a two-phase approach for determining whether an FLSA action meets the "similarly situated" standard. *See, e.g., Gerlach v. Wells Fargo & Co.*, No. 05-0585, 2006 WL 824652, at *1 (N.D. Cal. March 28, 2006) (quoting 29 U.S.C. § 216(b)). In the initial, "conditional" certification phase, the "similarly situated" standard is more permissive than Rule 23 and requires only that the named plaintiff make a "modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005).

Here, plaintiff contends that the Class Members are similarly situated for purposes of conditional certification of a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff and Class Members engaged in the same basic job duties. Plaintiff alleges that Cadence has a common practice of misclassifying Class Members as exempt from overtime pay requirements and refusing to provide compensation and benefit credits for overtime hours. (Complaint ¶¶ 23-41.) Accordingly, conditional certification of settlement classes under 29 U.S.C. § 216(b) is appropriate.

### C. The Settlement Is Non-Collusive and Falls Well Within the Range of Possible Judicial Approval.

A "class action shall not be dismissed or compromised without the approval of the court." Fed. R. Civ. P. 23(e). Such approval "involves a two-step process in which the Court first determines

1  whether a proposed class action settlement deserves preliminary approval and then, after notice is given

2  to class members, whether final approval is warranted." *Nat'l Rural Telecommc'ns Coop. v. DIRECTV,*

3  *Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).  At the preliminary approval stage—the present stage in this

4  matter—the court need only "determine whether the proposed settlement is within the range of possible

5  approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982) (internal citations and quotations

6  omitted).  In other words, because the court cannot fully assess a settlement prior to providing class

7  members notice of the settlement and the opportunity to present objections, the court's first-stage

8  analysis consists of a review for "obvious deficiencies." *In re Prudential Sec. Inc. Ltd. P'ships Litig.*,

9  163 F.R.D. 200, 209 (S.D.N.Y. 1995).

10      To grant preliminary approval of the Settlement, the Court must find only that it is non-collusive

11  and within the range of possible final approval.  *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078,

12  1079-80 (N.D. Cal. 2007); *see also* Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions*, §

13  11.41 (4th ed. 2006).  This is a minimal standard.

14      As long as "preliminary evaluation of the proposed settlement does not disclose grounds to doubt

15  its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives

16  or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range

17  of possible approval," the Court should preliminarily approve the settlement.  *In re Vitamins Antitrust*

18  *Litig.*, No. 99-197, 2001 WL 856292, at *4 (D.D.C. July 25, 2001) (quoting *Manual for Complex*

19  *Litigation, Third* (federal Judicial Center 1995)).  The Court may also direct the giving of notice to the

20  Class Members of a final approval hearing, "at which arguments and evidence may be presented in

21  support of and in opposition to the settlement." *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426

22  (E.D. Tex. 2002) (quoting *Manual for Complex Litigation, Third*, at 237); 4 Newberg, § 11.25 (quoting

23  same).[5]

24      Here, the Parties negotiated the proposed Settlement in good faith and at arms' length.  (Finberg

25

26

27  _____

    [5]    The Fourth edition of the *Manual for Complex Litigation* was released in 2004, and does not
    include this precise language, but instead suggests that if a court has "reservations" about any of the
    issues described, it should "raise questions...and perhaps seek an independent review." *Manual 4th*

28  § 21.632.  The end result is the same.

1 Decl., ¶¶19-20.)    As noted above, extensive discovery has allowed Class Counsel—who are very

2 experienced wage-and-hour class action attorneys—to assess the strengths and weaknesses of the claims

3 against Cadence and the benefits of the Settlement under the circumstances of this case.  (Finberg Decl.,

4 ¶¶ 13-18; Sagafi Decl. ¶¶ 7-18.)   Class Counsel believe that the settlement is fair, reasonable, and

5 adequate and is in the best interest of the Class Members in light of all known facts and circumstances,

6 including the risk of significant delay and Defendant's asserted defenses.  (Finberg Decl., ¶ 21; Sagafi

