# **EXHIBIT B**

**Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED HIGAZI, on behalf of himself and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CADENCE DESIGN SYSTEMS, INC.,<br><br>Defendant. | No. C-07-2813-JW<br><br>**NOTICE OF (1) PROPOSED CLASS SETTLEMENT AND (2) FINAL SETTLEMENT APPROVAL HEARING** |

**NOTE: Please read this notice carefully, it may affect your legal rights to claim additional wages while you were employed by Cadence Design Systems, Inc.**

**If you wish to claim a share of the settlement described in this notice, you must complete and submit a Claim Form, postmarked or received by the Settlement Administrator on or before [DATE], or else you will not receive your share of the settlement.**

**If you wish to comment on or object to the settlement, you must follow the directions in this notice.**

**If you do not want to participate in the settlement, you must complete and return your completed Election Not to Participate form, postmarked or received by the Settlement Administrator on or before [DATE], or else you will be bound by the settlement even if you do not claim your share of the settlement.**

Pursuant to the order of the United States District Court for the Northern District of California (the "Court") entered on [DATE], YOU ARE HEREBY NOTIFIED AS FOLLOWS:

**1.    SUMMARY OF THE SETTLEMENT AND MY RIGHTS**

§ 1.a.   To Whom This Notice Is Directed: This Notice, which has been approved by the Court, is to notify Class Members in the class action *Higazi v. Cadence Design Systems, Inc.* of the proposed $7.5 million settlement (the "Settlement") reached between the parties. The Court has granted

preliminary approval to the Settlement, and has conditionally certified the Class for Settlement purposes only.

The Class Members are all individuals who worked in a Covered Position during a Covered Period.

(1) A Covered Position, means one or more of the following titles in the pay grade level of "T1," "T2," "T3," or "T4" held by an individual working for Cadence in the United States while performing the duties of installing, maintaining, and/or supporting computer hardware and/or software for Cadence's Information Technology infrastructure: Associate Desktop Systems Specialist, Associate Systems Administrator, Associate Systems Engineer, Customer Support Manager, IT Remote Support Specialist, Senior AM Systems Engineer, Senior Business Systems Analyst, Senior Desktop Systems Specialist, Senior IT Remote Support Specialist, Senior Network Engineer, Senior Program Analyst, Senior Staff Program Analyst, Senior Systems Administrator, Senior Systems Engineer, Senior Web Administrator, Senior Web Technologist, Staff Business Systems Analyst, Staff Database Administrator, Staff Desktop Systems Specialist, Staff Information Security Analyst, Staff IT Remote Support Specialist, Staff Network Engineer, Staff Program Analyst, Staff Systems Administrator, Staff Systems Analyst, Staff Systems Engineer, Staff Telecomm Engineer, Systems Administrator, Systems Analyst, Systems Engineer, and Web Technologist;

(2) A "Covered Period: means the period (1) from May 30, 2003 to [DATE OF PRELIMINARY APPROVAL] for individuals who worked in California at any time on or after May 30, 2003; and/or (2) from May 30, 2004 to [DATE OF PRELIMINARY APPROVAL] for individuals who worked in the United States other than the State of California at any time on or after May 30, 2004.

§ 1.b. <u>What Is a Class Action?</u>  A class action is a lawsuit in which the claims and rights of many similarly situated people ("Class Members") are decided in a single court proceeding. One or more representative plaintiffs ("Class Representatives") file a lawsuit asserting claims on behalf of all the class members.

§ 1.c.  Important Options and Dates.  You have several options:

(1)  To receive a payment under the Settlement, you must complete a Claim Form (which is attached to this Notice) and submit it to the Settlement Administrator by first-class mail, postmarked by _____, 2008, or deliver it to the Settlement Administrator by that date, following the procedure described in § 3.a.  If you do not do this, you will receive no money from this Settlement.

(2)  You may comment on or object to the Settlement in writing, postmarked by _____, 2008, following the procedure described in § 7.

(3)  You will be a Class Member, and you will release all claims alleged in this case (see § 4, below), unless you opt out of the Class.  If you elect not to participate in the Settlement, you will no longer be a Class Member (and therefore will receive no money under this Settlement), and you will not release your claims, which means that you will be able to bring a separate lawsuit on your own for these claims.  To elect not to participate in the Settlement, you must complete an Election Not to Participate in Settlement and submit it to the Settlement Administrator by first-class mail, postmarked by _____, 2008, or fax or deliver it to the Settlement Administrator by that date, following the procedure described in § 8.

