JAMES M. FINBERG (SBN 114850)
PETER E. LECKMAN (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mails: jfinberg@altshulerberzon.com
         pleckman@altshulerberzon.com

KELLY M. DERMODY (SBN 171716)
JAHAN C. SAGAFI (SBN 224887)
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-mails: kdermody@lchb.com
         jsagafi@lchb.com

M. KIRBY C. WILCOX (SBN 78576)
JEFFREY D. WOHL (SBN 96838)
MOLLY A. HARCOS (SBN 233556)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
E-mails: kirbywilcox@paulhastings.com
         jeffwohl@paulhastings.com
         mollyharcos@paulhastings.com

Attorneys for
Plaintiff Ahmed Higazi

Attorneys for
Defendant Cadence Design Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMED HIGAZI, on behalf of himself and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CADENCE DESIGN SYSTEMS, INC.,<br><br>Defendant. | No. C-07-2813-JW<br><br>**[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE, AND CLAIM FORM TO THE CLASS; AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES.**<br><br>Date:         March 10, 2008<br>Time:        10:00 a.m.<br>Courtroom:  8<br>Judge:      James Ware |

1    On March 10, 2008, a hearing was held on the joint motion of plaintiff Ahmed Higazi and

2    defendant Cadence Design Systems, Inc. ("Cadence") (collectively the "Parties"), for an order

3    (1) conditionally certifying the proposed settlement class; (2) conditionally designating the action as a

4    collective action under section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b);

5    (3) appointing plaintiff as the Class Representative; (4) appointing plaintiff's counsel as Class Counsel;

6    (5) granting preliminary approval to the parties' Joint Stipulation of Class Settlement; Settlement

7    Agreement and Release (the "Settlement"); (6) approving the mailing of the proposed Class Notice,

8    Claim Form, and Election Not to Participate in Settlement; (7) approving the notice of the Settlement

9    sent to the Attorney General of the United States and the other responsible state officials pursuant to the

10    Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715; (8) appointing Settlement Services,

11    Inc., as the Settlement Administrator; (9) approving the Parties' stipulation for a shortened 28-day notice

12    period for the hearing on their motion for final approval of the Settlement; and (10) scheduling a final

13    approval hearing and related dates.  Kelly M. Dermody and Jahan C. Sagafi of Lieff, Cabraser, Heimann

14    & Bernstein, LLP, and James M. Finberg and Peter E. Leckman of Altshuler Berzon LLP appeared for

15    plaintiff; and Jeffrey D. Wohl and Molly A. Harcos of Paul, Hastings, Janofsky & Walker LLP appeared

16    for Cadence.

17    Having considered the papers on the motion, the arguments of counsel, and the law, the Court

18    now enters this Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS as follows:

19    I.    **NATURE OF ACTION**

20    Plaintiff alleges that Cadence misclassified him and the class he proposes as exempt from

21    overtime under the FLSA and California wage-and-hour laws and, on that basis, failed to pay him and

22    the proposed class for overtime wages, to provide them with required meal periods and rest breaks, and

23    to provide them with correctly itemized wage statements.  Plaintiff also alleged that with regard to such

24    matters, Cadence engaged in unfair competition in violation of California Business and Professions

25    Code section 17200 *et seq.*; and that Cadence violated the Employee Retirement Income Security Act of

26    1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by failing to pay benefits as a result of failing to

27    credit plaintiff and the proposed class for their claimed unpaid wages.

28    ///

## II.    CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS UNDER RULE 23

### A.    Settlement Class

For settlement purposes only, the Parties have proposed conditional certification of the following settlement class under Federal Rule of Civil Procedure 23 (the "Class"):

> All persons who work or worked for Cadence in a Covered Position during a Covered Period.  The class is made up of plaintiff; Raquel Candelaria, Steven Michels, and Orlando Wynn (who previously have filed consents to join this action); and the other current and former Cadence employees who are listed by their Cadence employee identification numbers in Exhibit A to the Settlement.

