1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT G**

**Final Approval Order**

**EXHIBIT G**

1 | JAMES M. FINBERG (SBN 114850)
PETER E. LECKMAN (SBN 235721)
2 | ALTSHULER BERZON LLP
177 Post Street, Suite 300
3 | San Francisco, California  94108
Telephone: (415) 421-7151
4 | Facsimile: (415) 362-8064
E-mails: jfinberg@altshulerberzon.com
5 |        pleckman@altshulerberzon.com

6 | KELLY M. DERMODY (SBN 171716)     M. KIRBY C. WILCOX (SBN 78576)
JAHAN C. SAGAFI (SBN 224887)       JEFFREY D. WOHL (SBN 96838)
7 | LIEFF, CABRASER, HEIMANN        MOLLY A. HARCOS (SBN 233556)
  & BERNSTEIN, LLP             PAUL, HASTINGS, JANOFSKY
8 | 275 Battery Street, 30th Floor        & WALKER LLP
San Francisco, California  94111-3339  55 Second Street, 24th Floor
9 | Telephone:  (415) 956-1000        San Francisco, California  94105
Facsimile:  (415) 956-1008        Telephone: (415) 856-7000
10 | E-mails: kdermody@lchb.com       Facsimile: (415) 856-7100
        jsagafi@lchb.com            E-mails: kirbywilcox@paulhastings.com
11 |                                     jeffwohl@paulhastings.com
                                    mollyharcos@paulhastings.com
12 |

Attorneys for                   Attorneys for
13 | Plaintiff Ahmed Higazi          Defendant Cadence Design Systems, Inc.

14 |

15 |             UNITED STATES DISTRICT COURT

16 |           NORTHERN DISTRICT OF CALIFORNIA

17 |                 SAN JOSE DIVISION

18 |

19 | AHMED HIGAZI, on behalf of himself    No. C-07-2813-JW
and a class of those similarly situated,
20 |                            **COLLECTIVE ACTION AND CLASS**
       Plaintiff,                 **ACTION**
21 |
v.                           **[PROPOSED] ORDER (1) CONFIRMING**
22 |                            **CERTIFICATION OF CLASS AND**
CADENCE DESIGN SYSTEMS, INC.,   **COLLECTIVE ACTION, (2) GRANTING**
23 |                            **FINAL APPROVAL TO CLASS ACTION**
       Defendant.             **SETTLEMENT, AND (3) ENTERING FINAL**
24 |                              **JUDGMENT**

25 |                            Date:      July   , 2008
                           Time:      10:00 a.m.
26 |                            Courtroom: 8
                           Judge:    Hon. James Ware
27 |

28 |

[PROPOSED] ORDER RE: (1) FINAL CERTIFICATION, (2) FINAL
APPROVAL, AND (3) FINAL JUDGMENT
U.S.D.C., N.D. CAL., NO. 07-2813-JW

LEGAL_US_W # 58241580.3

1    On July __, 2008, a hearing was held on the joint motion of plaintiff Ahmed Higazi and

2 defendant Cadence Design Systems, Inc. ("Cadence") (collectively the "Parties"), for final approval of

3 their class settlement; and on the separate motion of plaintiff and his counsel for awards of the Class

4 Representative Payment and the Class Counsel Attorneys' Fees and Costs Payment.  Kelly M. Dermody

5 and Jahan C. Sagafi of Lieff, Cabraser, Heimann & Bernstein, LLP, and James M. Finberg and Peter E.

6 Leckman of Altshuler Berzon LLP appeared for plaintiff; and Jeffrey D. Wohl and Molly A. Harcos of

7 Paul, Hastings, Janofsky & Walker LLP appeared for Cadence.

8    The Parties have submitted their Joint Stipulation of Class Settlement and Class Settlement

9 Agreement and Release (the "Settlement"), which this Court preliminarily approved in its March __,

10 2008, order (the "Preliminary Approval Order").  In accordance with the Preliminary Approval Order,

11 class members have been given notice of the terms of the Settlement and the opportunity to object to it

12 or to exclude themselves from its provisions.  In addition, pursuant to the Class Action Fairness Act of

13 2005, 28 U.S.C. § 1715 ("CAFA"), Cadence has given the Attorney General of the United States and the

14 appropriate state official in each state in which a class member resides timely notice of the Settlement.

15    Having received and considered the Settlement, the supporting papers filed by the Parties, and

16 the evidence and argument received by the Court at the preliminary approval hearing held on March 3,

17 2008, and the final approval hearing on July __, 2008, by means of this order (the "Final Approval

18 Order") the Court grants final approval to the Settlement, and HEREBY ORDERS and MAKES

19 DETERMINATIONS as follows:

20    1.    Except as otherwise specified herein, the Court for purposes of this Final Approval Order

21 adopts all defined terms set forth in the Settlement.

