Kelly M. Dermody (SBN 171716)
Jahan C. Sagafi (SBN 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

James M. Finberg (SBN 114850)
Peter E. Leckman (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: jfinberg@altshulerberzon.com
E-Mail: pleckman@altshulerberzon.com

*Attorneys for Plaintiff and the proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| AHMED HIGAZI, on behalf of himself and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CADENCE DESIGN SYSTEMS, INC.,<br><br>Defendant. | Case No. C-07-2813 JW<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF CLASS REPRESENTATIVE SERVICE PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 7, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8<br><br>The Honorable James Ware |

**TABLE OF CONTENTS**

**Page**

767708.1

-i-

NOTICE OF MOTION & MOTION FOR AWARD OF
CLASS REPRESENTATIVE SERVICE PAYMENT
CASE NO. C-07-2813 JW

# TABLE OF AUTHORITIES

**Page**

### CASES

*Cook v. Niedert*,
  142 F.3d 1004 (7th Cir. 1998) ............................................................................................... 2, 3

*Glass v. UBS Financial Services, Inc.*,
  Case No. C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ........................... 2, 3

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ................................................................................................ 2, 3

*Ingram v. Coca-Cola Co.*,
  200 F.R.D. 685 (N.D. Ga. 2001) .......................................................................................... 2, 3

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ................................................................................................ 2, 3

*Van Vranken v. Atl. Richfield Co.*,
  901 F. Supp. 294 (N.D. Cal. 1995) ....................................................................................... 2, 3

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on July 7, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California, Plaintiff Ahmed Higazi ("Plaintiff"), on behalf of himself and all others similarly situated, will, and hereby does, move this Court for an order approving a service award of $15,000 to class representative Ahmed Higazi.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the [Proposed] Order Approving A Service Award For The Class Representative ("Service Award Order"), the First Amended Joint Stipulation Of Class Settlement And Class Settlement Agreement And Release ("Settlement Agreement") (attached as Exhibit A to this Court's April 25, 2008 First Amended Preliminary Approval Order (the "Preliminary Approval Order") (Docket Entry No. 63), the Declaration of Trae Smith, the declaration of Jahan C. Sagafi, the pleadings and papers filed in this case, and any oral argument this Court permits.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

To recognize the time and effort the named plaintiff expended for the benefit of the Class Members, as well as the risks he accepted by leading the litigation, Plaintiff asks the Court to award a service payment to in the amount of $15,000. *See* Settlement Agreement at 15. Given Mr. Higazi's significant contributions to this case and the pending $7,664,856.61 settlement, and viewed in light of well-established standards for such awards, the amount sought is fair and appropriate.

Pursuant to this Court's order preliminarily approving the pending settlement (Docket No. 63), Court-approved notice of settlement was mailed to all 207 Class Members on April 4, 2008. Declaration of Trae Smith ("Smith Decl."), ¶ 6. The notice stated the amount Plaintiff intended to request as a service payment, and the procedure for objecting to this amount.

The postmark deadline for objections was May 20, 2008.  *Id.*, ¶ 12.  No Class Member has objected to the requested service payment.  *Id.*

## II. ARGUMENT

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments" as part of a class action settlement.  *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  Service or incentive payments constitute "an essential ingredient of any class action," because they provide an incentive to bring important cases that have a broad impact benefiting a class of individuals, not just the plaintiff.  *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).  These payments also recognize the plaintiff's time, effort, and inconvenience.  Furthermore, these payments compensate plaintiffs for the risk they expose themselves to in asserting their rights in an often public and powerful manner.

The Ninth Circuit and other federal courts have routinely approved the award of service payments to class representatives for their assistance to a plaintiff class.  *See, e.g.*, *id.* (approving award of $25,000 to the class representative); *Glass v. UBS Financial Services, Inc.*, Case No. C-06-4068 MMC, 2007 WL 221862, at *16-17 (N.D. Cal. Jan. 26, 2007) (approving award of $25,000 per class representative); *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (approving award of $300,000 per class representative, in lieu of recovery as class members); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (granting an award of $50,000 to the class representative); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000); *see also Staton*, 327 F.3d at 976-77 (collecting cases).

When evaluating the reasonableness of an incentive award, courts may consider factors such as "'the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation.'"  *Staton*, 327 F.3d at 977 (quoting *Cook*, 142 F.3d at 1016); *see also Van Vranken*, 901 F.Supp. at 299.

Here, the modest service payment of $15,000 sought under the proposed settlement reflects the considerable efforts by Mr. Higazi in making possible a valuable

settlement for 206 other Class Members (the vast majority of whom first learned of this litigation when it was already well under way), expending significant time and effort, and subjecting himself to risk of workplace retaliation. Declaration of Jahan C. Sagafi, ¶¶ 19-22. For the past year and a half, Mr. Higazi has actively participated in the case by, for example, discussing the facts of the case with Class Counsel, assisting in crafting discovery requests and deposition questions and understanding documents and data produced by Cadence in discovery, and assisting Class Members seeking legal advice in contacting us. *Id.*, ¶¶ 19-20. Mr. Higazi and Class Counsel were in regular contact about the progress of the litigation and strategic issues as they arose. *Id.*, ¶ 20. Mr. Higazi sat for an all-day deposition, for which he spent significant time preparing. *Id.*, ¶ 21. Furthermore, Mr. Higazi also attended the full-day mediation. *Id.*, ¶ 22. During the mediation, he participated by discussing Cadence's arguments with Class Counsel, which was very helpful in enabling Class Counsel to assess the strengths and weaknesses of Cadence's positions. *Id.* Lastly, all of Mr. Higazi's actions were taken against the background of potential retaliation by other employers in this particular industry.

In short, Mr. Higazi's participation in the litigation was critical to its success. The requested service payment is quite modest, especially in light of the substantial class recovery. In fact, the service payment is less than one third of one percent (0.26%) of the approximately $5,700,000 that will be used to pay claims. *Cf. Staton*, 327 F.3d at 944, 977 (disapproving proposed service payments totaling $890,000, or 12% of the total monetary recovery).

The reasonableness of the requested service payment is confirmed by a comparison to awards of service payments in other cases, which are frequently many times larger than the amounts requested here, both in absolute terms and as a proportion of the settlement fund. *Cook*, 142 F.3d at 1016 (approving award of $25,000 to the class representative); *Glass*, 2007 WL 221862, at *16-17 (approving award of $25,000 per class representative); *Ingram*, 200 F.R.D. at 694 (approving award of $300,000 per class representative, in lieu of recovery as class members); *Van Vranken*, 901 F. Supp. at 300 (granting an award of $50,000 to the class representative); *In re Mego*, 213 F.3d at 463 (affirming $5,000 incentive payments out of a $1.725 million settlement fund).

### III. <u>CONCLUSION</u>

The absent Class Members are greatly indebted to Mr. Higazi for the active role that he played in helping to bring this lawsuit in the first place, as well as in helping to develop this case during the course of the litigation. His leadership and participation made it possible to develop the strong factual record that ultimately led to a highly favorable settlement. For the reasons given above, Plaintiff respectfully requests that this Court grant the Motion for Approval of Class Representative Service Payment.

Respectfully submitted,

Date:  June 19, 2008

By:  */s/ Jahan C. Sagafi*
     Jahan C. Sagafi

Kelly M. Dermody (SBN 171716)
Jahan C. Sagafi (SBN 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

James M. Finberg (SBN 114850)
Peter E. Leckman (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064
E-Mail: jfinberg@altshulerberzon.com
E-Mail: pleckman@altshulerberzon.com

*Attorneys for Plaintiff and the proposed Classes*