7 Decl., ¶ 19.)

8 **IV.    THE PROPOSED NOTICE AND CLAIM FORM SATISFY DUE PROCESS**

9     Under Rule 23(e), the Court must "direct notice in a reasonable manner to all class members who

10 would be bound by a proposed settlement."  Fed. R. Civ. P. 23(e)(1)(B).  The notice standard is satisfied

11 here.[6]

12     The notice provided to members of a class certified under Rule 23(b)(3) must be the "best notice

13 practicable under the circumstances."  Fed. R. Civ. P. 23(c)(2)(B).  Notice is satisfactory "if it generally

14 describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to

15 investigate and to come forward and be heard."  *Churchill Village, L.L.C. v. General Electric*, 361 F.3d

16 566, 575 (9th Cir. 2004) (internal citations omitted).  Moreover, notice that is mailed to each member of

17 a settlement class "who can be identified through reasonable effort" constitutes reasonable notice.  *Eisen*

18 *v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).  For any class certified under Rule 23(b)(3), the

19 notice must inform class members "that the court will exclude from the class any member who requests

20 exclusion, stating when and how members may elect to be excluded."  Fed. R. Civ. P. 23(c)(2)(B).

21     Here, the form and the manner of the class notice, the claim form, and the form of election not to

22 participate in the Settlement, have been negotiated and agreed upon by all counsel.  (Settlement

23 Agreement, Exhs. B-D.)  The notice will inform Class Members of, among other things, (1) the nature of

24 this action, the Settlement Class, Class Counsel, and the essential terms of the Settlement; (2) the

25

26 [6]    Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), after filing this
27 motion for preliminary approval, Cadence will also give the required notice of the Settlement to the
Attorney General of the United States and the appropriate officials of the states where Class Members
are known to reside (see Settlement, § I.B., Exh. E), and will file a declaration of compliance with
28 CAFA prior to the hearing on the motion.

1   allocation of the Settlement fund, including the calculation of each Class Member's settlement share, the

2   requests for the Class Representative Payment and the Class Counsel Attorneys' Fees and Costs

3   Payment, and the other payments that will be deducted from the Settlement fund; (3) how to participate

4   in the Settlement; (4) how to opt out of the Settlement; (5) how to comment on or object to the

5   Settlement; (6) this Court's procedures for final approval of the Settlement; and (6) how to obtain

6   additional information regarding this action and the Settlement.  The notice is written in plain English

7   and is organized and formatted so as to be as clear as possible.  It encourages Class Members to contact

8   Class Counsel or the Settlement Administrator with any questions.

9           The Parties propose that within 24 days of the entry of an order granting this motion, the

10  Settlement Administrator (the Parties propose Settlement Services, Inc., an experienced class action

11  administrator) will mail the class notice and related materials to the last known address of each Class

12  Member from Cadence's records or the updated address from the National Change of Address database.

13  (Settlement, § VII.B.)  Notice will be sent by first-class mail.  The Settlement Administrator will take all

14  reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by

15  the post office as undeliverable and otherwise to provide the Class Notice.  (*Id.*, § VII.C.)  Due to the

16  accuracy of Cadence's records, the small size of the class, and the obligations imposed on the Settlement

17  Administrator by the Settlement, the Parties believe that there is no need for local newspaper

18  advertisements or regional or national publications.  (Finberg Decl., ¶ 22.)

19          The Parties propose that, under the notice plan outlined above, the Class Members will have 45

20  days after the notice is mailed to consider the proposed Settlement, object to the Settlement, or elect not

21  to participate in the Settlement (Settlement, § VII.D.), and 60 days after the notice is mailed to submit

22  claims for settlement shares (*id.*, § VII.F.).

23          The foregoing notice plan provides the best notice practicable under the circumstances and will

24  provide Class Members a full and fair opportunity to consider the terms of the proposed Agreement and

25  make a fully informed decision on whether to participate, to object, or to opt out of the Settlement.