## 2. BACKGROUND OF THE CASE

§ 2.a.  The Claims at Issue.  On May 30, 2007, plaintiff Ahmed Higazi filed a class action complaint in this Court.  In the lawsuit, plaintiff alleged that he and the Class Members throughout the United States were misclassified as exempt from federal and state overtime pay laws and had worked overtime hours for which they should have been paid, but were not.  Plaintiff also alleged that Cadence did not provide meal periods and rest breaks to Class Members, did not render accurate wage statements, and did not pay benefits based on all wages earned.  Plaintiff requested damages under the federal Fair Labor Standards Act ("FLSA") and California state wage-and-hour laws and the federal Employee Retirement Income Security Act of 1974 ("ERISA").

§ 2.b.  Cadence's Denial of Liability.  Cadence denies all of plaintiff's allegations.  Specifically, Cadence denies that plaintiff or the Class Members have been misclassified under federal or state

overtime laws, are owed any additional compensation for the hours they worked, have been denied meal periods and rest breaks, have received inaccurate wage statements, or have been denied benefits on their wages earned. Cadence further denies that a class can be properly certified in this case.

§ 2.c. <u>The Litigation of the Class Action.</u> The parties have actively litigated the case. Plaintiff's counsel obtained extensive information about Cadence and the Class, including documents (such as employment policies and handbooks, job descriptions, and training and reference materials). Plaintiff's counsel also took the depositions of Cadence corporate representatives and also interviewed numerous Class Members. Cadence also deposed plaintiff and conducted other discovery.

## 3. SUMMARY OF THE SETTLEMENT

§ 3.a. <u>The Mediation.</u> The parties participated in extensive settlement discussions, including a 12-hour day of mediation before a neutral third party, a respected mediator in San Francisco. At the mediation, the parties reached the Settlement. The Settlement represents a compromise regarding disputed claims, considering the risks and uncertainties of continued litigation. Plaintiff's counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class Members.

§ 3.b. <u>The Settlement Agreement and the Court's Final Approval Hearing.</u> The parties have presented the Settlement to the Court for its review. The Court has granted preliminary approval to the Settlement. As described in this Notice, the Court will hold a hearing on _____, 2008 to determine whether to grant final approval to the Settlement. Only after the Settlement is granted final approval will money be paid to Class Members under the Settlement.

§ 3.c. <u>How the Settlement Funds Will Be Distributed.</u> Under the Settlement, Cadence will pay $7.5 million. These settlement funds will be used to pay (1) money to all Class Member who properly submit Claim Forms (see § 4 below) and do not elect not to participate in the Settlement, (2) a payment to the California Labor Workforce Development Agency for its share of the settlement of the Class claims for statutory penalties (see § 4 below), (3) a Class Representative Payment to plaintiff to compensate plaintiff for his services to the Class (see § 4 below), (4) Class Counsel's attorneys' fees and costs (see § 4 below) to compensate plaintiff's counsel for their services to the Class, (5) the employer's share of payroll taxes applicable to Class Members' settlement shares, and (6) the reasonable fees and

1  expenses of the Settlement Administrator.

2  § 3.d.  <u>You Must File a Claim Form to Receive Money.</u>  In order to receive money from the Settlement, a Class Member must submit a Claim Form by the deadline set under the Settlement (see § 4 below).

3  § 3.e.  <u>Unless You Elect Not to Participate in the Settlement, You Will Be Bound.</u>  Unless a Class Member elects not to participate in the Settlement, he or she will be bound by the Settlement, including its release of claims, and will not be allowed to pursue individual claims released under the Settlement against Cadence, even if he or she has not submitted a claim for a settlement share (see §§ 4 and 11 below).

4  § 3.f.  <u>The Final Approval Hearing.</u>  The parties have submitted the Settlement to the Court. The Court has granted preliminary approval of the Settlement.  The Court will hold a hearing on _____, 2008, at 9:00 a.m., to determine whether to grant final approval to the Settlement (see § 4 below).  Only after the Settlement is granted final approval can money be paid to Class Members under the Settlement.