The term "Covered Position" means one or more of the following titles in the pay grade level of "T4" or lower held by an individual working for Cadence in the United States while performing the duties of installing maintaining, and/or supporting computer hardware and/or software for Cadence's Information Technology infrastructure: Associate Desktop Systems Specialist, Associate Systems Administrator, Associate Systems Engineer, Customer Support Manager, IT Remote Support Specialist, Senior AM Systems Engineer, Senior Business Systems Analyst, Senior Desktop Systems Specialist, Senior IT Remote Support Specialist, Senior Network Engineer, Senior Program Analyst, Senior Staff Program Analyst, Senior Systems Administrator, Senior Systems Engineer, Senior Web Administrator, Senior Web Technologist, Staff Business Systems Analyst, Staff Database Administrator, Staff Desktop Systems Specialist, Staff Information Security Analyst, Staff IT Remote Support Specialist, Staff Network Engineer, Staff Program Analyst, Staff Systems Administrator, Staff Systems Analyst, Staff Systems Engineer, Staff Telecomm Engineer, Systems Administrator, Systems Analyst, Systems Engineer, and Web Technologist.  (Settlement, § I.M.)

The term "Covered Position" means the period (1) from May 30, 2003, to the date the Court's order granting preliminary approval of the Settlement is entered, for individuals who worked in a Covered Position in the State of California; or (2) from May 30, 2004, to the date the Court's order granting preliminary approval of the Settlement is entered,, for individuals who worked in a Covered Position anywhere in the United States other than the State of California.  (Settlement, § I.L.)

### B.    Conditional Certification

The Court hereby finds and concludes that for purposes of the Settlement, the Class satisfies all of the requirements for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

1.    The Class is sufficiently numerous (more than 200 persons) that joinder is impracticable.

2.    The members of the Class share common issues of fact and law regarding (i) whether, in view of the Class members' duties, Cadence properly classified all Class Members as exempt from overtime; and (ii) whether, in its treatment of the Class as exempt, Cadence violated ERISA.

3.    Plaintiff's claims are typical of those of the Class, because they arise out of the same policies and practices and course of conduct complained of by all Class Members.

4.    Plaintiff is an adequate representative of the class, because his interests are co-extensive with those of Class Members, and he has retained experienced counsel to represent him.

5.    Questions of law or fact common to the Class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.    Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, the Court hereby certifies the Class under Rule 23(a) and (b)(3).

III.    **DESIGNATION OF COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

For settlement purposes only, the Parties have proposed conditional certification of the action as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the three-year period preceding the filing of plaintiff's complaint. The Court hereby finds and concludes that the Class fulfills the requirements for a collective action under section 16(b).

1.    Under section 16(b), an action may be maintained by an employee or employees on behalf of others who are "similarly situated."

2.    Here, the Class Members are similarly situated for purposes of a collective action under section 16(b) because of the job duties that the Class Members performed and Cadence's classification of them as exempt.

Accordingly, certification under section 16(b) is appropriate for those Class Members with claims within the three years preceding the filing of the Plaintiff's complaint.

3

IV.    **APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

A.    **Class Representative**

The Court finds and concludes that plaintiff has claims typical of Class Members and is an adequate representative of them.  The Court hereby appoints plaintiff to serve as Class Representative.

B.    **Class Counsel**

The Court finds and concludes that Altshuler Berzon LLP and Lieff, Cabraser, Heimann & Bernstein LLP have, separately and collectively, extensive experience and expertise in prosecuting wage-and-hour class actions and collective actions.  The Court appoints these firms as Class Counsel.

V.    **PRELIMINARY APPROVAL OF SETTLEMENT**

The Court has reviewed the terms of the Settlement, including the plan of allocation and the release of claims.  The Court has also read and considered the declarations of James M. Finberg and Jahan C. Sagafi in support of preliminary approval.  Based on review of those papers, and the Court's familiarity with this case, the Court find and concludes that the Settlement is the result of arms-length negotiations between the Parties conducted after Class Counsel had adequately investigated plaintiff's claims and become familiar with their strengths and weaknesses.  The assistance of an experienced mediator in the settlement process confirms that the Settlement is non-collusive.  Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval.  The Settlement has no obvious defects and falls within the range of possible approval as fair adequate, and reasonable, such that notice to the Class is appropriate.  Accordingly, the Settlement is hereby preliminarily approved.