22    2.    This Court has jurisdiction over the subject matter of this litigation and all related matters

23 and all state and federal claims raised in this action and released in the Settlement, and personal

24 jurisdiction over Cadence and all class members (except for those who timely filed Elections Not to

25 Participate in Settlement).  Specifically, this Court has federal question jurisdiction over this action

26 pursuant to 28 U.S.C. section 1331; section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

27 § 216(b); and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1).

28    3.    This Court also has supplemental jurisdiction over all state-law claims asserted by

LEGAL_US_W # 58241580.3

[PROPOSED] ORDER RE: (1) FINAL CERTIFICATION, (2) FINAL
APPROVAL, AND (3) FINAL JUDGMENT
U.S.D.C., N.D. CAL., NO. 07-2813-JW

1 | plaintiff because the state-law claims derive from a common nucleus of operative fact and form part of

2 | the same case or controversy as those claims over which the Court has primary jurisdiction.  *See* 28

3 | U.S.C. § 1367 (providing for supplemental jurisdiction over related state-law claims that "form part of

4 | the same case or controversy"); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996) (federal courts

5 | have supplemental jurisdiction over state law claims that arise from the same "common nucleus of

6 | operative fact" such that the parties "would ordinarily be expected to try them all in one judicial

7 | proceeding").

8 |     4.     This Court also has jurisdiction to approve the Settlement's release of claims by class

9 | members over which the Court has jurisdiction, even if the Court would not independently have

10 | jurisdiction over those released claims.  *See Grimes v. Vitalink Communications,* 17 F.3d 1553, 1563 (3d

11 | Cir.1994) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) ("[A] federal

12 | court may release not only claims alleged in the complaint, but also state claims arising from the same

13 | nucleus of operative facts over which the court would not have jurisdictional competence."); *Reyn's*

14 | *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs,* 955

15 | F.2d at 1287-89).

16 |     5.     Pursuant to the Preliminary Approval Order, a Notice of (1) Proposed Class Settlement

17 | and (2) Final Settlement Approval Hearing (the "Class Notice"), a Claim Form, and an Election Not to

18 | Participate in Settlement were sent to each class member by first-class mail.  These papers informed

19 | class members of the terms of the Settlement, their right to claim a share of the settlement proceeds,

20 | their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own

21 | remedies, and their right to appear in person or by counsel at the final approval hearing and be heard

22 | regarding approval of the Settlement.  Adequate periods of time were provided by each of these

23 | procedures.

24 |     6.     The Court finds and determines that this notice procedure afforded adequate protections

25 | to class members and provides the basis for the Court to make an informed decision regarding approval

26 | of the Settlement based on the responses of class members.  Notice was accomplished in all material

27 | respects in the manner prescribed by the Settlement.  The Court finds and determines that the notice

28 | provided in this case was the best notice practicable, which satisfied the requirements of law and due

1    process.

2         7.      Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval

3    of the Settlement was filed in court, Cadence served upon the Attorney General of the United States and

4    the appropriate state official of each state in which a class member resides a notice of the Settlement

5    consisting of: a copy of the complaint in this action; a notice of the scheduled judicial hearings in this

6    class action; copies of the Settlement, proposed Class Notice, Claim Form, and Election Not to

7    Participate in Settlement; and the names of class members who reside in each state and the estimated

8    proportionate share of the claims of class members in each state to the entire Settlement.  The notice of

9    Settlement also invited comment on the Settlement.  This Final Approval Order is not being issued

10    earlier than 90 days after the later of the dates on which the appropriate federal and state officials were

11    served with the notice of proposed settlement.

12         8.      The Court finds and determines that Cadence's notice of Settlement was timely,

13    adequate, and compliant with the statutory requirements of CAFA.  Accordingly, 28 U.S.C. section

14    1715(e) has no application to the Settlement.

15         9.      For the reasons stated in the Preliminary Approval Order, this Court finds and determines

16    that the proposed Settlement Class, as defined in the definitions section of Settlement and in section I of

17    its Preliminary Approval Order, meets all of the legal requirements for class certification under Federal

18    Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that the Settlement Class

19    is finally approved and certified as a class for purposes of settlement of this action.

20         10.     For the reasons stated in the Preliminary Approval Order, this Court finds and determines

21    that the action meets all of the legal requirements for certification as a collective action under

22    section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the three-year period preceding the filing of

23    plaintiff's complaint, and it is hereby ordered that the action is certified as a collective action for

24    purposes of settlement of this action.

25         11.     Pursuant to Rule 23(e), the Court further finds and determines that the terms of the

26    Settlement are fair, reasonable and adequate to the Class and to each class member and that the class

27    members who have not opted out will by bound by the Settlement, that the Settlement is ordered finally

28    approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be

1   consummated.  The Court specifically finds that the Settlement is rationally related to the strength of

2   plaintiff's claims given the risk, expense, complexity, and duration of further litigation.  This Court also

3   finds that the Settlement is the result of arms-length negotiations between experienced counsel

4   representing the interests of the class and Cadence, after thorough factual and legal investigation.  *Staton*

5   *v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs*, 955 F.2d at 1291.