26  **V.      PROPOSED SCHEDULING ORDER**

27          The following schedule sets forth a proposed sequence for the relevant dates and deadlines,

28  assuming the Court preliminarily approves the Settlement.

| Event | Time Limits According to Agreement | Date[7] |
|---|---|---|
| Deadline to mail Class Notice to Class | Within 24 days after date of Preliminary Approval Order | April 3, 2008 |
| Deadline for submission of Elections Not to Participate | Must be postmarked or delivered to the Claims Administrator within 45 days after the Claims Administrator mails the Class Notice | May 19, 2008 |
| Deadline for objections | Must be postmarked or delivered to the Claims Administrator within 45 days after the Claims Administrator mails the Class Notice | May 19, 2008 |
| Deadline for submission of Claim Forms | Must be postmarked to the Claims Administrator within 60 days after the Claims Administrator mails the Notice | June 3, 2008 |
| Deadline to file Motion for Final Approval | 28 days prior to Fairness Hearing | June 23, 2008[8] |
| Final Approval Hearing | | July 21, 2008 |

## VI.    CONCLUSION

For the foregoing reasons, this Court should (1) conditionally certify the proposed settlement class; (2) conditionally designate the action as a collective action under the FLSA; (3) appoint plaintiff as the Class Representative for the Settlement Class; (4) appoint plaintiff's counsel as Class Counsel for the settlement class; (5) grant preliminary approval to the parties' Settlement; (6) approve the mailing of the proposed Class Notice, Claim Form, and Election Not to Participate in Settlement; (7) approve the notice of the Settlement sent to the Attorney General of the United States and the other responsible state officials; (8) appoint Settlement Services, Inc., as the Settlement Administrator; and (9) approve the parties' stipulation for a shortened 28-day notice period for the hearing on their motion for final approval of the Settlement; and (10) schedule a final approval hearing for on or after July 21, 2008.

---

[7] These dates assume that the Court grants preliminary approval on March 10, 2008.

[8] Because they will jointly file the motion for final approval of the Settlement, the Parties hereby stipulate to an expedited 28-day noticed hearing pursuant to Civil Local Rule 6-2 ("Rule 6-2"). The Parties agree that an expedited hearing date is in the interest of all parties, including the Class Members, for it will expedite the resolution of this action and the payment to the Class. Pursuant to Rule 6-2, the Parties notify that Court of their one prior time modification in this action, the Stipulation and Proposed Order Continuing the Initial Case Management Conference, filed October 4, 2007 (Docket No. 35).

1    Dated:  February 27, 2008.    JAMES M. FINBERG
                        PETER E. LECKMAN

2                        ALTSHULER BERZON LLP

3                        KELLY M. DERMODY
                        JAHAN C. SAGAFI

4                        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____

James M. Finberg
Attorneys for Plaintiff
Ahmed Higazi

8    Dated:  February 27, 2008.    M. KIRBY C. WILCOX
                        JEFFREY D. WOHL

9                        MOLLY A. HARCOS
                        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____

Jeffrey D. Wohl
Attorneys for Defendant
Cadence Design Systems, Inc.

1

Dated:   February 27, 2008.              JAMES M. FINBERG
                                         PETER E. LECKMAN
2                                        ALTSHULER BERZON LLP

3                                        KELLY M. DERMODY
                                         JAHAN C. SAGAFI
4                                        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

5
                                         By: _____
6                                                   James M. Finberg
                                                   Attorneys for Plaintiff
7                                                   Ahmed Higazi

8    Dated:  February 27, 2008.          M. KIRBY C. WILCOX
                                         JEFFREY D. WOHL
9                                        MOLLY A. HARCOS
                                         PAUL, HASTINGS, JANOFSKY & WALKER LLP
10

11                                       By: _____
                                                   Jeffrey D. Wohl
12                                                 Attorneys for Defendant
                                                   Cadence Design Systems, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 58120217.6

JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT; MEMO IN SUPPORT
U.S.D.C., N.D. Cal. No. C-07-2813-JW