## 4.  HOW TO RECEIVE MONEY FROM THE SETTLEMENT (COMPLETING AND SUBMITTING THE CLAIM FORM)

§ 4.a.  <u>Participating in the Settlement by Completing and Submitting the Claim Form.</u>  If you want to receive money from the Settlement, you must properly complete and submit the Claim Form attached to this notice.  Please follow all instructions on the Claim Form, and send it via U.S. Mail, facsimile, or professional or personal delivery to the Settlement Administrator at [address & fax number].  The Claim Form must be postmarked or received by _____, 2008.  If you need another Claim Form, contact the Settlement Administrator.  **If you do not properly submit a Claim Form, you will not receive any money from the Settlement.**

§ 4.b.  <u>How Will My Settlement Share Be Calculated?</u>  The Settlement Fund equals $7,500,000 plus interest running from ____, 2008.  Cadence will pay this amount regardless of the number of Claimants.  The Net Settlement Fund equals the Settlement Fund minus (i) the Class Representative Payment (see § 5), (ii) the Class Counsel Attorneys' Fees and Costs Payment (see § 6), (iii) a $20,000 payment to the California Labor and Workforce Development Agency ("LWDA") as its share of the

Settlement attributable to statutory penalties under the California Labor Code recoverable under the Labor Code Private Attorney General Act, (iv) the employer's share of taxes on Class Member settlement shares, and (v) the cost of this Notice and the settlement administration.

From data provided by Cadence, the Settlement Administrator will calculate each Claimant's Settlement Share based on (i) the number of work weeks the Class Member worked in a Covered Position during a Covered Period (see § 1.a.) compared to the total work weeks of all Claimants and (ii) whether the Claimant worked in California. Claimants working in California will receive a multiplier of 2.7 on their number of work weeks worked in California. The reason for the 2.7 multiplier is because California law provides for significantly greater employee protections than any other law in the country, making California Class Members' claims more valuable. Your estimated Settlement Share is shown on your Claims Form. This amount was calculated under the assumption that all 207 Class Members properly submit Claim Forms and the Court awards the Class Representative Payment and the Class Counsel Attorneys' Fees and Costs Payment and approves the payment to the LWDA as requested. Your actual Settlement Share may be higher or lower.

§ 4.c.  <u>How Will My Class Member Eligibility and Details Be Determined?</u>  Each Settlement Share will be calculated based on Cadence's records. The Claim Form enclosed with this Notice sets forth the dates and state(s) of your work that qualify you as a Class Member according to Cadence's records. If you believe that any of the information on the Claim form is incorrect, you must follow the instructions in § 3 of the Claim Form, including correcting the dates and enclosing supporting documentation. Challenges will be resolved by the Settlement Administrator without a hearing.

§ 4.d.  <u>When Will My Share of the Settlement Be Distributed to Me?</u>  Within 30 days after the Court's order granting final approval of the Settlement becomes final and non-appealable, the Settlement Administrator will mail Settlement Share checks to all Claimants who submitted valid and timely Claim Forms. It is expected that checks will be mailed out sometime in October 2008, but that date is subject to change. The Settlement Administrator, working with plaintiff's counsel and Cadence, will diligently attempt to ensure that all eligible Claimants receive their Settlement Shares.

§ 4.e.  <u>Settlement Share Checks Not Cashed Within Six Months Will Be Forfeited.</u>  If any Claimant who submitted a timely and valid Claim Form does not cash the check(s) for his or her

1  Settlement Share within six (6) months after issuance, he or she will not receive any proceeds under the
2  Settlement, and the Settlement Share proceeds represented by the check (the "Remainder") will be
3  distributed as follows:

(1) If the Remainder is more than $10,000, it will be redistributed to all the Claimants who did cash their checks in proportion to the initial Settlement Shares.

(2) If the Remainder is $10,000 or less, it will be donated in the name of the *Higazi v. Cadence Design Systems, Inc.* Settlement Fund, 25% to the Legal Aid Society of San Francisco/Employment Law Center, 25% to the Bar Association of San Francisco Volunteer Legal Services Project, and 50% to The Leukemia & Lymphoma Society.

§ 4.f.  Tax Consequences.  Half of each Settlement Share is considered a settlement of claims for wages subject to Form W-2 reporting and therefore will be reduced by normal payroll tax withholding and deductions.  The employer's share of applicable payroll taxes will be paid from the Settlement Fund, and that tax payment will not reduce your Individual Settlement Payment.

The other half of each Settlement Share is considered a settlement of claims for interest and penalties subject to Form 1099 reporting.  Claimants will be responsible for all taxes owed based on this half of the Settlement Share.

You should consult your tax advisor regarding any questions about the tax consequences of the treatment of your Settlement Share.