VI.    **APPROVAL OF THE CLASS NOTICE, ELECTION NOT TO PARTICIPATE IN SETTLEMENT, AND CLAIM FORM, CAFA NOTICE AND MANNER OF DISTRIBUTION**

The Parties have also submitted for this Court's approval a proposed Notice of (1) Proposed Class Action Settlement and (2) Final Settlement Approval Hearing (the "Class Notice") (evidenced by Exhibit B to the Settlement), Claim Form (evidenced by Exhibit C to the Settlement), Election Not to Participate in Settlement (evidenced by Exhibit D to the Settlement), to be sent to Class Members after the Court grants preliminary approval of the Settlement, and the CAFA Notice of Proposed Settlement (evidenced by Exhibit E to the Settlement) distributed to the appropriate federal and state officials.

1   After carefully reviewing these documents, the Court finds and concludes as follows:

2       **A.    Best Notice Practicable**

3       The Class Notice is the best notice practicable under the circumstances and allows Class
4   Members a full and fair opportunity to consider the Settlement.

5       The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of:
6   (1) appropriate information about the nature of this action, the definition of the Class, the identity of
7   Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate
8   information about plaintiff and Class Counsel's forthcoming applications for the Class Representative
9   Payment and the Class Counsel Attorneys' Fees and Costs Award; (3) appropriate information about
10  how to claim a share of the proceeds under the Settlement; (4) appropriate information about this
11  Court's procedures for final approval of the Settlement, and about Class Members' right to appear
12  through counsel if they desire; (5) appropriate information about how to object to or elect not to
13  participate in the Settlement, if a Class Member wishes to do so; and (6) appropriate instructions as to
14  how to obtain additional information regarding this action and the Settlement.

15      The proposed plan for distributing the Class Notice, the Claim Form, and the Election Not to
16  Participate in Settlement likewise is a reasonable method calculated to reach all individuals who would
17  be bound by the Settlement.  Under this plan, the Settlement Administrator will distribute the Class
18  Notice, the Claim Form, and the Election Not to Participate to all Class Members by first-class mail to
19  their last known addresses.  There is no additional method of distribution that would be reasonably
20  likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

21      **B.    Claim Form**

22      Similarly, the proposed Claim Form allows Class Members a full and fair opportunity to submit
23  a claim for proceeds under the Settlement.  The Claim Form fairly, accurately, and reasonably informs
24  Class Members that the failure to complete and submit a Claim Form, in the manner and time specified,
25  will constitute a waiver of any right to obtain any share of the proceeds under the Settlement.  Further,
26  the Claim Form clearly sets forth the procedures by which Class Members may contest Cadence's
27  records of their employment history, which may affect their monetary recovery under the settlement.

28  ///

C.    **Election Not to Participate in Settlement**

The proposed Election Not to Participate in Settlement also allows Class Members a full and fair opportunity to exclude themselves from the Settlement.  The Election Not to Participate in Settlement fairly, accurately, and reasonably informs Class Members that by completing and submitting the Election Not to Participate in Settlement, they will receive no money from the Settlement and will be permitted to bring a separate legal action seeking damages.

D.    **CAFA Notice of Proposed Settlement**

Cadence's notice of the Settlement given to federal and state officials complies with the requirements of CAFA.  Not later than ten days after the parties' Joint Motion for Conditional Certification of Class and Preliminary Approval of Class Action Settlement was filed, notice of the Settlement was mailed to the Attorney General of the United States of America and the appropriate state official in each state in which, based on Cadence's records of last known mailing address, Class Members resident; and the notice contains the documents required by 28 U.S.C. section 1715(b)(1)-(8). On this basis, the notice of the Settlement is approved and the Court finds that Cadence has discharged its obligations under CAFA to provide notice to the appropriate federal and stat officials.

E.    **Approval**

Accordingly, the Court finds and concludes that the proposed plan for distributing the Class Notice, the Claim Form, and the Election Not to Participate (the "Notice Materials") will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.  Accordingly, the Court hereby orders as follows:

1.    The Class Notice is approved.

2.    The Claim Form is approved.

3.    The Election Not to Participate in Settlement is approved.

4.    The CAFA Notice of Proposed Settlement is approved.

5.    The manner of distributing the Notice Materials to the Class is approved.

6.    Promptly following the entry of this order, the Settlement Administrator will prepare final versions of the Notice Materials, incorporating into them the relevant dates and deadlines set forth in this order.

7.      Within ten (10) days following entry of this order, Cadence will provide the Settlement Administrator a database in a format acceptable to the Settlement Administrator, listing for all Class Members each Class Member's name, last known address, Social Security number, Cadence employee identification number, dates and state(s) of employment, and the number of Compensable Work Weeks in a Covered Position during a Covered Period.