6   　　　12.    The Court further finds that the response of the class to the Settlement supports

7   settlement approval.  Of the 207 class members, only___% of the class members elected not to

8   participate in the Settlement.  A list of class members who elected not to participate in the Settlement is

9   attached to this Final Approval Order as Exhibit A.  **[Only __ /No]**   class members filed written

10  objections to the Settlement as part of this notice process **[and/or]** stated their intent to appear at the

11  final approval hearing.  The Court has reviewed and considered these objections.

12  　　　13.    The Court finds and determines that the payments to be made to the class members as

13  provided for in the Settlement are fair and reasonable.  The proposed plan of allocation is rationally

14  related to the relative strengths of the respective claims asserted.  The Court hereby gives final approval

15  to and orders the payment of those amounts be made to the claimants out of the $7,500,000 Settlement

16  Payment in accordance with the terms of the Settlement.

17  　　　14.    The Court confirms as final the appointment of plaintiff Ahmed Higazi as the class

18  representative of the class under Rule 23 and as class representative of the nationwide FLSA class under

19  section 16(b).  The Court finds and determines that the payment of the Class Representative Payment of

20  $_____ to plaintiff for his services as the class representative, in addition to his individual Settlement

21  Share, is fair and reasonable.  The Court hereby gives final approval to and orders that the Class

22  Representative Payment of that amount be made to plaintiff out of the Qualified Settlement Fund in

23  accordance with the terms of the Settlement.

24  　　　15.    The Court confirms as final the appointment of the following law firms and attorneys as

25  class counsel ("Class Counsel") for the Rule 23 and FLSA classes: Kelly M. Dermody and Jahan C.

26  Sagafi of Lieff, Cabraser, Heimann & Bernstein LLP, and James M. Finberg and Peter E. Leckman of

27  Altshuler Berzon LLP.  The Court finds and determines that the payment of the Class Counsel

28  Attorneys' Fees and Costs Payment of $_____ in attorneys' fees and $_____ in litigation costs and

LEGAL_US_W # 58241580.3                        4

[PROPOSED] ORDER RE: (1) FINAL CERTIFICATION, (2) FINAL
APPROVAL, AND (3) FINAL JUDGMENT
U.S.D.C., N.D. Cal., No. 07-2813-JW

1  expenses, for a total payment of $_____, is fair and reasonable. The Court hereby gives final approval

2  to and orders that that payment of that amount be made to Class Counsel out of the Qualified Settlement

3  Fund in accordance with the terms of the Settlement.

4        16.    The Court finds and determines that payment to the California Labor and Workforce

5  Development Agency of $20,000 as its share of the settlement of civil penalties under the California

6  Labor Code pursuant to the Labor Code Private Attorneys General Act, Cal. Gov't Code § 2698 *et seq.*,

7  is fair, reasonable, and appropriate; and the Settlement extinguishes Cadence's liability for civil

8  penalties to the State of California, plaintiff, or Participating Class Members in accordance with the

9  Settlement. The Court hereby gives final approval to and orders that the payment of that amount be paid

10  out of the Qualified Settlement Fund in accordance with the terms of the Settlement.

11        17.    Nothing in this Final Approval Order will preclude any action to enforce the Parties'

12  obligations under the Settlement or under this order, including the requirement that Cadence make the

13  Settlement Payments in accordance with the terms of the Settlement.

14        18.    Upon completion of administration of the Settlement, the Settlement Administrator will

15  provide written certification of such completion to the Court and counsel for the Parties.

16        19.    By operation of the entry of this Final Approval Order and pursuant to the Settlement, all

17  Participating Class Members are permanently barred from prosecuting against the Cadence Parties any

18  Participating Class Member Released Claim as set forth in the section XV of the Settlement. The Court

19  has reviewed the release in section XV of the Settlement and finds it to be fair, reasonable, and

20  enforceable under Rule 23, the FLSA and all other applicable law.

21        20.    If, for any reason, the Settlement ultimately does not become Final (as defined in the

22  Settlement, section I(O)), this Final Approval Order will be vacated; the Parties will return to their

23  respective positions in this action as those positions existed immediately before the parties executed the

24  Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection

25  with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence

26  against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

27        21.    The Parties entered into the Settlement solely for the purpose of compromising and

28  settling disputed claims. Cadence in no way admits any violation of law or any liability whatsoever to

1    plaintiff and the Class, individually or collectively, all such liability being expressly denied by Cadence.

2        22.    By means of this Final Approval Order, this Court hereby enters final judgment in this

3    action, as defined in Federal Rule of Procedure 58(a)(1).

4        23.    Without affecting the finality of the Court's judgment in any way, the Court retains

5    jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration,

6    implementation, effectuation and enforcement of the Settlement.

7        24.    The Parties are hereby ordered to comply with the terms of the Settlement.

8        25.    This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees

9    except as provided by the Settlement and the Court's orders.

10       Dated: **[DATE]**, 2008                    _____

11                                                                James Ware
                                                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28