§ 4.g.  What Happens If Not All of the Settlement Fund Is Claimed?  If not all the Class Members submit Claim Forms, the Settlement Fund available for distribution will be paid to those Class Members who submit timely and valid Claim Forms.

§ 4.h.  Cadence's Settlement Amount.  Cadence is obligated to pay the full $7.5 million settlement amount regardless of how many Class Members submit Claim Forms.

**5.   RELEASE OF CLAIMS**

Under the Settlement, as of the date the Final Approval Order is entered by the Court, each and every Class Member who does not timely elect not to participate in the Settlement ("Participating Class Member") releases Cadence Design Systems, Inc., and its former and current parents, subsidiaries, and affiliates, officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and

legal representatives (the "Cadence Parties") from the following claims, causes of action, demands, rights, and liabilities of every nature and description, whether known or unknown ("Claims") that arise from any act or omission occurring on or before the Final Approval Order is entered by the Court that was taken on the basis that the Participating Class Member was misclassified as exempt under federal or state law while employed in a Covered Position during a Covered Period, including but not limited to (i) the alleged failure to pay any type of overtime wages, (ii) the alleged failure to provide meal periods and rest breaks, (iii) the alleged failure to provide itemized wage statements, or (iv) the alleged failure to provide benefits:

    (1)    any and all applicable federal wage-and-hour Claims, including, without limitation, claims arising under the FLSA;

    (2)    any and all wage-and-hour Claims arising under the laws of the State of California and the laws of all other States, including, without limitation, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties (including penalties under the California Labor Code Private Attorneys General Act), liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief;

    (3)    any and all Claims for unfair business practices or unfair competition, including, without limitation, claims arising under California Government Code section 17200 *et seq.*; and

    (4)    any and all Claims for benefits, including without limitation claims arising under ERISA.

These released Claims are called the "Participating Class Members' Released Claims." The Participating Class Members' Released Claims include all such claims, whether known or unknown by them. Thus, even if a Participating Class Member discovers facts in addition to or different from those that he or she now knows or believes to be true with respect to the subject matter of his or her released claims, those claims will remain released and forever barred. Therefore, the Participating Class Member expressly waives and relinquishes the provisions, rights and benefits of section 1542 of the California Civil Code and any analogous law, statute, or rule. Section 1542 states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

### 6. THE LWDA PAYMENT

Under the Labor Code Private Attorneys General Act, when a plaintiff sues for statutory penalties on behalf of a class of employees, the California Labor Development Workforce Agency (the "LWDA") is entitled to a percentage of penalties recovered, whether by judgment or settlement. As part of the Settlement, the parties have agreed to pay the LWDA $20,000 from the Settlement Fund as its share of the settlement of statutory penalties claimed in this action. At the Final Approval Hearing, the Court will be asked to approve this payment. The Court has not yet decided whether to approve this payment.

### 7. CLASS REPRESENTATIVE PAYMENT

Plaintiff will request that the Court approve a Class Representative Payment of $15,000 for plaintiff. This amount is in recognition of the service performed by plaintiff in representing the Class and advancing the litigation. This payment will be paid in addition to plaintiff's Settlement Share as a Class Member. The Class Representative Payment will be paid only if the Court approves it.

### 8. CLASS COUNSEL ATTORNEYS' FEES AND COSTS PAYMENT

Plaintiff's counsel, who have not been paid for their time litigating the case or their out-of-pocket costs they have incurred in the case, will request that the Court approve a payment of 25% of the principal Settlement Fund ($1,875,000) to compensate them for their time and effort in bringing this case, and that it award them an amount up to $50,000 to reimburse them for the out-of-pocket costs they have incurred during the litigation. These amounts, if awarded, will be paid from the Settlement Fund. Plaintiff's counsel believe the attorneys' fees and costs requested are fair and reasonable. These fee and cost payments will be paid only if the Court approves them.

### 9. HOW TO COMMENT ON OR OBJECT TO THE SETTLEMENT (IF DESIRED)

If you wish, you may comment on or object to the Settlement by submitting a written notice of comment or objection. However, if the Court grants final approval to the Settlement, you will still be bound by the Settlement, unless you elected not to participate in the Settlement. To submit a comment or objection, you must submit your comment or objection to:

(1) Plaintiff's counsel: Kelly M. Dermody, Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery St., 30th floor, San Francisco, CA 94111; and James M. Finberg, Altshuler Berzon LLP, 177 Post St., Ste. 300, San Francisco, CA 94108;

(2) Cadence's counsel: Jeffrey D. Wohl, Paul, Hastings, Janofsky & Walker LLP, 55 Second St., 24th Floor, San Francisco, CA 94105; and

(3) The Settlement Administrator, Settlement Services Inc., [address].