8.      Prior to the mailing of the Notice Materials, the Settlement Administrator will update any new address information for Class Members as may be available through the National Change of Address ("NCOA") database or equivalent system.

9.      Within fourteen (14) days after receiving the database from Cadence, the Settlement Administrator will mail, via first-class mail, the Notice Materials to all Class Members at their last known address or at the most recent address that may have been obtained through the NCOA.

10.     The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom the Notice Materials are returned by the U.S. Postal Service as undeliverable and otherwise to provide the Notice Materials. The Settlement Administrator will trace all returned undeliverable Notice Materials and re-mail them to the most recent address available. The Settlement Administrator will promptly notify Class Counsel and counsel for Cadence of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s).

11.     Twenty-five (25) days after the Settlement Administrator mails the Notice Materials to the Class Members, the Settlement Administrator will mail a reminder card to all Class Members who have not submitted claims.

12.     In the event a Claim Form is submitted timely but is deficient in one or more aspects, the Settlement Administrator will return the Claim Form to the claimant within five (5) business days of receipt with a letter explaining the deficiencies and stating that the claimant will have ten (10) business days from the date of the deficiency notice to correct the deficiencies and resubmit the Claim Form. If necessary, claimants will be provided a

1   second deficiency notice to correct any deficiencies concerning resubmitted Claim

2   Forms, which will be governed by the same timeliness requirements as the first

3   deficiency notice.

4   13.   The Parties will file with their joint motion for final approval a declaration from the

5   Settlement Administrator of due diligence and proof of mailing with regard to the mailing

6   of the Notice Materials, and will file prior to the hearing on the motion a supplemental

7   declaration from the Settlement Administrator as applicable.

8   14.   The Settlement Administrator will take all other actions in furtherance of claims

9   administration as are specified in the Settlement Agreement.

10  VII.   **PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

11  A.   **Final Approval Hearing**

12  The Court hereby approves the Parties' stipulation for a shortened 28-day notice period, and

13  schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval

14  Hearing") for July 21, 2008, at 9:00 a.m.

15  B.   **Deadline to Elect Not to Participate in the Settlement**

16  1.   **Form of Election.**

17  Class Members may exclude themselves from participating in the Settlement.  To do so, Class

18  Members must complete and submit the Election Not to Participate in Settlement, which requires the

19  Class Member to sign a statement that identifies him or her by name, provides the last four digits of his

20  or her Social Security number or Cadence employee identification number, shows the dates and

21  location(s) where he or she worked for Cadence in a Covered Position during a Covered Period, and

22  states that the Class Member wants to be excluded from the Settlement.

23  2.   **Deadline for Submitting Election.**

24  A completed Election Not to Participate in Settlement will be deemed timely submitted to the

25  Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and

26  postmarked by not later than forty-five (45) days after the Settlement Administrator first mails the

27  Notice Materials to Class Members, or (ii) it is delivered to the Settlement Administrator by the deadline

28  for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal

1   delivery.  Only those Class Members who submit their Election Not to Participate in Settlement within

2   the time and by the manner set forth in this Order will be excluded from the Settlement.  Pursuant to

3   Federal Rule of Civil Procedure 23(b)(3) and (c)(2), the Settlement will have no binding effect on any

4   Class Member who properly elects not to participate in the Settlement in the manner required by this

5   Order.

6   C.    **Cadence's Right to Rescind Agreement**

7       If the number of Class Members who validly elect not to participate in the Settlement exceeds

8   five percent (5%) of all Class Members, measured either by the number of Class Members or their value

9   of their shares of the Net Qualified Settlement Fund compared to all Class Members if they were

10  Claimants, Cadence may, at its option, rescind this Settlement.  Cadence must notify Class Counsel of a

11  decision to rescind this Settlement in writing within ten (10) days after the Settlement Administrator

12  sends to Class Counsel and Counsel for Cadence a report of all valid and invalid Elections Not to

13  Participate that it has received (the "Opt-Out Report"), provided no untimely Election Not to Participate

14  is accepted by the Settlement Administrator pursuant to the Settlement section VII.E.2., or, if an

15  untimely Election Not to Participate in Settlement is accepted by the Settlement Administrator pursuant

16  to the Settlement section VII.E.2., then within five (5) days of the date that the Settlement Administrator