Any written comment or object to the Settlement must state the case name, your full name, each specific comment or objection, and any legal support. To be valid and effective, any comments or objections must be postmarked or received by all three entities listed above by _____, 2008. A Class Member who fails to submit a written comment or objection in the manner described above and by the specified deadline will be deemed to have waived any comments or objections and will be foreclosed from making any comment or objection (whether by appeal or otherwise) to the Settlement. You may comment with or without your own attorney. If you comment through an attorney, you will be solely responsible for the fees and costs of your own attorney. If you object to the Settlement, but wish to receive your individual settlement payment if the Settlement is approved, you must comply with the Claim Form submission requirements described in § 3. If the Court approves the Settlement despite any comments or objections, and you have not properly submitted a Claim Form, you will not receive any money from the Settlement.

**10.    HOW TO ELECT NOT TO PARTICIPATE IN THE SETTLEMENT (IF DESIRED)**

If you fall within the class definition provided in § 1, you are automatically a Class Member, and will be bound by the Settlement's release of claims, unless you elect not to participate in the Settlement. If you elect not to participate in the Settlement, you will not receive any money from the Settlement, will not be bound by the Settlement, including its release of claims, and will be free to pursue your own claim against Cadence (at your own expense). To elect not to participate in the Settlement, you must complete the form titled "Election Not to Participate in Settlement" form enclosed with this Notice and return it to the Settlement Administrator at Settlement Services Inc., [address]. If you mail your completed Election Not to Participate in Settlement to the Settlement Administrator, it must be mailed by first-class mail and postmarked by [DATE]. If you deliver your completed Election Not to

U.S.D.C., N.D. Cal., No. C- 07-2813-JW

Participate in Settlement form to the Settlement Administrator by other means (such as facsimile transmission, professional delivery, or personal delivery), it must be received by the Settlement Administrator by [DATE]. If you need another Election Not to Participate in Settlement form, please contact the Settlement Administrator.

## 11. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on _____, 2008, at _____ a.m., in Courtroom 8 of the Court, located at 280 South First Street, San Jose, CA 95113, before the Honorable James Ware, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve plaintiff's request for the Class Representative Payment and plaintiff's counsel's request for the Class Counsel Attorneys' Fees and Costs Payment and the parties' request for approval of the payment to the LWDA. The hearing may be postponed without further notice to the Class. **It is not necessary for you to appear at this hearing.** You may appear at the hearing if you wish, if you have given notice of your comments in favor of or against the settlement under the procedures set forth in § 9.

## 12. OTHER INFORMATION

§ 12.a. <u>No Cost to You.</u> The Settlement does not require you to pay money out of pocket. However, you are responsible for all taxes owed on your paid Settlement Shares.

§ 12.b. <u>Tax Advice Caveat.</u> Any perceived tax advice in this Notice was not intended or written to be used, and it cannot be used by any recipient, for the purpose of avoiding any tax penalties that may be imposed on any person. This Notice imposes no limitation on the disclosure of the tax treatment or tax structure of any transaction. Plaintiff's counsel cannot give you tax advice.

§ 12.c. <u>This Notice Provides Only a Summary.</u> This Notice provides only a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the detailed Joint Stipulation of Class Settlement and Class Settlement Agreement and Release, which is on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Settlement, may be examined at any time during regular business hours with the Clerk of Court, 280 South First St., San Jose, CA 95113, or online on through the Public Access to Court Electronic Resources system, known as "PACER," at http://ecf.cand.uscourts.gov. You also may contact

Plaintiff's counsel at 1-800-541-7358.  **Please do not telephone the court or Cadence's counsel for information regarding this Settlement or the claim process.**

§ 12.d. <u>Questions.</u>  If you have questions, please feel free to contact the Settlement Administrator at [phone] or Plaintiff's counsel at http://www.lieffcabraser.com/cadence-overtime.htm, jsagafi@lchb.com, or 1-800-541-7358.

*     *     *

By order of the United States District Court for the Northern District of California.

Dated: March _____, 2008.

                                                               James Ware
                                          United States District Judge