17  sends to Cadence in an updated Opt-Out Report including those late but accepted Elections Not to

18  Participate.

19      If Cadence exercises this option, all of Cadence's obligations under the Settlement will cease to

20  be of any force and effect, and the Settlement and any order entered in connection with it, including this

21  order, will be vacated, rescinded, canceled, and annulled, and the Parties will return to the *status quo* in

22  the action as if the Parties had never entered into the Settlement in the first place.  In addition, in such

23  event, the Settlement and all negotiations, court orders, and proceedings related to the Settlement will be

24  without prejudice to the rights of the Parties, and evidence relating to the Settlement and all negotiations

25  will not be admissible or discoverable in the action or otherwise.

26  D.    **Deadline for Filing Comments on or Objections to Settlement**

27      Any Class Member who wishes to comment on or object to the fairness, reasonableness, or

28  adequacy of the Settlement must do so in writing.  Class Members who have timely commented on or

objected to the Settlement in writing may also appear at the Final Approval Hearing.  To be considered, any comment on or objection to the final approval of the Settlement must state the basis for the comment or objection and be mailed to the Settlement Administrator, Class Counsel, and counsel for Cadence, at the addresses provided in the Class Notice, via first-class mail, postmarked not later than forty-five (45) days after the date that the Notice Materials are first mailed to Class Members by the Settlement Administrator.  Any Class Member who does not timely mail such a written comment or objection will not be permitted to raise such comment or objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection.

E.    **Deadline for Submitting Claim Forms**

A Class Member who does not elect not to participate in the Settlement will be eligible to claim his or her proportionate share of the Net Qualified Settlement Fund.  To receive this share, such a Class Member must properly and timely complete a Claim Form in accordance with the terms of the Settlement.  A completed Claim Form will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than sixty (60) days after the initial mailing of the Notice Materials to the Class Members; or (ii) it is delivered to the Settlement Administrator by the deadline for submission stated above, whether by facsimile transmission, professional delivery, or personal delivery.  Unless the Class Member timely and validly elects not to participate in the Settlement, the failure to mail or deliver a completed Claim Form by the deadline will bar the Class Member from receiving any share of the Net Qualified Settlement Fund, even though the Class Member will remain bound by the Settlement.  It will be the sole responsibility of each Class Member who seeks to submit a Claim Form to notify the Settlement Administrator if the Class Member changes his or her address.  The failure of a Class Member to keep the Settlement Administrator informed of his or her address may result in the claim being denied or forfeited.

F.    **Deadline for Submitting Motion Seeking Final Approval**

Not later than twenty-eight (28) days before the Final Approval Hearing, the Parties will file a joint motion for final approval of the Settlement.  At the same time, they will file the valid Claims

Forms and Elections Not to Participate received by the Settlement Administrator, with Class Members' addresses, telephone numbers, and e-mail addresses, the last four digits of their Social Security numbers, and his or her Compensable Work Weeks and estimated Settlement Share redacted. One week or more before the Final Approval Hearing, the Parties may file a reply brief responding to any filed objections.

### G.    Deadline for Motion for Approval of Class Representative Payment

Not later than twenty-eight (28) days before the Final Approval Hearing, plaintiff may file a motion for approval of his Class Representative Payment. One week or more before the Final Approval Hearing, plaintiff may file a reply brief responding to any filed opposition memorandum to the motion.

### H.    Deadline for Motion for Class Counsel Attorneys' Fees and Costs Award

Not later than twenty-eight (28) days before the Final Approval Hearing, Class Counsel may file a motion for approval of their Class Counsel Attorneys' Fees and Costs Payment. One week or more before the Final Approval Hearing, Class Counsel may file a reply brief responding to any filed opposition memorandum to the motion.

## VIII.    PLAINTIFF'S AND CLASS MEMBERS' RELEASE

If, at the Final Approval Hearing, this Court grants final approval to the Settlement, plaintiff and every Class Member who does not validly elect not to participate in the Settlement will, pursuant to the Settlement, be adjudicated to have granted the release of claims as set forth in the Settlement, regardless of whether he or she submits a Claim Form or receives any share of the Net Qualified Settlement Fund.

## IX.    APPOINTMENT OF SETTLEMENT ADMINISTRATOR

Settlement Services, Inc., is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.

IT IS SO ORDERED.

Dated: March ___, 2008

_____
James Ware
United States District Judge